IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

CORE WIRELESS LICENSING          §
S.A.R.L.,                        §
                                 §
      Plaintiff,                 §
                                 §    Case No. 2:14-cv-911-JRG-RSP
                                 §    (lead case)
      v.                         §
                                 §    Case No. 2:14-cv-912-JRG-RSP
LG ELECTRONICS, INC., and LG     §    (consolidated)
ELECTRONICS MOBILECOMM U.S.A.,   §
INC.,                            §    March 2, 2016
                                 §    1:30 p.m.
      Defendants.                §


PRETRIAL CONFERENCE
BEFORE THE HONORABLE ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

FOR THE PLAINTIFF:  (See sign-in sheet.)

FOR THE DEFENDANTS:  (See sign-in sheet.)

COURT REPORTER:  MS. JILL E. McFADDEN, CSR
                 Deputy Official Reporter
                 Post Office Box 132406
                 Tyler, Texas  75713
                 (903) 530-3163


(Proceedings recorded by mechanical stenography, transcript

produced on a CAT system.)

```
1                    I N D E X
2  March 2, 2016
3                                         Page
4       Appearances                         1
5       Hearing                             3
6       Court Reporter's Certificate       58
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              THE COURT:  Good afternoon.  Please be seated.
 2              For the record, we're here for the completion of the
 3  pretrial conference in Core Wireless versus LG Electronics
 4  which is Case Number 2:14-911 on our docket.
 5              Would counsel state their appearances for the record.
 6              MS. DERIEUX:  Elizabeth DeRieux on behalf of
 7  plaintiff Core Wireless, Your Honor.  With me today Alex
 8  Giza --
 9              MR. GIZA:  Good afternoon, Your Honor.
10              THE COURT:  -- Padraic Foran --
11              MR. FORAN:  Good afternoon, Your Honor.
12              MS. DERIEUX:  -- Mitch Hendy --
13              MR. HENDY:  Good afternoon.
14              THE COURT:  Good afternoon.
15              MS. DERIEUX:  -- and Andrew Junker.  And we're ready
16  to proceed.
17              THE COURT:  All right.  Thank you, Ms. DeRieux.
18              MR. MANN:  Your Honor, Mark Mann on behalf of -- Mark
19  Mann on behalf of LG.  And with me today is Herb Finn --
20              MR. FINNN:  Good afternoon.
21              MR. MANN:  -- Cameron Nelson, and Kevin Kudlac.  And
22  we're ready to proceed, Your Honor.
23              THE COURT:  All right.  Thank you, Mr. Mann.
24              Let me just start by giving you an update on where we
25  stand.  As you I'm sure remember, there are three cases that
```

 1  are set for trial during this term.  The BMC case, which is the

 2  first case up, is still set for jury selection on the 8th next

 3  week.  There are settlement negotiations ongoing, but I don't

 4  really have any feel that they'll be successful.  But in any

 5  event, they are ongoing.  We are not likely to know the outcome

 6  until probably as late as Monday.  They're still going to be

 7  meeting on Sunday or Monday, I think, so that case is still go.

 8          The second case is the Metaswitch case that is also

 9  set for jury selection on the 8th.  I imagine that the chance

10  of settlement in that case is a non-zero number, but it's --

11  it's very close to zero.  And Mr. Mann is also in that case.

12  He can probably provide you with more insight than me, but I --

13  I don't think there's any real doubt that that case is going.

14          You are still set for jury selection on the 8th as

15  well, but unless one of those first two cases settles, you

16  would not pick a jury on the 8th.

17          Judge Gilstrap has authorized me to tell you that you

18  will not -- your witnesses would not be required before the

19  14th.  In other words, if one of those first two cases falls,

20  you will pick your jury on the 8th, but your evidence would not

21  start before the 14th.  So you -- you can know that you have at

22  least that much leeway.

23          Let me see.  Is there anything else that I can tell

24  you about the status of the docket that is of interest?

25          Okay.  I think that's pretty well exhausted my -- my

 1   knowledge of it.  But I understand that there was a notice

 2   filed that reduced the scope of this case just recently in

 3   terms of the asserted patents and claims.

 4        Have -- has that withdrawal of claims been reflected

 5   in the exhibits and deposition designations that are at issue?

 6        Mr. Giza.

 7        MR. GIZA:  Yes, Your Honor.

 8        For Core Wireless, we just submitted, and I mean just

 9   submitted in the last 10, 15 minutes, the most current version

10   of our exhibit list and depo designations.  There may be some

11   additional reductions on the depo designations, but we believe

12   the exhibit list reflects the reductions for the withdrawal of

13   patents and claims that the Court's referring to.

14        THE COURT:  And is that the one that is designated as

15   Docket No. 401, is that your understanding?

16        MR. GIZA:  I believe so, Your Honor, if it was filed

17   around 1 o'clock today or 1:15.

18        THE COURT:  Okay.  I think Mr. Harris is confirming

19   that.  All right.  Good.

20        Then tell me where -- how this affects the defendant.

21   Mr. Nelson.

22        MR. NELSON:  Your Honor, we haven't had time to

23   revise our exhibit list having just received theirs.  However,

24   we think -- we've been talking about how to make the most

25   productive use of the Court's time today.  We don't think

 1  that's a problem towards going through the objections to the

 2  exhibit list.  Mr. Kudlac's prepared to do that.  He can handle

 3  the changes on the fly.  We think we can handle that.

 4          The depo designations are a little tougher.  My

 5  experience, it takes about an hour to go through each depo

 6  designation and clean it up because it does substantially

 7  change the designations, especially of the inventor and some of

 8  the people that relate to the technical issues.

 9          So with your leave, Your Honor, are you suggesting

10  the schedule would be that we start with the exhibit list?  If

11  that's okay with Your Honor, I would leave the courtroom and go

12  upstairs and get to work.  And Mr. Foran may join me, but we

13  will just start working through the depo designations and see

14  if we can get them cleaned up before everyone else is done

15  discussing the exhibit list.

16          THE COURT:  All right.  That -- that sounds like to

17  me a very good suggestion.

18          Is the plaintiff in accord with that, Mr. Foran?

19          MR. FORAN:  Yes, Your Honor, that would work.

20  Although I think that I'm going to have to be here to deal with

21  Mr. Kudlac and the exhibit objections as well, so maybe we

22  could send one of our colleagues to -- to handle the depo

23  designations.

24          THE COURT:  Whoever you want to do is -- is fine

25  with -- with me.

```
 1              (Pause in proceedings.)

 2              THE COURT:  Mr. Giza, did you want to set up the

 3   exhibits that -- in other words, tell me where we're going to

 4   start and in what order we're going to go.

 5              MR. GIZA:  Your Honor, I want to just raise a

 6   question to the Court.  There are a couple of outstanding

 7   motions.  There was an emergency motion to strike Vander Veen's

 8   supplemental expert report.  If the Court would like argument

 9   on that, we're certainly prepared to go forward with that.

10              In addition, there was some additional -- some

11   supplemental briefing regarding MIL No. 8 and regarding the --

12   the motion to strike untimely disclosed prior art.  Again, to

13   the extent the Court would like oral argument, we could proceed

14   with that.

15              THE COURT:  I would like to take up the exhibits and

16   depo designations first, and then if we have time remaining,

17   devote that to argument.

18              MR. GIZA:  Okay.  In that case, Your Honor, I will

19   turn it over to my colleague, Mr. Foran, to handle the

20   exhibits.

21              THE COURT:  All right.  Thank you.

22              MR. FORAN:  Thank you, Your Honor.

23              So I believe in discussions with defense counsel

24   before the hearing, we agreed that we would first go through

25   LG's exhibit list and we would discuss those, and then we would
```

 1  turn to Core Wireless' exhibit list after that.

 2          THE COURT:  That's fine.

 3          MR. FORAN:  I think that the most efficient way would

 4  be to discuss several buckets of exhibits which we could

 5  dispense with -- I think we could dispense with several

 6  different documents in one go.  And so we have several

 7  buckets, and I'll just march through them.

 8          THE COURT:  What is the latest copy of the

 9  defendant's exhibit list?

10          MR. KUDLAC:  Your Honor, I have a copy that should be

11  essentially the same thing as we'll be -- we'll be talking

12  about.  It has all the right numbers in it.  Pagination may be

13  slightly different.  We'll I apologize for that.

14          May I hand it up?

15          THE COURT:  If it's got the right numbers, that'd be

16  great.

17          Go ahead, Mr. Foran.

18          MR. FORAN:  Thank you, Your Honor.

19          The first bucket are a number of exhibits that we

20  believe to be in violation of our MIL No. 3.  And that -- the

21  order on that motion in limine provides that LG may not

22  introduce evidence or argument that non-elected prior art

23  invalidates any claim.  Moreover, LG may not introduce any

24  non-elected prior art as an exhibit.  So there are several

25  pieces of non-elected prior art identified as exhibits in the

1 | exhibit list.  Those can be found at Exhibits 470 through 477.

2 | As well as some others that I can get to when you're ready.

3 | THE COURT:  Okay.  Let's start with 470.  I'm there.

4 | MR. FORAN:  470 is a StarTAC manual which we believe

5 | to be a non-elected prior art reference that should not be

6 | admitted into evidence.

7 | THE COURT:  All right.  Let me hear the response.

8 | MR. KUDLAC:  Your Honor, just so you know, Mr. Foran

9 | and I had a meet and confer about these and he provided me with

10 | a list of these -- the buckets that I'm -- I'm sure he's going

11 | to go through.  So we've had some discussions already on these,

12 | so I think we can probably expedite these things.

13 | THE COURT:  Good.

14 | MR. KUDLAC:  Or do our best.  And -- and we had done

15 | the same for them when we get to their -- their exhibits.

16 | With respect to this bucket, the argument is going to

17 | be all the same, I'm virtually certain, for all of the items in

18 | this bucket.  Cognizant of your -- of the motion in limine

19 | ruling, Your Honor, we would not be seeking to enter these into

20 | evidence.  I don't want to -- we certainly don't intend to

21 | violate any -- any of the motions -- the rulings on motions in

22 | limine.

23 | We have these exhibits on our exhibit list so in case

24 | we need to refer to them, if somebody is -- is talking about

25 | them in the way that Your Honor has permitted, we can have them

 1   in -- in notebooks and provide notice to the other side in

 2   accordance with the rules that are going to be in place for

 3   providing notice about exhibits that will be referenced.

 4         So with respect to -- we're not seeking to put these

 5   into evidence at this time.  Of course if things change, we

 6   would like to be able to modify that and -- but seek permission

 7   pursuant to the motion in limine.  But we're just putting these

 8   on our exhibit list so that if we want to reference them, we

 9   have a -- a number to refer to.

10         THE COURT:  Well, you can certainly use that number

11   in talking about them if -- if need comes up, but this list is

12   to be limited to the preadmitted exhibits.  So it -- they

13   should not be on the list we're talking about here.  But if you

14   want to use them after you get leave of Court, or -- or by

15   agreement, you can certainly refer to them by this number and

16   they'll be known because these -- these preliminary lists are

17   in the record.  But they should be removed from this

18   preadmitted exhibit list that we're working on now.

19         MR. KUDLAC:  Okay.  We can certainly do that, Your

20   Honor.  We just wanted to make sure that we gave notice to the

21   other side of things that we were planning to use in exhibits

22   one way or the other.

23         THE COURT:  And -- well, and I imagine you're not

24   planning to use these without getting some leave, I assume?

25         MR. KUDLAC:  Absolutely.

```
1              THE COURT:  Okay.

2              MR. KUDLAC:  Of course.

3              THE COURT:  All right.  Then I'll sustain the

4   objection to 470 through 478 -- or -- I'm sorry -- through 477.

5              MR. KUDLAC:  That's correct.  And I believe there are

6   three others in this list that Mr. Foran is going to mention to

7   you now.

8              THE COURT:  All right.  Are they -- is your response

9   on those any different, the other three?

10             MR. KUDLAC:  It is not, Your Honor.

11             THE COURT:  Okay.  Then go ahead and name them,

12  Mr. Foran, and they'll be removed, too.

13             MR. FORAN:  Thank you, Your Honor.

14             For the record, those are Exhibits 497, 680, and

15  1044.  Our --

16             THE COURT:  One moment.  Let me just catch up to you.

17             Okay.  Go ahead.

18             MR. FORAN:  Our next bucket are documents that are

19  related to IPR proceedings and violate the Court's order on

20  Motion in Limine No. 4.  And that is the motion in limine order

21  providing that the parties may not refer to the existence,

22  pendency, or outcome of post-grant proceedings at the USPTO.

23             So I have a list of documents that satisfy -- that

24  violate that motion in limine beginning with Exhibits 498

25  through 501.
```

```
 1            THE COURT:  Are there a lot of them?

 2            MR. FORAN:  There are a handful, a half dozen or so.

 3            THE COURT:  All right.  Well, then, we can handle

 4    them this way.  498 through 501.  All right.

 5            Before we move on past that, let me just ask,

 6    Mr. Kudlac, is there any argument that you want to offer on

 7    those?

 8            MR. KUDLAC:  Your Honor, the -- the argument on these

 9    is similar to the last one that we identified these for for

10    cross-examination purposes as well as use, if we need to refer

11    to things that have been said in them without violating, of

12    course, your -- your order on motion in limine.

13            There's a slightly different twist, although in the

14    same genre, if you will, with respect to the patent owner's

15    statements because those are -- we consider them to be

16    admissions.  And we may -- to the extent Your Honor or Judge

17    Gilstrap permits to use the actual document, we may want to be

18    able to show that.  Again, by seeking permission.  That's

19    another reason that we identified these.

20            But because those -- I see our -- our petitions in

21    sort of one part of the bucket and their -- the patent owner

22    responses as admissions in a -- in a separate bucket.  We

23    obviously don't want to violate the order with respect to

24    the -- telling anyone about the pendency or identifying

25    those -- those proceedings, but to the extent that we can use
```

1  the document to show that -- show the admission as opposed to

2  merely reading it, we would still like the ability to do that

3  in a way that does not reveal the pendency of that proceeding.

4           THE COURT:  All right.  Why don't we take that up now

5  on those.  What number are those patent owner statements?

6           MR. KUDLAC:  They are -- beginning at Exhibit 633 and

7  going through 638, those are the patent owner's preliminary

8  responses and attachments thereto.

9           THE COURT:  And are there discrete statements within

10 those documents that you know presently that you want to use;

11 or, are you just wanting to preserve your right to use them if

12 something comes up?

13          MR. KUDLAC:  It is the latter, Your Honor.

14          THE COURT:  Okay.  All right.  Then I will indicate

15 that those also should be removed from the preadmitted exhibit

16 list.  But I'll tell you that you should be prepared, if you

17 want to use those, to have them in a condition where they could

18 be used without the identification that they're from an IPR

19 proceeding.

20          MR. KUDLAC:  Absolutely, Your Honor.

21          THE COURT:  Okay.

22          MR. KUDLAC:  And I believe there was one other number

23 that Mr. Foran had not given you with respect to an IPR

24 petition and that is Exhibit 531.  That would fall into the

25 first half of the bucket, if you will.

```
 1              THE COURT:  All right.

 2              MR. KUDLAC:  Sorry to steal your thunder, Mr. Foran.

 3              THE COURT:  Then the objection to 531 will also be

 4     sustained.  All right.

 5              MR. FORAN:  Thank you, Your Honor.

 6              Our next bucket are documents that relate to -- or

 7     that constitute construction order by this Court and refer to

 8     withdrawn patents or standard essential patents in violation of

 9     the order on Motion in Limine No. 7.  Those documents are

10     documents -- let's see -- Exhibit 23, Exhibit 592, and 594.

11              THE COURT:  And what was the first of them?

12              MR. FORAN:  23, Your Honor.

13              THE COURT:  23.  Okay.  Mr. Kudlac, what's your

14     response?

15              MR. KUDLAC:  I just had the -- the right response in

16     my head and I can't -- I can no longer remember which of the --

17     which of the Markman orders actually deals with the patents

18     that we'll be trying in this case, whether it's group 1 or

19     group 3, and I'm terribly apologetic for that, Your Honor.

20              With -- with respect to the Markman order that deals

21     with the two patents now, that we'll be doing within this

22     trial, we think it would be obviously appropriate to be able to

23     talk about that Markman order with respect to the patents that

24     will actually be tried.

25              Again, we would modify or redact, if you will, the
```

 1  document to reflect -- or to remove reference to the withdrawn

 2  patents so that there would not be any reference to them or any

 3  indication that they had previously been in the case.

 4          THE COURT:  What -- what use are you contemplating

 5  making of the claim construction ruling?

 6          MR. KUDLAC:  Certainly the -- the rulings that are

 7  part of the claim construction -- the claim constructions

 8  themselves.  And then also if there are -- are materials in

 9  there that would be suitable for use in cross-examination of

10  expert witnesses or fact witnesses.

11          THE COURT:  I do not understand how that would occur.

12  The constructions themselves certainly will be given to the

13  jury.  They'll, in fact, be in the jury notebooks.  But the

14  claim construction ruling I don't think is ever to be used in

15  the presence of the jury.  I've never seen that done.  And in

16  fact, I think that the ruling itself states in the last

17  paragraph that it may not be referred to in the presence of the

18  jury.

19          MR. KUDLAC:  We certainly would not do that.

20          THE COURT:  Okay.  I -- I learn something new every

21  day, though.  So if you have a way that you think that would

22  happen, tell me about it.

23          MR. KUDLAC:  I have -- I have seen those types of

24  statements at the end of Markman orders in the past, Your

25  Honor.  I am not recollecting it.  But if it's there, certainly

we will abide by it.

THE COURT: Okay. Well, I'm going to sustain the objection to 23. And let's turn to -- is -- 592 and 593?

MR. KUDLAC: 592 and 594, Your Honor.

THE COURT: Okay. 592 and 594.

And those are also other Markman orders. Okay. I'll make the same ruling as to them. And I -- we may not have discussed the jury notebooks yet in this process, but --

MR. KUDLAC: I believe we did at the last hearing, Your Honor.

THE COURT: Okay. Then that's fine. Then -- you know that whichever the appropriate Markman was, and I can't remember if it was one, two, or three.

MR. KUDLAC: I know it was not two.

THE COURT: Okay. Whichever it was it will -- those constructions, to the extent they involve claims that are still being asserted, would be provided to the jury. All right.

MR. KUDLAC: Thank you, Your Honor.

THE COURT: Thank you, Mr. Kudlac.

What's next, Mr. --

MR. FORAN: Yes. The next bucket are entire transcripts from the Apple I case which are identified at Exhibits 596 through 614 -- excuse me -- 613. Those violate both the order on Motion in Limine No. 1 which concerns reference to other litigation, and also the order on Motion in

```
 1   Limine No. 7 which concerns reference to FRAND or standard
 2   essential patents which were at issue in Apple I.  They also
 3   contain references to withdrawn patents and patents that aren't
 4   at issue and other irrelevant material.
 5           THE COURT:  All right.
 6           MR. FORAN:  To the -- and to the extent that any of
 7   the testimony from those transcripts is going to be offered
 8   into evidence by the defendants, that should have been a part
 9   of the deposition designations for trial, testimony
10   designations, and not introduced as part of a transcript into
11   evidence.
12           THE COURT:  All right.
13           MR. KUDLAC:  Once again, Your Honor, conscious of the
14   motions in limine, the reason for -- the orders on the motions
15   in limine, the reason for identifying these transcripts is for
16   use on cross-examination, potentially as well as for
17   admissions, because certainly the admissions that either
18   corporate representatives or experts on behalf of Core Wireless
19   have made can -- can certainly be used.
20           And again, if we were to use portions of the
21   transcript in documentary form as opposed to reading them or
22   then using them as cross-examination, we would redact them in
23   such a way that it was not indicative of either SEPs, FRAND,
24   the Apple litigation itself, or any of the other things that
25   are prohibited by the rulings on Motion in Limine 1, Motion in
```

 1   Limine 7, and -- and so forth.

 2          But, Your Honor, the fact that -- that litigation did

 3   occur, that they put people on the stand, had them sworn, and

 4   made admissions on their behalf that -- the use of that

 5   information in a documentary form is something that I believe

 6   the rules of evidence allow us to use because they are

 7   corporate admissions.

 8          Now, as to the argument about using them on

 9   deposition -- or transcript designations, if you will, we have

10   done that as well.  But it's also, I think, reasonable for us

11   to use the documentary version of those for either

12   cross-examination or to put into evidence on its own.

13          THE COURT:  I think you can certainly use those as

14   impeachment if you -- if one of those witnesses testifies again

15   and says something that is contrary to what they previously

16   swore, you could use that as impeachment without having

17   disclosed your intent to use it.  But just because it's an

18   admission does not mean that it doesn't have to go through the

19   normal disclosure process.

20          And you're saying you have designated whatever

21   portions of those you want to use as evidence in the case?

22          MR. KUDLAC:  Yes, Your Honor.

23          What we have done is with respect to either our

24   affirmative case or our defenses to know -- to what we

25   reasonably can anticipate them putting on, we have put

1  designations in, and Mr. Nelson is probably going through them

2  right now.  So we certainly -- we certainly have done that.

3       But I think that there's -- there is potential for

4  use of these transcripts above and beyond that, both on

5  cross-examination, for impeachment purposes.  But also, if our

6  witnesses, in response to something that we haven't

7  anticipated, need to put on affirmative statements that are

8  admissions that -- that Core Wireless representatives have

9  made, we should have the ability to use them in accordance with

10  your rulings on motions in limine.

11       THE COURT:  All right.  And you're -- tell me what

12  you would rely upon to support the idea that you can use it as

13  affirmative evidence without having particularly disclosed your

14  intent to do so.

15       MR. KUDLAC:  I believe any admission that they have

16  made is something that we can use as -- as evidence.

17       THE COURT:  It's not hearsay, so it -- but there's

18  all kinds of evidence out in the world that is admissible, but

19  the only part that you can bring into the trial is what you

20  have disclosed.  And I'm --

21       MR. KUDLAC:  So I guess, Your Honor, my -- the intent

22  by putting these -- these items on the exhibit list was to put

23  them on notice to say, Look, what you've made is admissions in

24  here, the evidence that you have -- that you've put in here is

25  our disclosure of that.

1          THE COURT:  All right.  Let me hear the response.

2          MR. FORAN:  Well, the response, Your Honor, is that

3   obviously the testimony can be used for impeachment or rebuttal

4   purposes.  I think that would respond to the concern that

5   something will occur during trial that they had not anticipated

6   in selecting their deposition designations.

7          Under no circumstance would that justify admitting

8   the document; that is, the transcript or even an excerpt

9   thereof into evidence.  That would violate the motions in

10  limine and I think would also be inconsistent with -- with

11  general practice, would create confusion, and it would be

12  improper in our view.

13         THE COURT:  So you say you have no objection to its

14  use as proper impeachment or rebuttal?

15         MR. FORAN:  Correct, Your Honor.

16         THE COURT:  Okay.

17         MR. FORAN:  So if a witness were to provide testimony

18  at trial that's inconsistent with something he or she said in

19  Apple I, we don't object to the use of the Apple I transcript

20  to be read to the witness as impeachment at that time to

21  impeach the witness while they're on the stand.

22         THE COURT:  And that is impeachment, that's not

23  rebuttal.  I guess I'm trying to figure out what effect to give

24  to your statement about rebuttal.

25         MR. FORAN:  Well, I suppose you're right, Your Honor.

```
 1   That is impeachment more than it is rebuttal.  I'm not entirely
 2   clear what they mean in that case by offering it as rebuttal
 3   evidence.  Do they mean that they would present it -- well, I
 4   guess I could speculate, but I'm -- I'm, frankly, not sure.
 5             MR. KUDLAC:  I'm happy to clear it up.
 6             THE COURT:  All right.  Go ahead, Mr. Kudlac.
 7             MR. KUDLAC:  To the extent I can, Your Honor.
 8             It's hard for me to bring up a hypothetical.  But if
 9   they were to put on evidence or a theory that we had not
10   anticipated, for whatever reason, and they put that on, and
11   something relevant to that had been testified to or put into
12   evidence at the Apple I trial and it was of record, we would
13   like, and we think it would be appropriate for us to have, to
14   not only be able to put it on through impeachment of their
15   witnesses, whether it's a corporate representative or an
16   expert, but also affirmatively through our witnesses such as an
17   expert who would be relying on information like that or be able
18   to synthesize that admission into their -- their testimony.
19             THE COURT:  Well, obviously, your experts are bound
20   by their prior reports.  So if this is something that was not
21   anticipated, I'm assuming it would not be in their report.
22             MR. KUDLAC:  That's true, Your Honor.  But our
23   experts did, with respect to at least some of them, review the
24   Apple trial transcripts as well as depositions from the Apple
25   case, the -- the one that went to trial.
```

```
 1              In addition --

 2              THE COURT:  And there's no problem with your experts

 3  relying upon testimony from Apple I to support their opinions

 4  to whatever extent they have disclosed them in their report.

 5  I -- I don't think that these should be on the exhibit list.

 6  I'm not aware of anything that supports the idea that just

 7  because it's prior testimony of a party, it can be used for any

 8  purpose without more.  And if you -- if you know of something

 9  to the contrary, tell me.

10              MR. KUDLAC:  One -- one addition, Your Honor, is that

11  some of the witnesses that testified in the Apple I trial are

12  not likely to be at our trial.  And those -- those admissions,

13  the only way to bring them in would be through -- through

14  those -- those designations or those portions of the -- of the

15  transcript to the extent something new came up.

16              THE COURT:  And as long as you've designated that as

17  you do deposition designations or whatever, then that's no

18  problem.  But I don't think that this prior trial is a library

19  that's just out there available for use without more.  And I

20  have to admit that it's not all that common that we have a

21  prior trial that is on the same issues, but it also has

22  happened enough that I think I would know if there were some

23  such general rule out there.

24              MR. KUDLAC:  Well, I -- Your Honor, I think that

25  the -- the fact that it's not hearsay, that it's a -- that it
```

1  can be considered a statement against interest, under 801(d)(2)

2  would allow the use of that -- that statement -- those

3  statements.

4       THE COURT:  Okay.  And I think the only place where

5  we differ is that it allows it if it's properly disclosed.  And

6  so I guess what I'm -- I don't think just listing the trial

7  transcript as an exhibit is a proper disclosure of the intent

8  to use any particular part of it.

9       And if you've got some agreement with the other side

10  or you've had some conversations or something where you have

11  told them about your intent to do this and they tacitly agreed

12  to this process, tell me about it.  But it's certainly -- our

13  rules would require that you designate the specific parts of a

14  witness' testimony that you want to offer through former

15  testimony.

16       MR. KUDLAC:  And again, Your Honor, we did -- for

17  those that we knew we would be wanting to use or be used in

18  response to what they have identified or what we've reasonably

19  anticipated, we have done that I believe is the case.  And

20  we -- those may be subject to some arguments a little bit later

21  after we -- after we clear up the exhibits.

22       THE COURT:  Okay.  Well, what I'm going to --

23       MR. KUDLAC:  I can't tell you that we have an -- that

24  we have an agreement that Mr. Foran and I, or Mr. Giza and I,

25  sat down, and they said, Oh, yeah, sure you can use the Apple I

 1  trial transcripts.  I would love that, but I don't have that,

 2  Your Honor.

 3        THE COURT:  Okay.  Well, I'm going to sustain the

 4  objection to this.  You can certainly use them for proper

 5  impeachment.  And if something that you didn't anticipate comes

 6  up, you can approach the bench and seek leave to use that and

 7  make your argument then.

 8        MR. KUDLAC:  Thank you.

 9        And also with respect to the designations that we

10  have, obviously whatever your rulings are on those, I just

11  wanted to make sure that they would -- that you weren't ruling

12  those out.

13        THE COURT:  Definitely not.

14        MR. KUDLAC:  Thank you, Your Honor.

15        THE COURT:  All right.

16        MR. FORAN:  So the next bucket is -- is related and I

17  think will be covered by the same principles.  There are entire

18  deposition transcripts on the exhibit list as well.  Those can

19  be found at 132, 1061, 1063 through -67, 1069 through -70, 1072

20  through -74, and 1081 through -83.

21        So for the same principles as the Apple I or for --

22  anyway, some of the same principles as the Apple I transcripts,

23  those whole deposition transcripts aren't admissible as

24  documents.  To the extent that LG wants to use it for proper

25  impeachment, that's okay.  To the extent that they want to

 1 │ introduce it for some other purpose, that testimony would have

 2 │ needed to be disclosed as part of the deposition designations.

 3 │          THE COURT:  All right.

 4 │          MR. KUDLAC:  We have exactly the same argument as

 5 │ we -- as we did before, Your Honor.  So I would believe that

 6 │ you -- you could lump this in with the previous argument.  We

 7 │ don't have anything different to say.

 8 │          We did go through designations and you'll probably

 9 │ hear about some of those later, but these were identified.  And

10 │ in fact, many of them -- anything that starts 1000 or higher,

11 │ those transcripts were identified for cross-examination

12 │ purposes.  Everything in our exhibit list of 1000 or higher is

13 │ for cross-examination purposes.

14 │          THE COURT:  And there certainly is nothing wrong with

15 │ when -- if and when you're called upon to use a deposition, to

16 │ mention it for the record in terms of whatever number you have

17 │ listed here, everybody will know what it is, that's fine.  But

18 │ it won't be on the list of preadmitted exhibits.

19 │          MR. KUDLAC:  Thank you, Your Honor.

20 │          MR. FORAN:  Our next bucket, Your Honor, are

21 │ documents that are related to a French litigation that Core

22 │ Wireless was involved in with LG.  These documents can be found

23 │ at Exhibits 642 through 679, and Exhibit 739.

24 │          So introducing these would violate the order on

25 │ Motion in Limine No. 1 because they concern other litigation.

Jill E. McFadden, CSR

1  It would also violate the order on Motion in Limine No. 7

2  concerning the references to FRAND or standard essential

3  patents.  We also believe they are prejudicial, confusing, and

4  contain inadmissible hearsay as well.

5  　　　　　THE COURT:  And they start at 644?

6  　　　　　MR. FORAN:  642, Your Honor.

7  　　　　　THE COURT:  642.  All right.

8  　　　　　And they run through what number?

9  　　　　　MR. FORAN:  679.  Excuse me, 678.

10  　　　　　THE COURT:  All right.

11  　　　　　MR. FORAN:  And then there is one more.  That's 739.

12  　　　　　THE COURT:  All right.  Mr. Kudlac.

13  　　　　　MR. KUDLAC:  Well, Your Honor, you may think that I'm

14  a bit of a broken record.  For which I apologize, sort of.

15  　　　　　Again, these documents are on the list for potential

16  cross-examination purposes with respect to damages issues.  And

17  there were -- there were also a number of standard essential

18  related documents that are part of this because the French

19  litigation dealt only with standard essentiality and patents

20  declared to be standard essential, but there was a damages

21  aspect to it.

22  　　　　　And until, I believe, the latest version of

23  plaintiff's exhibit list that was filed this morning, they

24  still had standard essentiality documents on there.  And I

25  wanted -- I was trying to maintain the ability to respond to

```
 1  anything standard essential that came up in part with arguments
 2  about standard essentiality.  So, I think we can even group
 3  this list in with the previous ones, although they're not
 4  transcripts.  Although at least some of them are declarations
 5  or statements made by Core Wireless witnesses such as reports
 6  and the like.
 7            THE COURT:  Which you're saying come up as
 8  impeachment.
 9            MR. KUDLAC:  Could.  I would agree it is less likely
10  because of the standard essentiality bent to all of -- all of
11  this information, but it is still a possibility.
12            THE COURT:  Okay.  Well then, we'll treat them the
13  same way.  I'll sustain the objection to them being on the
14  preadmitted exhibit list, but you can use them in the fashion
15  we've discussed.
16            MR. KUDLAC:  Thank you, Your Honor.
17            THE COURT:  Thank you.
18            MR. FORAN:  Thank you, Your Honor.
19            The next bucket are expert reports.  These documents
20  are either expert reports or exhibits to expert reports and
21  ought not to be introduced or admitted as exhibits, and these
22  would be 533, and 1278 through -88.
23            THE COURT:  And certainly, the experts reports
24  themselves absent agreement are hearsay and would not be
25  admissible.  Some exhibits to expert reports might be, but --
```

```
 1  but we can take that up on a case-by-case basis if there are
 2  some of the ones that have been mentioned that the defendant
 3  believes would otherwise be admissible.
 4           What was the 1200 number that --
 5           MR. FORAN:  1278 through -88?
 6           THE COURT:  And the one other number was a 500
 7  number?
 8           MR. FORAN:  533, Your Honor.
 9           THE COURT:  533.
10           All right, Mr. Kudlac.
11           MR. KUDLAC:  Thank you, Your Honor.
12           I understand your ruling with respect to the expert
13  reports, and particularly, 533 is an expert report of Dr. Rhyne
14  and I understand your ruling on that.  And in fact, we had some
15  of these same objections to plaintiff's exhibits.  So the 12 --
16  the series starting in 1279, I believe it was, or 1278 --
17           THE COURT:  Yes, 1278.
18           MR. KUDLAC:  -- those are -- those are for cross
19  purposes, Your Honor.  We identified them in our portion of the
20  exhibit list that is for -- for cross-identification -- or
21  cross-examination, so no objection to the way you've decided
22  you're -- you've indicated you're going to treat them.
23           THE COURT:  All right.  Then I'll sustain those
24  objections, and you can use them as appropriate for impeachment
25  or cross-examination.
```

```
 1              MR. FORAN:  Your Honor, I neglected to identify a few
 2   others, which are Exhibits 1300, 1314, 1324 and -25.  And 1331
 3   and -32.
 4              THE COURT:  Those do all appear to be expert reports
 5   also.
 6              Mr. Kudlac, is there anything else to say about
 7   those?
 8              MR. KUDLAC:  No, Your Honor.
 9              THE COURT:  All right.  Then the objection to those
10   will also be sustained.
11              MR. FORAN:  The next bucket, Your Honor, are a series
12   of URLs which were not produced at any Bates number but are
13   listed on the exhibit list at Exhibits 478 through 491, as well
14   as 526 through 529.  So these are just undated websites that
15   weren't produced as part of discovery in the case and shouldn't
16   be introduced at trial.
17              THE COURT:  So your objection to these is that they
18   were not timely disclosed?
19              MR. FORAN:  Correct, Your Honor.  And frankly, we
20   don't know what they are.
21              THE COURT:  All right.
22              (Pause in proceedings.)
23              MR. KUDLAC:  I apologize for the delay, Your Honor.
24              Your Honor, what these are -- well, these are URLs --
25   printouts of Android websites.  So Google Android information,
```

```
 1   whether it's source code or descriptions of how the Android

 2   operating system works.  And these were documents that were

 3   identified and relied on by Dr. Rhyne in his non-infringement

 4   report, if -- if my memory serves correctly.  And so they

 5   were -- they were certainly produced at that time and provided

 6   to -- provided or at least identified -- identified by

 7   Dr. Rhyne in his expert report.

 8           THE COURT:  All right.  And are they on here because

 9   of an intent to use them during his testimony?

10           MR. KUDLAC:  Yes, Your Honor.

11           THE COURT:  Okay.  All right.

12           Mr. Foran, do you have any reason to dispute that

13   these were identified in the expert report?

14           MR. FORAN:  I don't have any reason to dispute that,

15   no, Your Honor.  I'm not sure if it's -- if Mr. Kudlac says

16   that's the case, then I -- we take him at his word.  I don't

17   know one way or another.

18           THE COURT:  Well, let's --

19           MR. KUDLAC:  I'm sorry, Your Honor.  May I -- I

20   really don't mean to interrupt you, but I wanted to make sure.

21   I know that numerous of these were identified, because I've

22   seen their expert report and I've seen attachments to it.  I

23   can't say with a hundred percent certainty that every single

24   one of these was in Dr. Rhyne's report.  But based on the

25   descriptions that I'm looking at, they are exactly the kind of
```

1 thing that Dr. Rhyne would have been talking about in his

2 expert report.

3          THE COURT:  Well, if they weren't disclosed to the

4 other side through Dr. Rhyne's report, how would they have been

5 disclosed?  Just on this list?

6          MR. KUDLAC:  If they were not in Dr. Rhyne's report,

7 I -- I'm trying to think.  I'm trying to think if there were

8 any other reports that would have dealt with the subject

9 matter.  And it's also possible that they may have been in

10 Dr. Zeger's report, who was the infringement expert on the

11 patents.  And we may have identified them because they were in

12 Dr. Zeger's report.

13          THE COURT:  Okay.  Well, I guess -- let's take them

14 up now on the assumption that they were disclosed in one of the

15 timely expert reports and address the other issues that the

16 plaintiff has about them.

17          Perhaps if you could put one of them up on the

18 screen, I can see better what -- what we're talking about.

19          All right.  This is 478 that's up on the screen?

20          MR. FORAN:  Yes, Your Honor.

21          So putting aside the other issues, it's hearsay.

22 This is a document apparently created by Google or someone at

23 Android.  We don't know when or how, but it's an out-of-court

24 statement that I understand is going to be offered for the

25 truth of the matters asserted therein regarding Android.

```
 1              THE COURT:  Okay.  Mr. Kudlac, what is the response
 2   to the hearsay objection?
 3              MR. KUDLAC:  Your Honor, these are documents provided
 4   by Google for developers to use in writing code for Android and
 5   to describe how the Android operating system works, and as
 6   such, they are the type of documents that people working in the
 7   industry rely on to understand how the Android operating system
 8   works and how to interact with the Android operating system.
 9              And because the accusations in this case relate to
10   how the Android operating system works and how applications on
11   Android work within the accused LG phones, this is exactly the
12   type of information that experts would look to to understand
13   how the accused products work and to form opinions with respect
14   to them, as well as how lay people would understand how the
15   Android operating system works.
16              THE COURT:  Well, certainly, what you've described
17   would make it a proper basis for your expert to rely upon.
18   That does not, however, support its admission for the jury
19   unless there is some hearsay exception.  What you've described
20   is, it is being offered for the truth.  It's being offered as
21   authoritative on this.  And I -- I'm not seeing, as I look it,
22   a hearsay exception that would jump to mind.
23              Are -- is there any that you can offer?
24              MR. KUDLAC:  Your Honor, I actually think that this
25   may be one of the rare occasions where the residual exception
```

1 does apply because we are talking about the Google Android

2 operating system that is used worldwide and the Google

3 developer website that is held out by Google for developers to

4 use.  So the indications of, one, authenticity and truthfulness

5 would seem to apply in -- in this situation.

6 　　　　　THE COURT:  I think we may be moving towards a Google

7 exception to the hearsay rule, but I don't think we're there

8 yet.

9 　　　　　MR. KUDLAC:  Actually, Your Honor, in -- in all

10 seriousness, this may be a perfect time to do so as opposed to

11 the Google search website where you're just pulling anything

12 up.  This is actually Google out there saying, This is how our

13 operating system works, this is how to interact with our

14 operating system.

15 　　　　　THE COURT:  And that's why it would take somebody

16 from Google to get it in.  My experience with the Federal

17 Circuit has not been such that I want to create new law in

18 these cases.

19 　　　　　MR. KUDLAC:  I very rarely want to create new law,

20 Your Honor, but I don't think you would be doing so in this

21 situation.

22 　　　　　THE COURT:  I -- no, I -- in all seriousness, this

23 might be something that -- well, no, it wouldn't qualify as a

24 business record even if you had a Google custodian.  It could

25 be -- possibly be a learned treatise.  I -- but that, again,

1  would take an expert to -- to underwrite it.  And it still

2  wouldn't be given to the jury.  It would just be read to the

3  jury.

4         MR. KUDLAC:  Your Honor, with that in mind, we are

5  going to have experts here who are going to be talking about

6  exactly what the Android operating system does and the type of

7  thing that they rely on and can testify as to the reliability,

8  authenticity, and all the appropriate indicia for this

9  information.  And -- and subject to that, I agree, it could

10  certainly qualify as a learned treatise.

11         And if -- if Your Honor would deem it inappropriate

12  to not give this to the jury but be able to show it to them and

13  to read from it -- because there are some very, very helpful

14  diagrams in some of these URLs that can help give the

15  understanding of what's going on in the Android operating

16  system, which is what we're going to be talking about for much

17  of the time that we're at the trial.

18         THE COURT:  Well, the -- you know, the learned

19  treatise exception 803(18) specifically says that, If admitted,

20  the statement may be read into evidence but not received as an

21  exhibit.

22         So I'm going to sustain the hearsay objection to

23  these.  However, you -- your expert is certainly free to rely

24  upon them and even to identify this as the source.  If you want

25  to be able to read it to the jury, then you would need to get

1 leave from the Court to lay the foundation as a learned

2 treatise.

3      It looks -- I don't see any reason why it couldn't

4 qualify as such, but it just requires that foundation from the

5 expert.  So I think it would be appropriate to remove it from

6 the preadmitted exhibit list because everything on the

7 preadmitted exhibit list can be used without further formality.

8      And this clearly would require a further foundation.

9 But if you want to use it in connection with your expert, just

10 be prepared to lay the foundation.  Obviously, let the other

11 side know you're about to do that.  And I don't see a problem

12 with it.

13      MR. KUDLAC:  Thank you, Your Honor.

14      THE COURT:  All right.  I'll sustain the objection to

15 478 through 490.  Oh, and then there was 526 through 529.

16      What else?

17      MR. FORAN:  Just one point of clarification, Your

18 Honor.  I believe it was to 491, so the first set of documents

19 there was 478 through 491.

20      THE COURT:  All right.  You're correct.

21      MR. FORAN:  The next set of documents are

22 documents -- well, I wanted to clarify one other thing actually

23 and -- to go back to the French documents that I'd listed

24 earlier, there were two others that I neglected to mention.

25 Those were at 677 to 678.

```
 1              THE COURT:  Actually -- all right.  I thought those
 2    already were included, but --
 3              MR. FORAN:  Oh, excuse me, Your Honor.  I thought I
 4    had forgotten to mention them.
 5              THE COURT:  But the record is clear now.
 6              MR. FORAN:  Next are several -- sort of a variety of
 7    documents that all refer to standard essentiality or standard
 8    essential patents in violation of the order on Motion in Limine
 9    No. 7.  These are documents No. 708 through 710, 758 through
10    760, and also 740.  These documents also have hearsay and
11    relevance problems, but, most obviously, they violate the
12    motion in limine order.
13              THE COURT:  All right.
14              MR. KUDLAC:  Your Honor, with respect to 708 through
15    710, those I would agree are subject to the -- your ruling with
16    respect to SEPs.
17              THE COURT:  All right.  The objection will be
18    sustained to 708 to 710.
19              MR. KUDLAC:  And the same thing with 740.
20              THE COURT:  All right.  That objection is sustained.
21              MR. KUDLAC:  And I believe the last three were 758
22    through 760; is that correct, Padraic -- Mr. Foran?  Thank you.
23              Your Honor, 758 I would agree is also.  But 759 is a
24    license agreement that has been analyzed and considered by the
25    experts on both sides of this case with respect to their
```

 1  damages analysis.

 2          Now, there have been, obviously, multiple damages

 3  analyses and Your Honor has seen several motions relating to

 4  those, but as part of everyone's Georgia-Pacific analysis, as I

 5  understand it, this is one of the license agreements that has

 6  played -- played a part of that.

 7          And I think in order for both of the witnesses to be

 8  testifying about things, they need to have the license

 9  agreements that they've considered.

10          THE COURT:  All right.  And what about the last one?

11          MR. KUDLAC:  I'm not a hundred percent certain, Your

12  Honor, but I believe the last one is tied in to 759, so it's a

13  baseband forecast that -- that is connected to 759 and may

14  provide some background for that as opposed to a -- a separate

15  document.  But I would -- I would have to double check that,

16  Your Honor.

17          THE COURT:  All right.  Let me hear from, Mr. Foran.

18          MR. FORAN:  Well, some of this is the same issue,

19  Your Honor.  The fact that a -- an expert may have relied on a

20  document, of course, doesn't make it admissible.  Experts can

21  rely on material that is hearsay or otherwise inadmissible, and

22  so the fact that both experts have relied on a particular --

23          THE COURT:  License agreements are typically not

24  being used for hearsay purpose but, rather, simply for the fact

25  that they have been entered into.  What would make this one

```
 1   improper?  It is a -- the fact of the utterance, the fact that
 2   they've signed this agreement that matters, if it's one of the
 3   ones relied upon by the experts as a comparable license.
 4           MR. FORAN:  That's true, Your Honor.  If that's --
 5   I'm not familiar enough with the agreement to know whether it
 6   refers to standard essential patents, which would be our other
 7   concern, or standard essentiality.
 8           THE COURT:  All right.  Well it, I guess, would be
 9   your burden objecting to show me that.
10           MR. FORAN:  We'll withdraw our objection to that one
11   then, to 759.
12           THE COURT:  And do you agree that 760 is attached to
13   it?  I can't tell by looking at it.
14           MR. FORAN:  I'm not sure either.  Can we have a
15   moment to just look at it?
16           THE COURT:  All right.
17           MR. KUDLAC:  Your Honor, it's actually a third-party
18   forecast and it's not connected to it.
19           THE COURT:  All right.  And I guess the principle --
20   or one of the principle objections is hearsay.  What would you
21   rely upon to respond to that?
22           MR. KUDLAC:  Your Honor, I apologize.  I don't have
23   much to say as -- as to the hearsay.  I would say that it is
24   something that a -- our expert relied on, and he could
25   establish the foundation for it being a reliable source.  But I
```

```
 1  recognize the limitations of that so that he can testify from
 2  it but not as an admitted exhibit.  So I don't have much to
 3  respond to the hearsay aspect of it, so I won't.
 4          THE COURT:  All right.  I will sustain the hearsay
 5  objection to 760.  But, of course, your expert can rely upon it
 6  as a basis for his opinion.
 7          MR. FORAN:  Our next category of documents, Your
 8  Honor, are unauthenticated exhibits.  Those would be Exhibits
 9  544 to 545.
10          THE COURT:  We take them up in groups like that as
11  opposed to an entire batch.  544 to 545.  Let's see.  Those
12  were deposition exhibits.
13          MR. FORAN:  Correct, Your Honor.
14          And at the deposition, the witness disavowed
15  knowledge of those particular exhibits, didn't authenticate
16  them.  And the same is true with Exhibits 547 to 551 which are
17  from the same deposition.
18          THE COURT:  Okay.  So 544, -45, -47 through -51?
19          MR. FORAN:  Yes, Your Honor.
20          THE COURT:  Just not 546 and 552?
21          MR. FORAN:  Correct.
22          THE COURT:  Okay.
23          MR. FORAN:  Those by contrast were authenticated by
24  the witness.
25          THE COURT:  All right.  Witness disavowed those.
```

```
 1              MR. KUDLAC:  Having just read his deposition, in

 2   almost every circumstance he did.  I actually can't remember

 3   546 or 551, but I -- I don't have any objection to not

 4   including 544 or 545, or 547 through 550 on the exhibit -- on

 5   the admitted exhibit list.

 6              THE COURT:  All right.  What's next, Mr. Foran?

 7              MR. FORAN:  Couple of other hearsay documents, 524 to

 8   525.  These also do not fall into the Google exception.

 9              THE COURT:  All right.  I think the problem is there

10   is no Google exception.  I don't want to start using that.

11              MR. FORAN:  Understood, Your Honor.

12              MR. KUDLAC:  I apologize for the delay, Your Honor.

13   I was cleaning up 524 group to take a look at it.

14              THE COURT:  That's fine.  I think these may be very

15   similar to --

16              MR. KUDLAC:  They are.

17              THE COURT:  -- the other batch, the Android.

18              MR. KUDLAC:  In fact, the 524 is another Android

19   document.  It's a little bit fancier than the -- the other

20   websites.  It's like -- it's an actual pamphlet, if you will.

21   So I think that would fall within the learned treatise

22   exception again, and Dr. Rhyne could provide a foundation for

23   that, if appropriate.

24              And the same thing is true, although not an

25   Android-related document.  Certainly, the IEEE Standard
```

1  Dictionary of Electrical and Electronics Terms could be

2  considered a -- a learned treatise perhaps even without

3  testimony from Dr. Rhyne.

4          THE COURT:  It would take testimony.  The rule itself

5  specifically requires it, I think.

6          MR. KUDLAC:  And you could take judicial notice of

7  that fact, Your Honor.

8          But, Your Honor, Dr. Rhyne is an IEEE Fellow.  I'm --

9  I'm certain that he can provide the appropriate basis for

10  relying on the IEEE dictionary.

11          THE COURT:  Okay.  Then I'll sustain the objection at

12  this point to 524 and 25.

13          MR. FORAN:  Just to clarify the record on something,

14  Your Honor, to go back to those disavowed documents, I just

15  wanted to make clear on the record that that included 551, 551

16  was out.  Because I think Mr. Kudlac agreed but only up to 550,

17  so I just wanted to make the record clear.

18          MR. KUDLAC:  No objection.

19          THE COURT:  All right.

20          MR. FORAN:  So continuing on with the other hearsay

21  documents, 679 and 681 are also hearsay and I think very

22  similar to the documents we've been discussing.

23          MR. KUDLAC:  I agree, Your Honor, those -- those fall

24  into the Google category, shall we say, of documents.

25          THE COURT:  All right.  The objection will be

 1  sustained as to 679 and 681.

 2          MR. KUDLAC:  And again, Your Honor, those would be

 3  documents that Dr. Rhyne could provide a foundation for the

 4  learned treatise.

 5          THE COURT:  All right.

 6          MR. FORAN:  And then although not Google per se, I

 7  think the same hearsay rule would also exclude 697 and 698.

 8          THE COURT:  Can you show 697?

 9          MR. FORAN:  I'm trying to pull it up, Your Honor.

10  Looks like we may have conveniently omitted that one.

11          MR. KUDLAC:  I have conveniently omitted it from my

12  side, too.  But Mr. -- with your permission, Your Honor,

13  Mr. Finn can address that argument --

14          THE COURT:  All right.

15          MR. KUDLAC:  -- with that document.

16          MR. FINN:  Thank you, Your Honor.  That document

17  is -- excuse me.  That document is a -- an exhibit used in Core

18  Wireless' expert Dr. Magee's report and was at his deposition.

19  It happens to be a analysis, a third-party analysis of profit

20  margins for various industries.

21          THE COURT:  I don't know if you -- is it under the

22  market report exception that you're offering it, or is there

23  some other exception to the hearsay rule that --

24          MR. FINN:  Well, it would be their -- the party

25  admission as to what the proper use of a profit margin for the

1  industry was given that Dr. Magee put it forward.

2          I'm sorry, Your Honor.  Yes, and it would also fall

3  under item (17) of the hearsay exception.

4          THE COURT:  All right.  I mean, on the face of it, it

5  would appear it might.  But without looking at it, it's hard to

6  know.

7          Mr. Foran, what's your response to that?

8          MR. FORAN:  I agree.  From the face of it, it looks

9  like it probably does fall under the exception.  I'll withdraw

10  the objection.

11          THE COURT:  Okay.  And what about the next one, 698?

12          MR. FORAN:  So the next one I believe to be just a --

13  a news article which contains hearsay, and we've pulled it up

14  on the screen here.

15          MR. KUDLAC:  Your Honor, this also would fall within

16  the type of document that somebody like Dr. Vander Veen, our

17  damages expert, would rely on for information.  This is

18  something that he relies on for an aspect of his damages

19  analysis with respect to the smallest saleable unit in the

20  accused product, so...

21          THE COURT:  It might well be covered under that

22  same -- learned treatise exception also covers periodicals, but

23  it does require a sponsoring expert.  So I'll sustain the

24  objection to it now.  But, certainly, you can qualify it

25  through your expert if you wish to use it.

 1          MR. KUDLAC:  Thank you, Your Honor.

 2          And Your Honor has spurred a thought in my head with

 3  respect to the -- and I apologize for this -- the Google

 4  category of documents.  And thank you for pointing out

 5  exception (17), 803(17), for market reports and similar

 6  commercial publications.

 7          I would note that the Android developer website and

 8  the documents associated with that certainly would qualify as

 9  documents that are generally relied on, perhaps not by the

10  public but certainly persons in particular occupations.

11          And I believe that Dr. Rhyne can provide that

12  foundation testimony to get those documents in completely as

13  opposed to the learned treatise exception, which would only

14  allow them to be read to the -- to the jury.

15          THE COURT:  You know, I -- I don't know that -- I

16  think that (17) there really is aimed at data compilations,

17  really, which similar to what your Exhibit 697 indicates it is,

18  market quotations, list directories, and the like; whereas,

19  that is much closer to a manual that -- the Android documents.

20          I -- I really don't think they would come in there.

21  I think they would be something that would be more in the

22  nature of that learned treatise under (18).  But -- so I think

23  that we analyzed it the right way the first time around.

24          MR. KUDLAC:  Thank you, Your Honor.  I may try a

25  trial for both, but...

```
 1              THE COURT:  Okay.

 2              MR. KUDLAC:  Thank you.

 3              THE COURT:  Sure.

 4              MR. KUDLAC:  Thank you for indulging me.

 5              MR. FORAN:  Our next objection is to Exhibit 1343.

 6   This is a valuation prepared by a third party, which is

 7   hearsay, but also was prepared on behalf of one of Core

 8   Wireless' indirect investors, reference to whom is barred by

 9   the order on Motion in Limine No. 15.

10              This evaluation also contemplates standard essential

11   patents and refers to standard essentiality in violation of the

12   order on Motion in Limine No. 7.

13              THE COURT:  All right.

14              MR. KUDLAC:  Good news, Your Honor, I think if

15   Mr. Foran has anymore arguments with respect to documents 1000

16   or above, we can shortcut that because we do not intend to try

17   to get them onto the admitted preadmitted list.

18              Those are more for impeachment, cross-examination,

19   and providing identification and notice to the plaintiff that

20   those are the types of things -- or those are the documents

21   that we may be using for impeachment or cross-examination.

22              THE COURT:  Certainly, that will answer what is

23   always one of the judge's first questions when you try to use

24   something like that, is have you shown it to the other side.

25              MR. KUDLAC:  I have desperately tried to not be
```

```
 1  accused of lying behind the log.  And so what was -- my advice
 2  to everyone was put it on the exhibit list and we'll at least
 3  be able to say that we've told them about it.
 4          THE COURT:  All right.  So the understanding, then,
 5  is that anything 1000 or above will not be on this preadmitted
 6  exhibit list?
 7          MR. KUDLAC:  That's correct, Your Honor.
 8          THE COURT:  Okay.
 9          MR. FORAN:  Well, that is very helpful, then, because
10  I think that resolves all of our objections.
11          THE COURT:  The only thing I want to make clear for
12  the benefit of the defendant, and I guess both parties, is that
13  if you're going to use it other than through one of the regular
14  exceptions like impeachment, or it takes your expert to sponsor
15  it like a learned treatise, you would have had to go through
16  this preadmitted process.
17          In other words, I just don't want you to think that
18  you can -- that you can expect that Judge Gilstrap will simply
19  take up exhibits that have not gone through this process unless
20  they fit within one of the exceptions of the type we're talking
21  about.  So if -- if you intend to introduce them through the
22  normal process, this is when we need to do it.
23          But if there are things, as you've identified, where
24  they don't fit, they can't be preadmitted, but you have some
25  other use for them like impeachment or like your expert using
```

 1  them on cross when questioned about his basis, or like we've

 2  talked about with learned treatises where you would have to get

 3  the experts to sponsor them, that's fine.

 4          But I don't want you to be misled that -- that

 5  there's a choice about whether to go through this process for

 6  things that fall within the normal range of evidence.  Does

 7  that make sense?

 8          MR. KUDLAC:  Yes, Your Honor, that's very helpful.

 9          And if I may, a follow up.  For the things that are

10  for now not going to be on the exhibit list, I understand

11  for -- for those that may fall within an exception that hasn't

12  been decided today; for example, the learned treatise, or

13  perhaps the compilation, if I can lay a foundation for that at

14  trial, are you saying that I -- I won't be able to ever get

15  them in?

16          THE COURT:  No, I'm not saying that.  I'm saying that

17  they would have to fall within one of those things that -- so

18  that they could not have been preadmitted.

19          MR. KUDLAC:  Thank you.

20          THE COURT:  That's what I mean.

21          MR. KUDLAC:  Thank you for the clarification.  I

22  appreciate that.

23          THE COURT:  Okay.  Good.

24          MR. FORAN:  And I realize that there's actually one

25  point of follow up that I -- I just wanted to make clear.  So I

1   understand that the documents on this list will be preadmitted,

2   but Your Honor also referred to the fact that license

3   agreements are generally not admitted for their hearsay purpose

4   but for the fact of the license.

5           And so I just wanted to make clear that there are a

6   number of LG licenses that are on LG's exhibit list which we

7   would object to if offered for their hearsay purpose but which

8   we would not object to if offered for the -- the fact of the

9   license itself, if that makes sense.

10          If there are statements in those licenses that LG

11  wanted to admit for the truth of the matter stated, we would

12  object to that on its hearsay basis.  But we don't object to

13  the admission of the agreement for this other purpose.

14          THE COURT:  Okay.

15          MR. FORAN:  I just want to make clear, is that

16  consistent with the premise of the preadmitted list of

17  documents?

18          THE COURT:  Yes.  I mean, the important thing about

19  the preadmitted list is everything that's on it can be used

20  from voir dire forward, and it doesn't require leave of Court

21  or handing to the other side or anything else.  Those are just

22  considered to be part of the record when -- when the trial

23  starts.

24          MR. FORAN:  Thank you, Your Honor.

25          THE COURT:  Okay.  And before we move on and take up

 1 | the plaintiff's exhibit list, we'll take the afternoon recess.
 2 | Thank you.
 3 |           (Recess.)
 4 |           THE COURT:  Thank you.  Please be seated.
 5 |           I think we're ready to take up the objections to the
 6 | plaintiff's exhibits.
 7 |           MR. KUDLAC:  Yes, we are, Your Honor.  And as I
 8 | indicated, we have had a couple of meet and confers over
 9 | various versions of exhibit lists, and in the latest rounds of
10 | large number of those that I had objected to disappeared and so
11 | that is going to simplify this process.  As well as some
12 | reconsideration at the last minute by us with respect to some
13 | of the objections is going to, I believe, simplify this rather
14 | dramatically.  So that's good news.
15 |           First exhibit that I'd like to talk about is Exhibit
16 | 5, which are defendant's responses and objections to
17 | plaintiff's first set of interrogatories.  And as Your Honor
18 | might imagine, this probably is a document that has lots of
19 | objections and statements, and while there are certainly
20 | corporate admissions that may be relevant in there, certainly
21 | the entirety of this document is not something that should be
22 | entered into evidence and put in front of the jury because of
23 | the prejudicial nature with respect to the way that things are
24 | typically addressed in there.
25 |           Now, certainly, the stuff that is corporate admission

1  that happens to be relevant and is going to be used either for

2  impeachment or other appropriate purposes we wouldn't have an

3  objection to, but just entering the document as-is into

4  evidence we do.

5          THE COURT:  All right.  Mr. Foran, tell me what your

6  intent is with this.

7          MR. FORAN:  My intent, Your Honor, is to withdraw

8  that document from the exhibit list.

9          THE COURT:  I'm glad I asked you before I launched

10  in.  Note to self.

11          MR. KUDLAC:  And I think, Your Honor, from even

12  further meeting and conferring just before -- right after we

13  took a break, I believe that the plaintiff told me that they

14  were withdrawing Plaintiff Exhibit No. 2 as well.

15          Is that correct?

16          MR. FORAN:  That's correct, Your Honor.

17          THE COURT:  All right.

18          MR. KUDLAC:  That's why I skipped over that one.

19          And, Your Honor, we will be skipping forward all the

20  way to Exhibit No. 317.  And this is an Excel spreadsheet that

21  is -- I believe it's either a Sprint or Verizon compliance

22  matrix that is about 127 pages long that, if memory serves,

23  the -- the witness had either passing or no knowledge of with

24  respect to its use.  And it's obviously -- as it's a -- a

25  Sprint or Verizon document, it's hearsay and subject to

```
 1   authentication, foundation, and other similar objections.

 2              THE COURT:  All right.  Just one moment.

 3              (Pause in proceedings.)

 4              MR. FORAN:  Good news on this one, too, Your Honor.

 5   We can withdraw this one.

 6              THE COURT:  All right.  317 is withdrawn.

 7              MR. FORAN:  The next one is actually a small group,

 8   Your Honor, and it is 394 through 396.  And these are video

 9   demonstrations of either Dr. Zeger or somebody that was helping

10   Dr. Zeger out in operating Android -- or LG phones running

11   Android operating system.  And certainly we have no objection

12   to these coming -- being used as demonstratives if this is

13   something that -- that Dr. Zeger is going to use to show what

14   he was doing in doing whatever testing he was.

15              But as something that would go into evidence, we

16   would object to that because we don't have a foundation that

17   the phones that were being manipulated were actually unaltered

18   by -- by them.  I think in some of them they show that they are

19   taken out of the box, but we would like to -- we don't think

20   that it would be appropriate for these to be entered into

21   evidence.  But used as demonstrative, we don't have any

22   objection to them.

23              THE COURT:  All right.

24              MR. FORAN:  Our intention is to admit these into

25   evidence.  The foundation will be laid by Dr. Zeger.  The
```

1  videos actually demonstrate Dr. Zeger, at least in one case,

2  taking the phone out of the box and then using it.  We intend

3  to edit these.  I think they are a little overlong at the

4  moment.  But we -- we would like to admit them into evidence.

5          I'm not sure I understand the objection.  To the

6  extent that Dr. Zeger can lay a foundation, that's what we'll

7  do and we'll offer them based on that foundation.

8          THE COURT:  I assume the objection is that they do

9  require a foundation that they are accurate depictions of what

10  they purport to show.  And, obviously, only Dr. Zeger or

11  somebody who was involved in making them would be able to lay

12  that foundation.

13          So I'll sustain the objection to the extent that they

14  should not be on the preadmitted exhibit list, but you're free

15  to lay the foundation through Dr. Zeger and proceed in that

16  fashion.

17          MR. KUDLAC:  The next group, Your Honor, is very

18  similar.  These are actual phones and they are Exhibits 407

19  through 428.  And these are identified as various models of LG

20  phones working on various different networks.  And again, we

21  don't have objection to them with respect to them being used as

22  demonstratives, but we don't -- we don't have a foundation that

23  these phones were not altered in some way.

24          And we also -- at least some of them have been

25  indicated in the reports that they were -- they were purchased

```
 1   from eBay or through some reseller service reconditioned.  So

 2   there's -- there's an aspect of authenticity with respect to

 3   the way that they would operate, if there was an intent to use

 4   these for operation, that we would object to.

 5            But purely as a demonstratives to say, you know, this

 6   is what a -- this particular LG phone looks like, and it has a

 7   particular version of an operating system installed on it, we

 8   wouldn't have a problem with that.  It's just the -- whether

 9   the actual operation of them in -- in the form that they are

10   now was going to be demonstrated and shown -- and admitted into

11   evidence.

12            THE COURT:  Are these physical exhibits?

13            MR. KUDLAC:  Yes, they are, Your Honor.

14            THE COURT:  All right.  Mr. Foran, do you believe

15   that you have a way to lay the foundation now for preadmission,

16   or do you want to just do that through your expert?

17            MR. FORAN:  We have provided these phones to LG, and

18   LG's experts had an opportunity to inspect them and did inspect

19   them at our offices.  I don't have any other way to

20   authenticate them at the time other than to say that our expert

21   will do so.

22            THE COURT:  All right.  Having provided them in

23   advance certainly removes that as an objection, but I don't

24   think that does in and of itself accomplish the foundation.  So

25   I'll make the same ruling with respect to these, that they're
```

```
 1  removed from the preadmitted list but that you can lay the
 2  foundation with your expert.
 3          MR. KUDLAC:  Your Honor, pardon me for just a moment.
 4  I'm double-checking to make sure that that was the -- the
 5  entirety of the list of phones.  I have a recollection that
 6  there were some phones somewhere else in the exhibit list, and
 7  I just wanted to double-check that I hadn't missed them.
 8          (Pause in proceedings.)
 9          MR. KUDLAC:  There are -- there are -- thank you.
10          Mr. Foran has kindly pointed out that there are six
11  others in Exhibits 330 through 335.
12          THE COURT:  And are they to fall in the same
13  category?  Mr. Foran, do you have any different way to treat
14  them?
15          MR. KUDLAC:  No, Your Honor.
16          THE COURT:  Okay.  Then I will sustain the objection
17  to their being on the preadmitted list, but you may offer them
18  through your expert at trial.
19          MR. KUDLAC:  And only two more, Your Honor.
20          THE COURT:  All right.
21          MR. KUDLAC:  These can be dealt with together, and
22  you're going to be surprised when you hear this.  They are 342
23  and 343, and you will see that they are noted as the '020 and
24  '476 file histories.  And so that you don't think it's entirely
25  strange, I certainly have no objection to those -- to the '020
```

Jill E. McFadden, CSR

1  and '476 file histories coming into evidence, none whatsoever.

2          But I -- I would just want to make sure -- my purpose

3  here is just to make sure that all parties know exactly which

4  documents are being referred to.  Sometimes you get them from

5  the Patent Office and they look like one way or they look like

6  another, and I just want to be sure that we have identification

7  of these by a Bates number to put them into evidence and then

8  refer to them.  That's my only real objection, Your Honor.

9          THE COURT:  Is there a Bates range on these?

10          MR. FORAN:  So we've omitted it inadvertently from

11  this exhibit list.  The Bates range is actually listed on LG's

12  exhibit list.  They also have the file history, and we'll --

13  we'll just stipulate to use the same Bates range for these file

14  histories.

15          THE COURT:  All right.  And can you help me find it

16  on their list?  Is that the 460 and 461?

17          MR. KUDLAC:  Yes, Your Honor.

18          MR. FORAN:  Yes, Your Honor.

19          THE COURT:  Okay.  So it's -- what I'm hearing then,

20  Mr. Foran, you're saying that your Exhibits 528 and 529 are the

21  same as their 462 and -63?

22          MR. KUDLAC:  342 and 343 of -- of their exhibit list.

23          THE COURT:  Oh, I'm -- I'm sorry.  Did I read it

24  wrong?  342 and 343 of theirs are the same as 462 and 463?

25          MR. KUDLAC:  Actually, I think it's 460 and 461.

```
 1              THE COURT:  All right.

 2              MR. FORAN:  That's correct.

 3              MR. KUDLAC:  All right.  We're going to try again.

 4              THE COURT:  It's late.  I'm sorry.

 5              Anyway, are those the same as theirs?

 6              MR. KUDLAC:  I'll do it.

 7              MR. FORAN:  Yes.

 8              THE COURT:  They are.  Okay.

 9              MR. FORAN:  They're the same.

10              THE COURT:  Does that resolve your objection?

11              MR. KUDLAC:  It does, Your Honor.  And I knew you'd

12  find it strange.  And I'm sorry to cause the confusion, but --

13              THE COURT:  I don't.

14              MR. KUDLAC:  Thank you.

15              THE COURT:  Okay.  So the objection to those is

16  withdrawn, I take it?

17              MR. KUDLAC:  Yes.

18              THE COURT:  Okay.

19              MR. KUDLAC:  And those are all of the objections that

20  I have, Your Honor.

21              THE COURT:  All right.  I understand from Mr. Harris

22  that the parties think that with more time, they can make

23  further progress on the deposition designations; is that right?

24              MR. FORAN:  Yes -- yes, Your Honor.

25              MR. FINN:  That's correct.
```

```
 1            THE COURT:  I have a Markman hearing in the morning
 2   and then a resumption of the Genband Metaswitch pretrial
 3   conference at 1:00 tomorrow.  I can give you time later in the
 4   afternoon tomorrow to come back and take care of whatever
 5   you've not been able to resolve through your meet and confer
 6   process.  Does that make sense?
 7            MR. FORAN:  I think it does.  Allow me to confer for
 8   a moment.
 9            THE COURT:  Okay.
10            (Pause in proceedings.)
11            MR. FORAN:  Yes, Your Honor, that would be great for
12   us.  That would work fine.
13            MR. KUDLAC:  Your Honor, may I suggest one
14   modification?  We do have some time remaining today --
15            THE COURT:  Uh-huh.
16            MR. KUDLAC:  -- and they have made progress so far
17   today.  Perhaps they can come down -- the two individuals can
18   come down and perhaps discuss what's been done, and if
19   appropriate, have the Court deal with it and then pick it up
20   again tomorrow.
21            THE COURT:  I'm not going anywhere; so, if they're
22   ready to take some of them up this afternoon, that's fine.  Why
23   don't we just take a recess now and we'll check on you and see.
24   When you're ready to go, we'll get done whatever we can get
25   done.
```

1          MR. FINN:  Thank you, Your Honor.

2          MR. FORAN:  Thank you, Your Honor.

3          (Hearing adjourned.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                         CERTIFICATION

 2         I HEREBY CERTIFY that the foregoing is a true and

 3  correct transcript from the stenographic notes of the

 4  proceedings in the above-entitled matter to the best of my

 5  ability.

 6

 7

 8  _____          March 18, 2016
    JILL E. McFADDEN
 9  Deputy Official Reporter
    State of Texas No.:  3392
10  Expiration Date:  12/31/16

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Jill E. McFadden, CSR

| A | | | | |
|---|---|---|---|---|
| **abide** 16:1 | **admissions** 12:16, 12:22 | 44:14, 57:7 | 21:12, 21:24 | 39:15, 53:20 |
| **ability** 13:2 | 17:17, 17:17 | **allows** 23:5 | 21:24, 22:3 | **authenticated** 39:23 |
| 19:9, 26:25 | 18:4, 18:7, 19:8 | **altered** 52:23 | 22:11, 23:25 | **authentication** |
| 59:5 | 19:23, 22:12 | **analyses** 37:3 | 24:21, 24:22 | 51:1 |
| **able** 10:6, 12:18 | 49:20 | **analysis** 37:1 | **applications** | **authenticity** |
| 14:22, 21:14 | **admit** 22:20 | 37:4, 42:19 | 32:10 | 33:4, 34:8, 53:2 |
| 21:17, 34:12 | 48:11, 51:24 | 42:19, 43:19 | **apply** 33:1, 33:5 | **authoritative** |
| 34:25, 46:3 | 52:4 | **analyzed** 36:24 | **appreciate** | 32:21 |
| 47:14, 52:11 | **admitted** 9:6 | 44:23 | 47:22 | **authorized** 4:17 |
| 57:5 | 27:21, 34:19 | **Andrew** 3:15 | **approach** 24:6 | **available** 22:19 |
| **above-entitled** | 39:2, 40:5 | **Android** 29:25 | **appropriate** | **aware** 22:6 |
| 59:4 | 45:17, 48:3 | 29:25, 30:1 | 14:22, 16:12 | |
| **absent** 27:24 | 53:10 | 31:23, 31:25 | 21:13, 28:24 | **B** |
| **Absolutely** | **admitting** 20:7 | 32:4, 32:5, 32:7 | 34:8, 35:5 | |
| 10:25, 13:20 | **advance** 53:23 | 32:8, 32:10 | 40:23, 41:9 | **back** 35:23 |
| **accomplish** | **advice** 46:1 | 32:11, 32:15 | 50:2, 51:20 | 41:14, 57:4 |
| 53:24 | **affirmative** | 33:1, 34:6 | 57:19 | **background** |
| **accord** 6:18 | 18:24, 19:7 | 34:15, 40:17 | **argument** 7:8 | 37:14 |
| **accurate** 52:9 | 19:13 | 40:18, 44:7 | 7:13, 7:17, 8:22 | **barred** 45:8 |
| **accusations** | **affirmatively** | 44:19, 51:10 | 9:16, 12:6, 12:8 | **baseband** 37:13 |
| 32:9 | 21:16 | 51:11 | 18:8, 24:7, 25:4 | **based** 30:24 |
| **accused** 32:11 | **afternoon** 3:1 | **Android-related** | 25:6, 42:13 | 52:7 |
| 32:13, 43:20 | 3:9, 3:11, 3:13 | 40:25 | **arguments** | **basis** 28:1 |
| 46:1 | 3:14, 3:20, 49:1 | **answer** 45:22 | 23:20, 27:1 | 32:17, 39:6 |
| **actual** 12:17 | 57:4, 57:22 | **anticipate** 18:25 | 45:15 | 41:9, 47:1 |
| 40:20, 52:18 | **agree** 27:9, 34:9 | 24:5 | **art** 7:12, 8:22 | 48:12 |
| 53:9 | 36:15, 36:23 | **anticipated** 19:7 | 8:24, 8:25, 9:5 | **batch** 39:11 |
| **addition** 7:10 | 38:12, 41:23 | 20:5, 21:10 | **article** 43:13 | 40:17 |
| 22:1, 22:10 | 43:8 | 21:21, 23:19 | **as-is** 50:3 | **Bates** 29:12 |
| **additional** 5:11 | **agreed** 7:24 | **anymore** 45:15 | **aside** 31:21 | 55:7, 55:9 |
| 7:10 | 23:11, 41:16 | **anyway** 24:22 | **asked** 50:9 | 55:11, 55:13 |
| **address** 31:15 | **agreement** | 56:5 | **aspect** 26:21 | **beginning** 11:24 |
| 42:13 | 10:15, 23:9 | **apologetic** 14:19 | 39:3, 43:18 | 13:6 |
| **addressed** 49:24 | 23:24, 27:24 | **apologize** 8:13 | 53:2 | **behalf** 3:6, 3:18 |
| **adjourned** 58:3 | 36:24, 38:2 | 26:14, 29:23 | **asserted** 5:3 | 3:19, 17:18 |
| **admissible** | **agreements** | 38:22, 40:12 | 16:17, 31:25 | 18:4, 45:7 |
| 19:18, 24:23 | 37:5, 37:9 | 44:3 | **associated** 44:8 | **believe** 5:11 |
| 27:25, 28:3 | 37:23, 48:3 | **apparently** | **assume** 10:24 | 5:16, 7:23, 8:20 |
| 37:20 | **ahead** 8:17 | 31:22 | 52:8 | 9:4, 11:5, 13:22 |
| **admission** 13:1 | 11:11, 11:17 | **appear** 29:4 | **assuming** 21:21 | 16:9, 18:5 |
| 18:18, 19:15 | 21:6 | 43:5 | **assumption** | 19:15, 23:19 |
| 21:18, 32:18 | **aimed** 44:16 | **appearances** | 31:14 | 25:5, 26:3 |
| 42:25, 48:13 | **Alex** 3:7 | 1:15, 2:4, 3:5 | **attached** 38:12 | 26:22, 28:16 |
| 49:25 | **allow** 18:6, 23:2 | **Apple** 16:22 | **attachments** | 35:18, 36:21 |
| | | 17:2, 17:24 | 13:8, 30:22 | 37:12, 43:12 |
| | | 20:19, 20:19 | **authenticate** | |

44:11, 49:13
50:13, 50:21
53:14
**believes** 28:3
**bench** 24:6
**benefit** 46:12
**bent** 27:10
**best** 9:14, 59:4
**better** 31:18
**beyond** 19:4
**bit** 23:20, 26:14
40:19
**BMC** 4:1
**bound** 21:19
**box** 1:19, 51:19
52:2
**break** 50:13
**briefing** 7:11
**bring** 19:19
21:8, 22:13
**broken** 26:14
**bucket** 8:19
9:16, 9:18
11:18, 12:21
12:22, 13:25
14:6, 16:21
24:16, 25:20
27:19, 29:11
**buckets** 8:4, 8:7
9:10
**burden** 38:9
**business** 33:24

**C**

**called** 25:15
**Cameron** 3:21
**care** 57:4
**case** 1:5, 1:5, 1:6
3:4, 4:1, 4:2, 4:7
4:8, 4:8, 4:10
4:11, 4:13, 5:2
7:18, 9:23
14:18, 15:3
16:22, 18:21
18:24, 21:2

21:25, 23:19
29:15, 30:16
32:9, 36:25
52:1
**case-by-case**
28:1
**cases** 3:25, 4:15
4:19, 33:18
**CAT** 1:25
**catch** 11:16
**category** 39:7
41:24, 44:4
54:13
**cause** 56:12
**certain** 9:17
37:11, 41:9
**certainly** 7:9
9:20, 10:10
10:15, 10:19
15:6, 15:12
15:19, 15:25
17:17, 17:19
18:13, 19:2
19:2, 23:12
24:4, 25:14
27:23, 30:5
32:16, 34:10
34:23, 40:25
43:24, 44:8
44:10, 45:22
49:19, 49:20
49:25, 51:11
53:23, 54:25
**certainty** 30:23
**Certificate** 2:6
**CERTIFICAT...**
59:1
**CERTIFY** 59:2
**chance** 4:9
**change** 6:7, 10:5
**changes** 6:3
**check** 37:15
57:23
**choice** 47:5
**Circuit** 33:17
**circumstance**

20:7, 40:2
**claim** 8:23, 15:5
15:7, 15:7
15:14
**claims** 5:3, 5:4
5:13, 16:16
**clarification**
35:17, 47:21
**clarify** 35:22
41:13
**clean** 6:6
**cleaned** 6:14
**cleaning** 40:13
**clear** 21:2, 21:5
23:21, 36:5
41:15, 41:17
46:11, 47:25
48:5, 48:15
**clearly** 35:8
**close** 4:11
**closer** 44:19
**code** 30:1, 32:4
**Cognizant** 9:18
**colleague** 7:19
**colleagues** 6:22
**come** 27:7
44:20, 57:4
57:17, 57:18
**comes** 10:11
13:12, 24:5
**coming** 51:12
55:1
**commercial**
44:6
**common** 22:20
**comparable**
38:3
**compilation**
47:13
**compilations**
44:16
**completely**
44:12
**completion** 3:2
**compliance**
50:21

**concern** 20:4
25:25, 38:7
**concerning** 26:2
**concerns** 16:24
17:1
**condition** 13:17
**confer** 9:9, 57:5
57:7
**conference** 1:11
3:3, 57:3
**conferring**
50:12
**confers** 49:8
**confirming** 5:18
**confusing** 26:3
**confusion** 20:11
56:12
**connected** 37:13
38:18
**connection** 35:9
**conscious** 17:13
**consider** 12:15
**considered** 23:1
36:24, 37:9
41:2, 48:22
**consistent** 48:16
**consolidated** 1:7
**constitute** 14:7
**construction**
14:7, 15:5, 15:7
15:14
**constructions**
15:7, 15:12
16:16
**contain** 17:3
26:4
**contains** 43:13
**contemplates**
45:10
**contemplating**
15:4
**continuing**
41:20
**contrary** 18:15
22:9
**contrast** 39:23

**conveniently**
42:10, 42:11
**conversations**
23:10
**copy** 8:8, 8:10
**Core** 1:3, 3:3
3:7, 5:8, 8:1
17:18, 19:8
25:21, 27:5
42:17, 45:7
**corporate** 17:18
18:7, 21:15
49:20, 49:25
**correct** 11:5
20:15, 29:19
35:20, 36:22
39:13, 39:21
46:7, 50:15
50:16, 56:2
56:25, 59:3
**correctly** 30:4
**counsel** 3:5
7:23
**couple** 7:6, 40:7
49:8
**course** 10:5
11:2, 12:12
37:20, 39:5
**Court** 1:1, 1:18
2:6, 3:1, 3:10
3:14, 3:17, 3:23
5:14, 5:18, 6:16
6:24, 7:2, 7:6
7:8, 7:13, 7:15
7:21, 8:2, 8:8
8:15, 9:3, 9:7
9:13, 10:10
10:14, 10:23
11:1, 11:3, 11:8
11:11, 11:16
12:1, 12:3, 13:4
13:9, 13:14
13:21, 14:1
14:3, 14:7
14:11, 14:13
15:4, 15:11

15:20, 16:2
16:5, 16:11
16:15, 16:19
17:5, 17:12
18:13, 19:11
19:17, 20:1
20:13, 20:16
20:22, 21:6
21:19, 22:2
22:16, 23:4
23:22, 24:3
24:13, 24:15
25:3, 25:14
26:5, 26:7
26:10, 26:12
27:7, 27:12
27:17, 27:23
28:6, 28:9
28:17, 28:23
29:4, 29:9
29:17, 29:21
30:8, 30:11
30:18, 31:3
31:13, 32:1
32:16, 33:6
33:15, 33:22
34:18, 35:1
35:14, 35:20
36:1, 36:5
36:13, 36:17
36:20, 37:10
37:17, 37:23
38:8, 38:12
38:16, 38:19
39:4, 39:10
39:18, 39:20
39:22, 39:25
40:6, 40:9
40:14, 40:17
41:4, 41:11
41:19, 41:25
42:5, 42:8
42:14, 42:21
43:4, 43:11
43:21, 44:15
45:1, 45:3

45:13, 45:22
46:4, 46:8
46:11, 47:16
47:20, 47:23
48:14, 48:18
48:20, 48:25
49:4, 50:5, 50:9
50:17, 51:2
51:6, 51:23
52:8, 53:12
53:14, 53:22
54:12, 54:16
54:20, 55:9
55:15, 55:19
55:23, 56:1
56:4, 56:8
56:10, 56:13
56:15, 56:18
56:21, 57:1
57:9, 57:15
57:19, 57:21
**Court's** 5:13
5:25, 11:19
**courtroom** 6:11
**covered** 24:17
43:21
**covers** 43:22
**create** 20:11
33:17, 33:19
**created** 31:22
**cross** 28:18
47:1
**cross-examinat...**
12:10, 15:9
17:16, 17:22
18:12, 19:5
25:11, 25:13
26:16, 28:21
28:25, 45:18
45:21
**cross-identifica...**
28:20
**CSR** 1:18
**current** 5:9
**custodian** 33:24

**D**

**damages** 26:16
26:20, 37:1
37:2, 43:17
43:18
**data** 44:16
**Date** 59:10
**day** 15:21
**deal** 6:20, 57:19
**deals** 14:17
14:20
**dealt** 26:19
31:8, 54:21
**decided** 28:21
47:12
**declarations**
27:4
**declared** 26:20
**deem** 34:11
**defendant** 5:20
28:2, 46:12
**defendant's** 8:9
49:16
**defendants** 1:9
1:17, 17:8
**defense** 7:23
**defenses** 18:24
**Definitely** 24:13
**delay** 29:23
40:12
**demonstrate**
52:1
**demonstrated**
53:10
**demonstrations**
51:9
**demonstrative**
51:21
**demonstratives**
51:12, 52:22
53:5
**depictions** 52:9
**depo** 5:10, 5:11
6:4, 6:5, 6:13
6:22, 7:16

**deposition** 5:5
17:9, 18:9, 20:6
22:17, 24:18
24:23, 25:2
25:15, 39:12
39:14, 39:17
40:1, 42:18
56:23
**depositions**
21:24
**Deputy** 1:18
59:9
**DeRieux** 3:6
3:6, 3:12, 3:15
3:17
**describe** 32:5
**described** 32:16
32:19
**descriptions**
30:1, 30:25
**designate** 23:13
**designated** 5:14
18:20, 22:16
**designation** 6:6
**designations** 5:5
5:10, 5:11, 6:4
6:7, 6:13, 6:23
7:16, 17:9
17:10, 18:9
19:1, 20:6
22:14, 22:17
24:9, 25:2, 25:8
56:23
**desperately**
45:25
**developer** 33:3
44:7
**developers** 32:4
33:3
**devote** 7:17
**diagrams** 34:14
**dictionary** 41:1
41:10
**differ** 23:5
**different** 8:6
8:13, 11:9

12:13, 25:7
52:20, 54:13
**dire** 48:20
**directories**
44:18
**disappeared**
49:10
**disavowed**
39:14, 39:25
41:14
**disclosed** 7:12
18:17, 19:13
19:20, 22:4
23:5, 25:2
29:18, 31:3
31:5, 31:14
**disclosure** 18:19
19:25, 23:7
**discovery** 29:15
**discrete** 13:9
**discuss** 7:25, 8:4
57:18
**discussed** 16:8
27:15
**discussing** 6:15
41:22
**discussions** 7:23
9:11
**dispense** 8:5
8:5
**dispute** 30:12
30:14
**DISTRICT** 1:1
1:1
**DIVISION** 1:2
**docket** 3:4, 4:24
5:15
**document** 12:17
13:1, 15:1, 20:8
31:22, 37:15
37:20, 40:19
40:25, 42:15
42:16, 42:17
43:16, 49:18
49:21, 50:3
50:8, 50:25

**documentary**
17:21, 18:5
18:11
**documents** 8:6
11:18, 11:23
13:10, 14:6
14:9, 14:10
24:24, 25:21
25:22, 26:15
26:18, 26:24
27:19, 30:2
32:3, 32:6
35:18, 35:21
35:22, 35:23
36:7, 36:9
36:10, 39:7
40:7, 41:14
41:21, 41:22
41:24, 42:3
44:4, 44:8, 44:9
44:12, 44:19
45:15, 45:20
48:1, 48:17
55:4
**doing** 14:21
33:20, 51:14
51:14
**double** 37:15
**double-check**
54:7
**double-checking**
54:4
**doubt** 4:13
**dozen** 12:2
**Dr** 28:13, 30:3
30:7, 30:24
31:1, 31:4, 31:6
31:10, 31:12
40:22, 41:3
41:8, 42:3
42:18, 43:1
43:16, 44:11
51:9, 51:10
51:13, 51:25
52:1, 52:6
52:10, 52:15

**dramatically**
49:14

**E**

**earlier** 35:24
**EASTERN** 1:1
**eBay** 53:1
**edit** 52:3
**effect** 20:23
**efficient** 8:3
**either** 17:17
17:23, 18:11
18:23, 27:20
38:14, 50:1
50:21, 50:23
51:9
**Electrical** 41:1
**Electronics** 1:7
1:7, 3:3, 41:1
**Elizabeth** 3:6
**emergency** 7:7
**enter** 9:19
**entered** 37:25
49:22, 51:20
**entering** 50:3
**entire** 16:21
24:17, 39:11
**entirely** 21:1
54:24
**entirety** 49:21
54:5
**especially** 6:7
**essential** 14:8
17:2, 26:2
26:17, 26:20
27:1, 36:8, 38:6
45:10
**essentiality**
26:19, 26:24
27:2, 27:10
36:7, 38:7
45:11
**essentially** 8:11
**establish** 38:25
**evaluation**

45:10
**event** 4:5
**everybody**
25:17
**everyone's** 37:4
**evidence** 4:20
8:22, 9:6, 9:20
10:5, 17:8
17:11, 18:6
18:12, 18:21
19:13, 19:16
19:18, 19:24
20:9, 21:3, 21:9
21:12, 34:20
47:6, 49:22
50:4, 51:15
51:21, 51:25
52:4, 53:11
55:1, 55:7
**exactly** 25:4
30:25, 32:11
34:6, 55:3
**example** 47:12
**Excel** 50:20
**exception** 32:19
32:22, 32:25
33:7, 34:19
40:8, 40:10
40:22, 42:22
42:23, 43:3
43:9, 43:22
44:5, 44:13
47:11
**exceptions**
46:14, 46:20
**excerpt** 20:8
**exclude** 42:7
**excuse** 16:23
26:9, 36:3
42:17
**exhausted** 4:25
**exhibit** 5:10
5:12, 5:23, 6:2
6:10, 6:15, 6:21
7:25, 8:1, 8:9
8:24, 9:1, 9:23

10:8, 10:18
13:6, 13:15
13:24, 14:10
14:10, 19:22
22:5, 23:7
24:18, 25:12
25:23, 26:23
27:14, 28:20
29:13, 34:21
35:6, 35:7, 39:2
40:4, 40:5
42:17, 44:17
45:5, 46:2, 46:6
47:10, 48:6
49:1, 49:9
49:15, 49:15
50:8, 50:14
50:20, 52:14
54:6, 55:11
55:12, 55:22
**exhibits** 5:5, 7:3
7:15, 7:20, 8:4
8:19, 8:25, 9:1
9:15, 9:23, 10:3
10:12, 10:21
11:14, 11:24
16:23, 23:21
25:18, 25:23
27:20, 27:21
27:25, 28:15
29:2, 29:13
39:8, 39:8
39:12, 39:15
39:16, 46:19
49:6, 52:18
53:12, 54:11
55:20
**existence** 11:21
**expect** 46:18
**expedite** 9:12
**experience** 6:5
33:16
**expert** 7:8
15:10, 21:16
21:17, 27:19
27:20, 27:20

27:25, 28:12
28:13, 29:4
30:7, 30:13
30:22, 31:2
31:10, 31:15
32:17, 34:1
34:23, 35:5
35:9, 37:19
38:24, 39:5
42:18, 43:17
43:23, 43:25
46:14, 46:25
53:16, 53:20
54:2, 54:18
**experts** 17:18
21:19, 21:23
22:2, 27:23
32:12, 34:5
36:25, 37:20
37:22, 38:3
47:3, 53:18
**Expiration**
59:10
**extent** 7:13
12:16, 12:25
16:16, 17:6
21:7, 22:4
22:15, 24:24
24:25, 52:6
52:13

**F**

**face** 43:4, 43:8
**fact** 15:10
15:13, 15:16
18:2, 22:25
25:10, 28:14
37:19, 37:22
37:24, 38:1
38:1, 40:18
41:7, 48:2, 48:4
48:8
**fall** 13:24, 40:8
40:21, 41:23
43:2, 43:9

Case 2:14-cv-00912-JRG-RSP   Document 21   Filed 03/21/16   Page 64 of 73 PageID #:  446

Page 64

43:15, 47:6
47:11, 47:17
54:12
**falls** 4:19
**familiar** 38:5
**fancier** 40:19
**far** 57:16
**fashion** 27:14
52:16
**Federal** 33:16
**feel** 4:4
**Fellow** 41:8
**figure** 20:23
**file** 54:24, 55:1
55:12, 55:13
**filed** 5:2, 5:16
26:23
**find** 55:15
56:12
**fine** 6:24, 8:2
16:11, 25:17
40:14, 47:3
57:12, 57:22
**Finn** 3:19, 42:13
42:16, 42:24
56:25, 58:1
**FINNN** 3:20
**first** 4:2, 4:15
4:19, 7:16, 7:24
8:19, 13:25
14:11, 35:18
44:23, 45:23
49:15, 49:17
**fit** 46:20, 46:24
**fly** 6:3
**follow** 47:9
47:25
**Foran** 3:10
3:11, 6:12, 6:18
6:19, 7:19, 7:22
8:3, 8:17, 8:18
9:4, 9:8, 11:6
11:12, 11:13
11:18, 12:2
13:23, 14:2
14:5, 14:12

16:21, 17:6
20:2, 20:15
20:17, 20:25
23:24, 24:16
25:20, 26:6
26:9, 26:11
27:18, 28:5
28:8, 29:1
29:11, 29:19
30:12, 30:14
31:20, 35:17
35:21, 36:3
36:6, 36:22
37:17, 37:18
38:4, 38:10
38:14, 39:7
39:13, 39:19
39:21, 39:23
40:6, 40:7
40:11, 41:13
41:20, 42:6
42:9, 43:7, 43:8
43:12, 45:5
45:15, 46:9
47:24, 48:15
48:24, 50:5
50:7, 50:16
51:4, 51:7
51:24, 53:14
53:17, 54:10
54:13, 55:10
55:18, 55:20
56:2, 56:7, 56:9
56:24, 57:7
57:11, 58:2
**forecast** 37:13
38:18
**foregoing** 59:2
**forgotten** 36:4
**form** 17:21
18:5, 32:13
53:9
**formality** 35:7
**former** 23:14
**forth** 18:1
**forward** 7:9

43:1, 48:20
50:19
**found** 9:1, 24:19
25:22
**foundation** 35:1
35:4, 35:8
35:10, 38:25
40:22, 42:3
44:12, 47:13
51:1, 51:16
51:25, 52:6
52:7, 52:9
52:12, 52:15
52:22, 53:15
53:24, 54:2
**FRAND** 17:1
17:23, 26:2
**frankly** 21:4
29:19
**free** 34:23
52:14
**French** 25:21
26:18, 35:23
**front** 49:22
**further** 35:7
35:8, 50:12
56:23

**G**

**Genband** 57:2
**general** 20:11
22:23
**generally** 44:9
48:3
**genre** 12:14
**Georgia-Pacific**
37:4
**getting** 10:24
**Gilstrap** 4:17
12:17, 46:18
**give** 20:23
34:12, 34:14
57:3
**given** 13:23
15:12, 34:2

43:1
**giving** 3:24
**Giza** 3:8, 3:9
5:6, 5:7, 5:16
7:2, 7:5, 7:18
23:24
**glad** 50:9
**go** 4:7, 6:5, 6:11
7:4, 7:9, 7:24
8:6, 8:17, 9:11
11:11, 11:17
18:18, 21:6
25:8, 35:23
41:14, 46:15
47:5, 51:15
57:24
**going** 4:6, 4:13
6:1, 6:20, 7:3
7:4, 9:10, 9:16
10:2, 11:6, 13:7
16:2, 17:7, 19:1
23:22, 24:3
28:22, 31:24
34:5, 34:5
34:15, 34:16
34:22, 46:13
47:10, 49:11
49:13, 50:1
51:13, 53:10
54:22, 56:3
57:21
**good** 3:1, 3:9
3:11, 3:13, 3:14
3:20, 5:19, 6:17
9:13, 45:14
47:23, 49:14
51:4
**Google** 29:25
31:22, 32:4
33:1, 33:2, 33:3
33:6, 33:11
33:12, 33:16
33:24, 40:8
40:10, 41:24
42:6, 44:3
**great** 8:16

57:11
**group** 14:18
14:19, 27:2
40:13, 51:7
52:17
**groups** 39:10
**guess** 19:21
20:23, 21:4
23:6, 31:13
38:8, 38:19
46:12

**H**

**half** 12:2, 13:25
**hand** 8:14
**handful** 12:2
**handing** 48:21
**handle** 6:2, 6:3
6:22, 7:19, 12:3
**happen** 15:22
**happened** 22:22
**happens** 42:19
50:1
**happy** 21:5
**hard** 21:8, 43:5
**Harris** 5:18
56:21
**head** 14:16, 44:2
**hear** 9:7, 20:1
25:9, 37:17
54:22
**hearing** 2:5
7:24, 16:9
55:19, 57:1
58:3
**hearsay** 19:17
22:25, 26:4
27:24, 31:21
32:2, 32:19
32:22, 33:7
34:22, 36:10
37:21, 37:24
38:20, 38:23
39:3, 39:4, 40:7
41:20, 41:21

42:7, 42:23
43:3, 43:13
45:7, 48:3, 48:7
48:12, 50:25
**held** 33:3
**help** 34:14
55:15
**helpful** 34:13
46:9, 47:8
**helping** 51:9
**Hendy** 3:12
3:13
**Herb** 3:19
**higher** 25:10
25:12
**histories** 54:24
55:1, 55:14
**history** 55:12
**Honor** 3:7, 3:9
3:11, 3:18, 3:22
5:7, 5:16, 5:22
6:9, 6:11, 6:19
7:5, 7:18, 7:22
8:10, 8:18, 9:8
9:19, 9:25
10:20, 11:10
11:13, 12:8
12:16, 13:13
13:20, 14:5
14:12, 14:19
15:25, 16:4
16:10, 16:18
17:13, 18:2
18:22, 19:21
20:2, 20:15
20:25, 21:7
21:22, 22:10
22:24, 23:16
24:2, 24:14
25:5, 25:19
25:20, 26:6
26:13, 27:16
27:18, 28:8
28:11, 28:19
29:1, 29:8
29:11, 29:19

29:23, 29:24
30:10, 30:15
30:19, 31:20
32:3, 32:24
33:9, 33:20
34:4, 34:11
35:13, 35:18
36:3, 36:14
36:23, 37:3
37:12, 37:16
37:19, 38:4
38:17, 38:22
39:8, 39:13
39:19, 40:11
40:12, 41:7
41:8, 41:14
41:23, 42:2
42:9, 42:12
42:16, 43:2
43:15, 44:1
44:2, 44:24
45:14, 46:7
47:8, 48:2
48:24, 49:7
49:17, 50:7
50:11, 50:16
50:19, 51:4
51:8, 52:17
53:13, 54:3
54:15, 54:19
55:8, 55:17
55:18, 56:11
56:20, 56:24
57:11, 57:13
58:1, 58:2
**HONORABLE**
1:12
**hour** 6:5
**hundred** 30:23
37:11
**hypothetical**
21:8

**I**

**idea** 19:12, 22:6

**identification**
13:18, 45:19
55:6
**identified** 8:25
12:9, 12:19
16:22, 23:18
25:9, 25:11
28:19, 30:3
30:6, 30:6
30:13, 30:21
31:11, 46:23
52:19
**identify** 29:1
34:24
**identifying**
12:24, 17:15
**IEEE** 40:25
41:8, 41:10
**imagine** 4:9
10:23, 49:18
**impeach** 20:21
**impeachment**
18:14, 18:16
19:5, 20:3
20:14, 20:20
20:22, 21:1
21:14, 24:5
24:25, 27:8
28:24, 45:18
45:21, 46:14
46:25, 50:2
**important** 48:18
**improper** 20:12
38:1
**inadmissible**
26:4, 37:21
**inadvertently**
55:10
**inappropriate**
34:11
**included** 36:2
41:15
**including** 40:4
**inconsistent**
20:10, 20:18
**indicate** 13:14

**indicated** 28:22
49:8, 52:25
**indicates** 44:17
**indication** 15:3
**indications** 33:4
**indicative** 17:23
**indicia** 34:8
**indirect** 45:8
**individuals**
57:17
**indulging** 45:4
**industries** 42:20
**industry** 32:7
43:1
**information**
18:5, 21:17
27:11, 29:25
32:12, 34:9
43:17
**infringement**
31:10
**insight** 4:12
**inspect** 53:18
53:18
**installed** 53:7
**intend** 9:20
45:16, 46:21
52:2
**intent** 18:17
19:14, 19:21
23:7, 23:11
30:9, 50:6, 50:7
53:3
**intention** 51:24
**interact** 32:8
33:13
**interest** 4:24
23:1
**interrogatories**
49:17
**interrupt** 30:20
**introduce** 8:22
8:23, 25:1
46:21
**introduced**
17:10, 27:21

29:16
**introducing**
25:24
**invalidates** 8:23
**inventor** 6:7
**investors** 45:8
**involve** 16:16
**involved** 25:22
52:11
**IPR** 11:19
13:18, 13:23
**irrelevant** 17:4
**issue** 5:5, 17:2
17:4, 37:18
**issues** 6:8, 22:21
26:16, 31:15
31:21
**item** 43:3
**items** 9:17
19:22

**J**

**JILL** 1:18, 59:8
**join** 6:12
**Judge** 1:12, 4:17
12:16, 46:18
**judge's** 45:23
**judicial** 41:6
**jump** 32:22
**Junker** 3:15
**jury** 4:2, 4:9
4:14, 4:16, 4:20
15:13, 15:13
15:15, 15:18
16:8, 16:17
32:18, 34:2
34:3, 34:12
34:25, 44:14
49:22
**justify** 20:7

**K**

**Kevin** 3:21
**kind** 30:25

**kindly** 54:10
**kinds** 19:18
**knew** 23:17
  56:11
**know** 4:5, 4:21
  9:8, 13:10
  16:12, 16:14
  18:24, 22:8
  22:22, 25:17
  29:20, 30:17
  30:21, 31:23
  34:18, 35:11
  38:5, 42:21
  43:6, 44:15
  44:15, 53:5
  55:3
**knowledge** 5:1
  39:15, 50:23
**known** 10:16
**Kudlac** 3:21
  6:21, 8:10, 9:8
  9:14, 10:19
  10:25, 11:2
  11:5, 11:10
  12:6, 12:8, 13:6
  13:13, 13:20
  13:22, 14:2
  14:13, 14:15
  15:6, 15:19
  15:23, 16:4
  16:9, 16:14
  16:18, 16:19
  17:13, 18:22
  19:15, 19:21
  21:5, 21:6, 21:7
  21:22, 22:10
  22:24, 23:16
  23:23, 24:8
  24:14, 25:4
  25:19, 26:12
  26:13, 27:9
  27:16, 28:10
  28:11, 28:18
  29:6, 29:8
  29:23, 30:10
  30:15, 30:19

31:6, 32:1, 32:3
  32:24, 33:9
  33:19, 34:4
  35:13, 36:14
  36:19, 36:21
  37:11, 38:17
  38:22, 40:1
  40:12, 40:16
  40:18, 41:6
  41:16, 41:18
  41:23, 42:2
  42:11, 42:15
  43:15, 44:1
  44:24, 45:2
  45:4, 45:14
  45:25, 46:7
  47:8, 47:19
  47:21, 49:7
  50:11, 50:18
  52:17, 53:13
  54:3, 54:9
  54:15, 54:19
  54:21, 55:17
  55:22, 55:25
  56:3, 56:6
  56:11, 56:14
  56:17, 56:19
  57:13, 57:16
**Kudlac's** 6:2

## L

**laid** 51:25
**large** 49:10
**late** 4:6, 56:4
**latest** 8:8, 26:22
  49:9
**launched** 50:9
**law** 33:17, 33:19
**lay** 32:14, 35:1
  35:10, 47:13
  52:6, 52:11
  52:15, 53:15
  54:1
**lead** 1:5
**learn** 15:20

**learned** 33:25
  34:10, 34:18
  35:1, 40:21
  41:2, 42:4
  43:22, 44:13
  44:22, 46:15
  47:2, 47:12
**leave** 6:9, 6:11
  10:14, 10:24
  24:6, 35:1
**leeway** 4:22
**LG** 1:7, 1:7, 3:3
  3:19, 8:21, 8:23
  24:24, 25:12
  32:11, 48:6
  48:10, 51:10
  52:19, 53:6
  53:17
**LG's** 7:25, 48:6
  53:18, 55:11
**library** 22:18
**license** 36:24
  37:5, 37:8
  37:23, 38:3
  48:2, 48:4, 48:9
**licenses** 48:6
  48:10
**LICENSING**
  1:3
**limine** 8:21
  9:18, 9:22, 10:7
  11:20, 11:20
  11:24, 12:12
  14:9, 16:24
  17:1, 17:14
  17:15, 17:25
  18:1, 19:10
  20:10, 25:25
  26:1, 36:8
  36:12, 45:9
  45:12
**limitations** 39:1
**limited** 10:12
**list** 5:10, 5:12
  5:23, 6:2, 6:10

6:15, 7:25, 8:1
  8:9, 9:1, 9:10
  9:23, 10:8
  10:11, 10:13
  10:18, 11:6
  11:23, 13:16
  19:22, 22:5
  24:18, 25:12
  25:18, 26:15
  26:23, 27:3
  27:14, 28:20
  29:13, 31:5
  35:6, 35:7, 40:5
  44:18, 45:17
  46:2, 46:6
  47:10, 48:1
  48:6, 48:16
  48:19, 49:1
  50:8, 52:14
  54:1, 54:5, 54:6
  54:17, 55:11
  55:12, 55:16
  55:22
**listed** 25:17
  29:13, 35:23
  55:11
**listing** 23:6
**lists** 10:16, 49:9
**litigation** 16:25
  17:24, 18:2
  25:21, 25:25
  26:19
**little** 6:4, 23:20
  40:19, 52:3
**log** 46:1
**long** 22:16
  50:22
**longer** 14:16
**look** 19:23
  32:12, 32:21
  38:15, 40:13
  55:5, 55:5
**looking** 30:25
  38:13, 43:5
**looks** 35:3
  42:10, 43:8

53:6
**lot** 12:1
**lots** 49:18
**love** 24:1
**lump** 25:6
**lying** 46:1

## M

**Magee** 43:1
**Magee's** 42:18
**MAGISTRATE**
  1:12
**maintain** 26:25
**making** 15:5
  52:11
**manipulated**
  51:17
**Mann** 3:18, 3:18
  3:19, 3:21, 3:23
  4:11
**manual** 9:4
  44:19
**march** 1:8, 2:2
  8:7, 59:8
**margin** 42:25
**margins** 42:20
**Mark** 3:18, 3:18
**market** 42:22
  44:5, 44:18
**Markman** 14:17
  14:20, 14:23
  15:24, 16:6
  16:12, 57:1
**MARSHALL**
  1:2
**material** 17:4
  37:21
**materials** 15:8
**matrix** 50:22
**matter** 31:9
  48:11, 59:4
**matters** 31:25
  38:2
**McFADDEN**
  1:18, 59:8

**mean** 5:8, 18:18
21:2, 21:3
30:20, 43:4
47:20, 48:18
**mechanical** 1:24
**meet** 9:9, 49:8
57:5
**meeting** 4:7
50:12
**memory** 30:4
50:22
**mention** 11:6
25:16, 35:24
36:4
**mentioned** 28:2
**merely** 13:2
**Metaswitch** 4:8
57:2
**MIL** 7:11, 8:20
**mind** 32:22
34:4
**minute** 49:12
**minutes** 5:9
**misled** 47:4
**missed** 54:7
**Mitch** 3:12
**MOBILECOM...**
1:7
**models** 52:19
**modification**
57:14
**modify** 10:6
14:25
**moment** 11:16
38:15, 51:2
52:4, 54:3, 57:8
**Monday** 4:6, 4:7
**morning** 26:23
57:1
**motion** 7:7, 7:12
8:21, 9:18, 10:7
11:20, 11:20
11:24, 12:12
14:9, 16:24
16:25, 17:25
17:25, 25:25

26:1, 36:8
36:12, 45:9
45:12
**motions** 7:7
9:21, 9:21
17:14, 17:14
19:10, 20:9
37:3
**move** 12:5
48:25
**moving** 33:6
**multiple** 37:2

### N

**name** 11:11
**nature** 44:22
49:23
**need** 9:24, 10:11
12:10, 19:7
34:25, 37:8
46:22
**needed** 25:2
**neglected** 29:1
35:24
**negotiations** 4:3
**Nelson** 3:21
5:21, 5:22, 19:1
**networks** 52:20
**never** 15:15
**new** 15:20
22:15, 33:17
33:19
**news** 43:13
45:14, 49:14
51:4
**non-elected**
8:22, 8:24, 8:25
9:5
**non-infringeme...**
30:3
**non-zero** 4:10
**normal** 18:19
46:22, 47:6
**note** 44:7, 50:10
**notebooks** 10:1

15:13, 16:8
**noted** 54:23
**notes** 59:3
**notice** 5:1, 10:1
10:3, 10:20
19:23, 41:6
45:19
**number** 3:4
4:10, 8:19, 10:9
10:10, 10:15
13:5, 13:22
25:16, 26:8
26:17, 28:4
28:6, 28:7
29:12, 48:6
49:10, 55:7
**numbers** 8:12
8:15
**numerous** 30:21

### O

**o'clock** 5:17
**object** 20:19
48:7, 48:8
48:12, 48:12
51:16, 53:4
**objected** 49:10
**objecting** 38:9
**objection** 11:4
14:3, 16:3
20:13, 24:4
27:13, 28:21
29:9, 29:17
32:2, 34:22
35:14, 36:17
36:20, 38:10
39:5, 40:3
41:11, 41:18
41:25, 43:10
43:24, 45:5
50:3, 51:11
51:22, 52:5
52:8, 52:13
52:21, 53:23
54:16, 54:25

55:8, 56:10
56:15
**objections** 6:1
6:21, 28:15
28:24, 38:20
46:10, 49:5
49:13, 49:16
49:19, 51:1
56:19
**obviously** 12:23
14:22, 20:3
21:19, 24:10
35:10, 36:11
37:2, 50:24
52:10
**occasions** 32:25
**occupations**
44:10
**occur** 15:11
18:3, 20:5
**offer** 12:6, 23:14
32:23, 52:7
54:17
**offered** 17:7
31:24, 32:20
32:20, 48:7
48:8
**offering** 21:2
42:22
**Office** 1:19
55:5
**offices** 53:19
**Official** 1:18
59:9
**Oh** 23:25, 35:15
36:3, 55:23
**okay** 4:25, 5:18
6:11, 7:18, 9:3
10:19, 11:1
11:11, 11:17
13:14, 13:21
14:13, 15:20
16:2, 16:5, 16:6
16:11, 16:15
20:16, 23:4
23:22, 24:3

24:25, 27:12
30:11, 31:13
32:1, 39:18
39:22, 41:11
43:11, 45:1
46:8, 47:23
48:14, 48:25
54:16, 55:19
56:8, 56:15
56:18, 57:9
**omitted** 42:10
42:11, 55:10
**Once** 17:13
**ones** 27:3, 28:2
38:3
**ongoing** 4:3, 4:5
**operate** 53:3
**operating** 30:2
32:5, 32:7, 32:8
32:10, 32:15
33:2, 33:13
33:14, 34:6
34:15, 51:10
51:11, 53:7
**operation** 53:4
53:9
**opinion** 39:6
**opinions** 22:3
32:13
**opportunity**
53:18
**opposed** 13:1
17:21, 33:10
37:14, 39:11
44:13
**oral** 7:13
**order** 7:4, 8:21
11:19, 11:20
12:12, 12:23
14:7, 14:9
14:20, 14:23
16:24, 16:25
25:24, 26:1
36:8, 36:12
37:7, 45:9
45:12

**orders** 14:17
15:24, 16:6
17:14
**ought** 27:21
**out-of-court**
31:23
**outcome** 4:5
11:22
**outstanding** 7:6
**overlong** 52:3
**owner** 12:21
13:5
**owner's** 12:14
13:7

**P**

**p.m** 1:8
**Padraic** 3:10
36:22
**Page** 2:3
**pages** 50:22
**Pagination** 8:12
**pamphlet** 40:20
**paragraph**
15:17
**pardon** 54:3
**part** 12:21, 15:7
17:8, 17:10
19:19, 23:8
25:2, 26:18
27:1, 29:15
37:4, 37:6
48:22
**particular** 23:8
37:22, 39:15
44:10, 53:6
53:7
**particularly**
19:13, 28:13
**parties** 11:21
46:12, 55:3
56:22
**parts** 23:13
**party** 22:7
42:24, 45:6

**passing** 50:23
**patent** 12:14
12:21, 13:5
13:7, 55:5
**patents** 5:3
5:13, 14:8, 14:8
14:17, 14:21
14:23, 15:2
17:2, 17:3, 17:3
26:3, 26:19
31:11, 36:8
38:6, 45:11
**Pause** 7:1, 29:22
51:3, 54:8
57:10
**PAYNE** 1:12
**pendency** 11:22
12:24, 13:3
**people** 6:8, 18:3
32:6, 32:14
**percent** 30:23
37:11
**perfect** 33:10
**periodicals**
43:22
**permission** 10:6
12:18, 42:12
**permits** 12:17
**permitted** 9:25
**persons** 44:10
**petition** 13:24
**petitions** 12:20
**phone** 52:2
53:6
**phones** 32:11
51:10, 51:17
52:18, 52:20
52:23, 53:17
54:5, 54:6
**physical** 53:12
**pick** 4:16, 4:20
57:19
**pieces** 8:25
**place** 10:2, 23:4
**plaintiff** 1:4
1:16, 3:7, 6:18

31:16, 45:19
50:13, 50:14
**plaintiff's** 26:23
28:15, 49:1
49:6, 49:17
**planning** 10:21
10:24
**played** 37:6
37:6
**Please** 3:1, 49:4
**point** 35:17
41:12, 47:25
**pointed** 54:10
**pointing** 44:4
**portion** 28:19
**portions** 17:20
18:21, 22:14
**possibility** 27:11
**possible** 31:9
**possibly** 33:25
**Post** 1:19
**post-grant**
11:22
**potential** 19:3
26:15
**potentially**
17:16
**practice** 20:11
**preadmission**
53:15
**preadmitted**
10:12, 10:18
13:15, 25:18
27:14, 35:6
35:7, 45:17
46:5, 46:16
46:24, 47:18
48:1, 48:16
48:19, 52:14
54:1, 54:17
**prejudicial** 26:3
49:23
**preliminary**
10:16, 13:7
**premise** 48:16
**prepared** 6:2

7:9, 13:16
35:10, 45:6
45:7
**presence** 15:15
15:17
**present** 21:3
**presently** 13:10
**preserve** 13:11
**pretrial** 1:11
3:3, 57:2
**pretty** 4:25
**previous** 25:6
27:3
**previously** 15:3
18:15
**principle** 38:19
38:20
**principles** 24:17
24:21, 24:22
**printouts** 29:25
**prior** 7:12, 8:22
8:24, 8:25, 9:5
21:20, 22:7
22:18, 22:21
**probably** 4:6
4:12, 9:12, 19:1
25:8, 43:9
49:18
**problem** 6:1
22:2, 22:18
35:11, 40:9
53:8
**problems** 36:11
**proceed** 3:16
3:22, 7:13
52:15
**proceeding** 13:3
13:19
**proceedings**
1:24, 7:1, 11:19
11:22, 12:25
29:22, 51:3
54:8, 57:10
59:4
**process** 16:8
18:19, 23:12

46:16, 46:19
46:22, 47:5
49:11, 57:6
**produced** 1:25
29:12, 29:15
30:5
**product** 43:20
**productive** 5:25
**products** 32:13
**profit** 42:19
42:25
**progress** 56:23
57:16
**prohibited**
17:25
**proper** 20:14
23:7, 24:4
24:24, 32:17
42:25
**properly** 23:5
**provide** 4:12
10:1, 20:17
37:14, 40:22
41:9, 42:3
44:11
**provided** 9:9
16:17, 30:5
30:6, 32:3
53:17, 53:22
**provides** 8:21
**providing** 10:3
11:21, 45:19
**public** 44:10
**publications**
44:6
**pull** 42:9
**pulled** 43:13
**pulling** 33:11
**purchased**
52:25
**purely** 53:5
**purport** 52:10
**purpose** 22:8
25:1, 37:24
48:3, 48:7
48:13, 55:2

**purposes** 12:10
19:5, 20:4
25:12, 25:13
26:16, 28:19
50:2
**pursuant** 10:7
**put** 10:4, 18:3
18:12, 18:25
19:7, 19:22
19:24, 21:9
21:10, 21:11
21:14, 31:17
43:1, 46:2
49:22, 55:7
**putting** 10:7
18:25, 19:22
31:21

**Q**

**qualify** 33:23
34:10, 35:4
43:24, 44:8
**question** 7:6
**questioned** 47:1
**questions** 45:23
**quotations**
44:18

**R**

**raise** 7:5
**range** 47:6, 55:9
55:11, 55:13
**rare** 32:25
**rarely** 33:19
**read** 20:20, 34:2
34:13, 34:20
34:25, 40:1
44:14, 55:23
**reading** 13:2
17:21
**ready** 3:15, 3:22
9:2, 49:5, 57:22
57:24
**real** 4:13, 55:8

**realize** 47:24
**really** 4:3, 30:20
44:16, 44:17
44:20
**reason** 12:19
17:14, 17:15
21:10, 30:12
30:14, 35:3
**reasonable**
18:10
**reasonably**
18:25, 23:18
**rebuttal** 20:3
20:14, 20:23
20:24, 21:1
21:2
**received** 5:23
34:20
**recess** 49:1, 49:3
57:23
**recognize** 39:1
**recollecting**
15:25
**recollection**
54:5
**reconditioned**
53:1
**reconsideration**
49:12
**record** 3:2, 3:5
10:17, 11:14
21:12, 25:16
26:14, 33:24
36:5, 41:13
41:15, 41:17
48:22
**recorded** 1:24
**redact** 14:25
17:22
**reduced** 5:2
**reductions** 5:11
5:12
**refer** 9:24, 10:9
10:15, 11:21
12:10, 14:7
36:7, 55:8

**reference** 9:5
10:8, 15:1, 15:2
16:25, 17:1
45:8
**referenced** 10:3
**references** 17:3
26:2
**referred** 15:17
48:2, 55:4
**referring** 5:13
**refers** 38:6
45:11
**reflect** 15:1
**reflected** 5:4
**reflects** 5:12
**regarding** 7:11
7:11, 31:25
**regular** 46:13
**relate** 6:8, 14:6
32:9
**related** 11:19
24:16, 25:21
26:18
**relating** 37:3
**relevance** 36:11
**relevant** 21:11
49:20, 50:1
**reliability** 34:7
**reliable** 38:25
**relied** 30:3
37:19, 37:22
38:3, 38:24
44:9
**relies** 43:18
**rely** 19:12, 32:7
32:17, 34:7
34:23, 37:21
38:21, 39:5
43:17
**relying** 21:17
22:3, 41:10
**remaining** 7:16
57:14
**remember** 3:25
14:16, 16:13
40:2

**remove** 15:1
35:5
**removed** 10:17
11:12, 13:15
54:1
**removes** 53:23
**report** 7:8
21:21, 22:4
28:13, 30:4
30:7, 30:13
30:22, 30:24
31:2, 31:4, 31:6
31:10, 31:12
42:18, 42:22
**Reporter** 1:18
1:18, 59:9
**Reporter's** 2:6
**reports** 21:20
27:5, 27:19
27:20, 27:20
27:23, 27:25
28:13, 29:4
31:8, 31:15
44:5, 52:25
**representative**
21:15
**representatives**
17:18, 19:8
**require** 23:13
35:8, 43:23
48:20, 52:9
**required** 4:18
**requires** 35:4
41:5
**reseller** 53:1
**residual** 32:25
**resolve** 56:10
57:5
**resolves** 46:10
**respect** 9:16
10:4, 12:14
12:23, 13:23
14:20, 14:23
18:23, 21:23
24:9, 26:16
28:12, 32:13

36:14, 36:16
36:25, 43:19
44:3, 45:15
49:12, 49:23
50:24, 52:21
53:2, 53:25
**respond** 20:4
26:25, 38:21
39:3
**response** 9:7
11:8, 14:14
14:15, 19:6
20:1, 20:2
23:18, 32:1
43:7
**responses** 12:22
13:8, 49:16
**resumption**
57:2
**reveal** 13:3
**review** 21:23
**revise** 5:23
**Rhyne** 28:13
30:3, 30:7, 31:1
40:22, 41:3
41:8, 42:3
44:11
**Rhyne's** 30:24
31:4, 31:6
**right** 3:17, 3:23
5:19, 6:16, 7:21
8:12, 8:15, 9:7
11:3, 11:8, 12:3
12:4, 13:4
13:11, 13:14
14:1, 14:4
14:15, 16:17
17:5, 17:12
19:2, 19:11
20:1, 20:25
21:6, 24:15
25:3, 26:7
26:10, 26:12
28:10, 28:23
29:9, 29:21
30:8, 30:11

31:19, 35:14
35:20, 36:1
36:13, 36:17
36:20, 37:10
37:17, 38:8
38:16, 38:19
39:4, 39:25
40:6, 40:9
41:19, 41:25
42:5, 42:14
43:4, 44:23
45:13, 46:4
50:5, 50:12
50:17, 51:2
51:6, 51:23
53:14, 53:22
54:20, 55:15
56:1, 56:3
56:21, 56:23
**rounds** 49:9
**ROY** 1:12
**rule** 22:23, 33:7
41:4, 42:7
42:23
**rules** 10:2, 18:6
23:13
**ruling** 9:19
15:5, 15:14
15:16, 16:7
24:11, 28:12
28:14, 36:15
53:25
**rulings** 9:21
15:6, 17:25
19:10, 24:10
**run** 26:8
**running** 51:10

**S**

**S.A.R.L** 1:3
**saleable** 43:19
**sat** 23:25
**satisfy** 11:23
**saying** 18:20
27:7, 33:12

47:14, 47:16
47:16, 55:20
**says** 18:15
30:15, 34:19
**schedule** 6:10
**scope** 5:2
**screen** 31:18
31:19, 43:14
**se** 42:6
**search** 33:11
**seated** 3:1, 49:4
**second** 4:8
**see** 1:16, 1:17
4:23, 6:13
12:20, 14:10
31:18, 35:3
35:11, 39:11
54:23, 57:23
**seeing** 32:21
**seek** 10:6, 24:6
**seeking** 9:19
10:4, 12:18
**seen** 15:15
15:23, 30:22
30:22, 37:3
**selecting** 20:6
**selection** 4:2
4:9, 4:14
**self** 50:10
**send** 6:22
**sense** 47:7, 48:9
57:6
**separate** 12:22
37:14
**SEPs** 17:23
36:16
**series** 28:16
29:11
**seriousness**
33:10, 33:22
**serves** 30:4
50:22
**service** 53:1
**set** 4:1, 4:2, 4:9
4:14, 7:2, 35:18
35:21, 49:17

**settlement** 4:3
4:10
**settles** 4:15
**sheet** 1:16, 1:17
**shortcut** 45:16
**show** 12:18
13:1, 13:1
34:12, 38:9
42:8, 51:13
51:18, 52:10
**shown** 45:24
53:10
**side** 10:1, 10:21
23:9, 31:4
35:11, 42:12
45:24, 48:21
**sides** 36:25
**sign-in** 1:16
1:17
**signed** 38:2
**similar** 12:9
40:15, 41:22
44:5, 44:17
51:1, 52:18
**simplify** 49:11
49:13
**simply** 37:24
46:18
**single** 30:23
**situation** 33:5
33:21
**six** 54:10
**skipped** 50:18
**skipping** 50:19
**slightly** 8:13
12:13
**small** 51:7
**smallest** 43:19
**somebody** 9:24
33:15, 43:16
51:9, 52:11
**sorry** 11:4, 14:2
30:19, 43:2
55:23, 56:4
56:12
**sort** 12:21

26:14, 36:6
**sounds** 6:16
**source** 30:1
34:24, 38:25
**specific** 23:13
**specifically**
34:19, 41:5
**speculate** 21:4
**sponsor** 46:14
47:3
**sponsoring**
43:23
**spreadsheet**
50:20
**Sprint** 50:21
50:25
**spurred** 44:2
**stand** 3:25, 18:3
20:21
**standard** 14:8
17:1, 26:2
26:17, 26:19
26:20, 26:24
27:1, 27:2
27:10, 36:7
36:7, 38:6, 38:7
40:25, 45:10
45:11
**start** 3:24, 4:21
6:10, 6:13, 7:4
9:3, 26:5, 40:10
**StarTAC** 9:4
**starting** 28:16
**starts** 25:10
48:23
**state** 3:5, 59:9
**stated** 48:11
**statement** 20:24
23:1, 23:2
31:24, 34:20
**statements**
12:15, 13:5
13:9, 15:24
19:7, 23:3, 27:5
48:10, 49:19
**states** 1:1, 1:12

15:16
**status** 4:24
**steal** 14:2
**stenographic**
59:3
**stenography**
1:24
**stipulate** 55:13
**strange** 54:25
56:12
**strike** 7:7, 7:12
**stuff** 49:25
**subject** 23:20
31:8, 34:9
36:15, 50:25
**submitted** 5:8
5:9
**substantially**
6:6
**successful** 4:4
**suggest** 57:13
**suggesting** 6:9
**suggestion** 6:17
**suitable** 15:9
**Sunday** 4:7
**supplemental**
7:8, 7:11
**support** 19:12
22:3, 32:18
**supports** 22:6
**suppose** 20:25
**sure** 3:25, 9:10
10:20, 21:4
23:25, 24:11
30:15, 30:20
38:14, 45:3
52:5, 54:4, 55:2
55:3, 55:6
**surprised** 54:22
**sustain** 11:3
16:2, 24:3
27:13, 28:23
34:22, 35:14
39:4, 41:11
43:23, 52:13
54:16

**sustained** 14:4
 29:10, 36:18
 36:20, 42:1
**swore** 18:16
**sworn** 18:3
**synthesize** 21:18
**system** 1:25
 30:2, 32:5, 32:7
 32:8, 32:10
 32:15, 33:2
 33:13, 33:14
 34:6, 34:16
 51:11, 53:7

**T**

**tacitly** 23:11
**take** 7:15, 13:4
 28:1, 30:16
 31:13, 33:15
 34:1, 39:10
 40:13, 41:4
 41:6, 46:19
 48:25, 49:1
 49:5, 56:16
 57:4, 57:22
 57:23
**taken** 51:19
**takes** 6:5, 46:14
**talk** 14:23
 49:15
**talked** 47:2
**talking** 5:24
 8:11, 9:24
 10:11, 10:13
 31:1, 31:18
 33:1, 34:5
 34:16, 46:20
**technical** 6:8
**tell** 4:17, 4:23
 5:20, 7:3, 13:16
 15:22, 19:11
 22:9, 23:12
 23:23, 38:13
 50:5
**telling** 12:24

**term** 4:1
**terms** 5:3, 25:16
 41:1
**terribly** 14:19
**testified** 21:11
 22:11
**testifies** 18:14
**testify** 34:7
 39:1
**testifying** 37:8
**testimony** 17:7
 17:9, 20:3
 20:17, 21:18
 22:3, 22:7
 23:14, 23:15
 25:1, 30:9, 41:3
 41:4, 44:12
**testing** 51:14
**Texas** 1:1, 1:19
 59:9
**thank** 3:17, 3:23
 7:21, 7:22, 8:18
 11:13, 14:5
 16:18, 16:19
 24:8, 24:14
 25:19, 27:16
 27:17, 27:18
 28:11, 35:13
 36:22, 42:16
 44:1, 44:4
 44:24, 45:2
 45:4, 47:19
 47:21, 48:24
 49:2, 49:4, 54:9
 56:14, 58:1
 58:2
**that'd** 8:15
**theirs** 5:23
 55:24, 56:5
**theory** 21:9
**thereof** 20:9
**thereto** 13:8
**thing** 8:11, 31:1
 34:7, 35:22
 36:19, 40:24
 46:11, 48:18

**things** 9:12
 10:5, 10:21
 12:11, 17:24
 37:8, 45:20
 46:23, 47:6
 47:9, 47:17
 49:23
**think** 4:7, 4:13
 4:25, 5:18, 5:24
 5:25, 6:3, 6:20
 8:3, 8:5, 9:12
 14:22, 15:14
 15:16, 15:21
 18:10, 18:13
 19:3, 20:4
 20:10, 21:13
 22:5, 22:18
 22:22, 22:24
 23:4, 23:6
 24:17, 26:13
 27:2, 31:7, 31:7
 32:24, 33:6
 33:7, 33:20
 35:5, 37:7, 40:9
 40:14, 40:21
 41:5, 41:16
 41:21, 42:7
 44:16, 44:20
 44:21, 44:22
 45:14, 46:10
 46:17, 49:5
 50:11, 51:18
 51:19, 52:3
 53:24, 54:24
 55:25, 56:22
 57:7
**third** 45:6
**third-party**
 38:17, 42:19
**thought** 36:1
 36:3, 44:2
**three** 3:25, 11:6
 11:9, 16:13
 36:21
**thunder** 14:2
**tied** 37:12

**time** 5:22, 5:25
 7:16, 10:5
 20:20, 30:5
 33:10, 34:17
 44:23, 53:20
 56:22, 57:3
 57:14
**timely** 29:18
 31:15
**today** 3:7, 3:19
 5:17, 5:25
 47:12, 57:14
 57:17
**told** 23:11, 46:3
 50:13
**tomorrow** 57:3
 57:4, 57:20
**tougher** 6:4
**transcript** 1:24
 17:10, 17:21
 18:9, 20:8
 20:19, 22:15
 23:7, 59:3
**transcripts**
 16:22, 17:7
 17:15, 19:4
 21:24, 24:1
 24:18, 24:22
 24:23, 25:11
 27:4
**treat** 27:12
 28:22, 54:13
**treatise** 33:25
 34:10, 34:19
 35:2, 40:21
 41:2, 42:4
 43:22, 44:13
 44:22, 46:15
 47:12
**treatises** 47:2
**trial** 4:1, 14:22
 17:9, 19:19
 20:5, 20:18
 21:12, 21:24
 21:25, 22:11
 22:12, 22:18

 22:21, 23:6
 24:1, 29:16
 34:17, 44:25
 47:14, 48:22
 54:18
**tried** 14:24
 45:25
**true** 21:22, 38:4
 39:16, 40:24
 59:2
**truth** 31:25
 32:20, 48:11
**truthfulness**
 33:4
**try** 44:24, 45:16
 45:23, 56:3
**trying** 14:18
 20:23, 26:25
 31:7, 31:7, 42:9
**turn** 7:19, 8:1
 16:3
**twist** 12:13
**two** 4:15, 4:19
 14:21, 16:13
 16:14, 35:24
 54:19, 57:17
**Tyler** 1:19
**type** 32:6, 32:12
 34:6, 43:16
 46:20
**types** 15:23
 45:20
**typically** 37:23
 49:24

**U**

**U.S.A** 1:7
**Uh-huh** 57:15
**unaltered** 51:17
**unauthenticated**
 39:8
**undated** 29:14
**understand** 5:1
 15:11, 28:12
 28:14, 31:24

32:7, 32:12
32:14, 37:5
47:10, 48:1
52:5, 56:21
**understanding**
5:15, 34:15
46:4
**Understood**
40:11
**underwrite** 34:1
**unit** 43:19
**UNITED** 1:1
1:12
**untimely** 7:12
**update** 3:24
**upstairs** 6:12
**URLs** 29:12
29:24, 34:14
**use** 5:25, 10:10
10:14, 10:21
10:24, 12:10
12:17, 12:25
13:10, 13:11
13:17, 15:4
15:9, 17:16
17:20, 18:4
18:6, 18:11
18:13, 18:16
18:17, 18:21
19:4, 19:9
19:12, 19:16
20:14, 20:19
22:19, 23:2
23:8, 23:17
23:25, 24:4
24:6, 24:24
25:15, 27:14
28:24, 30:9
32:4, 33:4, 35:9
42:25, 43:25
45:23, 46:13
46:25, 50:24
51:13, 53:3
55:13
**USPTO** 11:22
**utterance** 38:1

**V**

**valuation** 45:6
**Vander** 7:7
43:16
**variety** 36:6
**various** 42:20
49:9, 52:19
52:20
**Veen** 43:16
**Veen's** 7:7
**Verizon** 50:21
50:25
**version** 5:9
18:11, 26:22
53:7
**versions** 49:9
**versus** 3:3
**video** 51:8
**videos** 52:1
**view** 20:12
**violate** 9:21
11:19, 11:24
12:23, 16:23
20:9, 25:24
26:1, 36:11
**violating** 12:11
**violation** 8:20
14:8, 36:8
45:11
**virtually** 9:17
**voir** 48:20

**W**

**want** 6:24, 7:2
7:5, 9:20, 10:8
10:14, 12:6
12:17, 12:23
13:10, 13:17
18:21, 23:14
24:25, 33:17
33:19, 34:24
35:9, 40:10
46:11, 46:17
47:4, 48:15

53:16, 55:2
55:6
**wanted** 10:20
24:11, 26:25
30:20, 35:22
41:15, 41:17
47:25, 48:5
48:11, 54:7
**wanting** 13:11
23:17
**wants** 24:24
**way** 8:3, 9:25
10:22, 12:4
13:3, 15:21
17:23, 22:13
27:13, 28:21
30:17, 44:23
49:23, 50:20
52:23, 53:3
53:15, 53:19
54:13, 55:5
**we've** 5:24, 9:11
23:18, 27:15
41:22, 43:13
46:3, 47:1
55:10
**website** 33:3
33:11, 44:7
**websites** 29:14
29:25, 40:20
**week** 4:3
**went** 21:25
**whatsoever** 55:1
**whichever**
16:12, 16:15
**Wireless** 1:3
3:3, 3:7, 5:8, 8:1
17:18, 19:8
25:22, 27:5
42:18, 45:8
**wish** 43:23
**withdraw** 38:10
43:9, 50:7, 51:5
**withdrawal** 5:4
5:12
**withdrawing**

50:14
**withdrawn** 14:8
15:1, 17:3, 51:6
56:16
**witness** 20:17
20:20, 20:21
23:14, 39:14
39:24, 39:25
50:23
**witnesses** 4:18
15:10, 15:10
18:14, 19:6
21:15, 21:16
22:11, 27:5
37:7
**word** 30:16
**words** 4:19, 7:3
46:17
**work** 6:12, 6:19
32:11, 32:13
57:12
**working** 6:13
10:18, 32:6
52:20
**works** 30:2
32:5, 32:8
32:10, 32:15
33:13
**world** 19:18
**worldwide** 33:2
**writing** 32:4
**wrong** 25:14
55:24

**Y**

**yeah** 23:25

**Z**

**Zeger** 51:9
51:10, 51:13
51:25, 52:1
52:6, 52:10
52:15
**Zeger's** 31:10

31:12
**zero** 4:11

**0**

**020** 54:23, 54:25

**1**

**1** 2:4, 5:17
14:18, 16:24
17:25, 25:25
**1:00** 57:3
**1:15** 5:17
**1:30** 1:8
**10** 5:9
**1000** 25:10
25:12, 45:15
46:5
**1044** 11:15
**1061** 24:19
**1063** 24:19
**1069** 24:19
**1072** 24:19
**1081** 24:20
**12** 28:15
**12/31/16** 59:10
**1200** 28:4
**127** 50:22
**1278** 27:22, 28:5
28:16, 28:17
**1279** 28:16
**1300** 29:2
**1314** 29:2
**132** 24:19
**1324** 29:2
**132406** 1:19
**1331** 29:2
**1343** 45:5
**14th** 4:19, 4:21
**15** 5:9, 45:9
**17** 43:3, 44:5
44:16
**18** 44:22, 59:8

**2**

**2** 1:8, 2:2, 50:14
**2:14-911** 3:4
**2:14-cv-911-JR...** 1:5
**2:14-cv-912-JR...** 1:6
**2016** 1:8, 2:2 59:8
**23** 14:10, 14:12 14:13, 16:3
**25** 29:2, 41:12

**3**

**3** 2:5, 8:20 14:19
**317** 50:20, 51:6
**32** 29:3
**330** 54:11
**335** 54:11
**3392** 59:9
**342** 54:22, 55:22 55:24
**343** 54:23, 55:22 55:24
**394** 51:8
**396** 51:8

**4**

**4** 11:20
**401** 5:15
**407** 52:18
**428** 52:19
**45** 39:18
**460** 55:16, 55:25
**461** 55:16, 55:25
**462** 55:21, 55:24
**463** 55:24
**47** 39:18
**470** 9:1, 9:3, 9:4 11:4
**476** 54:24, 55:1
**477** 9:1, 11:4

**478** 11:4, 29:13 31:19, 35:15 35:19
**490** 35:15
**491** 29:13, 35:18 35:19
**497** 11:14
**498** 11:24, 12:4

**5**

**5** 49:16
**500** 28:6
**501** 11:25, 12:4
**51** 39:18
**524** 40:7, 40:13 40:18, 41:12
**525** 40:8
**526** 29:14, 35:15
**528** 55:20
**529** 29:14, 35:15 55:20
**530-3163** 1:20
**531** 13:24, 14:3
**533** 27:22, 28:8 28:9, 28:13
**544** 39:9, 39:11 39:18, 40:4
**545** 39:9, 39:11 40:4
**546** 39:20, 40:3
**547** 39:16, 40:4
**550** 40:4, 41:16
**551** 39:16, 40:3 41:15, 41:15
**552** 39:20
**58** 2:6
**592** 14:10, 16:3 16:4, 16:5
**593** 16:3
**594** 14:10, 16:4 16:5
**596** 16:23

**6**

**613** 16:23
**614** 16:23
**63** 55:21
**633** 13:6
**638** 13:7
**642** 25:23, 26:6 26:7
**644** 26:5
**67** 24:19
**677** 35:25
**678** 26:9, 35:25
**679** 25:23, 26:9 41:21, 42:1
**680** 11:14
**681** 41:21, 42:1
**697** 42:7, 42:8 44:17
**698** 42:7, 43:11

**7**

**7** 14:9, 17:1 18:1, 26:1, 36:9 45:12
**70** 24:19
**708** 36:9, 36:14 36:18
**710** 36:9, 36:15 36:18
**739** 25:23, 26:11
**74** 24:20
**740** 36:10, 36:19
**75713** 1:19
**758** 36:9, 36:21 36:23
**759** 36:23, 37:12 37:13, 38:11
**760** 36:10, 36:22 38:12, 39:5

**8**

**8** 7:11
**801(d)(2** 23:1

**803(17** 44:5
**803(18** 34:19
**83** 24:20
**88** 27:22, 28:5
**8th** 4:2, 4:9 4:14, 4:16, 4:20

**9**

**903** 1:20