## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CORE WIRELESS LICENSING S.a.r.l. | § § § | |
| *Plaintiff*, | § § | Case No. 2:14-cv-912-JRG |
| v. | § § | |
| LG ELECTRONICS, INC. and LG ELECTRONICS MOBILECOMM U.S.A., INC., | § § § § | |
| *Defendants.* | | |

### FINAL JUDGMENT

A jury trial commenced in this case on September 12, 2016. After five days in trial, the jury returned a unanimous verdict (Dkt. No. 593) finding infringement and also finding that the claims in suit were not invalid.

The jury further found that LG's infringement of the asserted claims was willful. Such a finding invites the Court to exercise its discretion to determine whether enhanced damages are appropriate under 35 U.S.C. § 284.  In addition to determining whether to award enhanced damages, courts also have discretion as to the amount of damages to be awarded.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016) ("District courts enjoy discretion in deciding whether to award enhanced damages, and in what amount.").

Section 284 allows district courts to punish the full range of culpable behavior. *Id.* at 1933. Accordingly, the degree of enhancement should be proportional to the degree of the willful infringer's culpability. An enhancement of treble damages may be appropriate to penalize the most egregious conduct. A less significant enhancement may be appropriate for less egregious (though still culpable) conduct. The Court also has the latitude not to enhance even if willfulness

is found, where the degree of culpability is de minimis. The particular circumstances of each case must dictate the degree of enhancement. Having considered the totality of the circumstances in this case, the Court is persuaded that Core Wireless is entitled to enhanced damages toward the lower end of that spectrum.

It is undisputed that LG had detailed knowledge of the patents-in-suit long before the filing of this lawsuit. Throughout the course of the licensing negotiations Core Wireless provided LG with claim charts that set forth detailed infringement contentions. Core Wireless specifically demonstrated how LG infringes Claim 21 of the '850 Patent—a claim that the jury unanimously determined to be infringed by LG. The mere fact that LG was able to muster a non-infringement position during negotiations and at trial does not necessarily insulate it from enhanced damages. *Id.* Moreover, its invalidity defense, which was asserted at trial but rejected by the jury, is belied by the admission of LG's corporate representative, Seung June Yi, who testified at his deposition that after thorough review of the patents-in-suit he concluded that the patents are novel and non-obvious.

Finally, the Court makes note of with the manner in which LG abruptly terminated licensing negotiations. After a long series of meetings between the parties, including seven meetings in Seoul, Korea, LG invited the Core Wireless representatives to Korea one last time and indicated that it would be making a monetary offer for a license. Rather than make an offer or engage in serious, good faith negotiations, LG delivered a terse one-page presentation stating that a lawsuit at that time between the parties was "preferable" to a license, and that LG would prefer to wait until another major cell phone manufacturer licensed the portfolio, at which point LG intended to be "a follower" in the established royalty scheme. (LGX-808.) This should have been done by email. LG's conduct in making Core Wireless send representatives to Korea to be

handed a one-page document like this is clearly within totality of the circumstances which the Court should properly consider.

It is apparent to the Court that LG's decision to terminate negotiations and continue operations without a license was driven by its resistance to being the first in the industry to take a license, and not by the merits or strength of its non-infringement and invalidity defenses.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury's verdict and the entirety of the record available to the Court, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1.    Defendants LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc. (collectively, "Defendants" or "LG") infringe claim 19 of U.S. Patent No. 6,633,536 and claim 21 of U.S. Patent No. 7,804,850.

2.    The asserted claims are not invalid.

3.    Plaintiff Core Wireless is hereby awarded damages against LG and shall accordingly have and recover from LG the sum of $2,280,000.00 U.S. Dollars, which amount is a running royalty calculated through the date of trial.

4.    In light of LG's willing infringement, Plaintiff Core Wireless is hereby awarded enhanced damages against LG and shall accordingly have and recover from LG the additional sum of $456,000 U.S. Dollars.

5.    Core Wireless is the prevailing party, and as the prevailing party, Core Wireless shall recover its costs from LG.

Any and all pending motions as between Core Wireless and LG in this case which have not been previously addressed by the Court are **DENIED**.

The Clerk is directed to **CLOSE** this case.

So **ORDERED** and **SIGNED** this 1st day of November, 2016.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE