# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,**<br><br>Plaintiff,<br><br>v.<br><br>**LG ELECTRONICS, INC., and LG ELECTRONICS U.S.A., INC.**<br><br>Defendants. | Case No. 2:14-cv-912-JRG<br><br>Jury Trial Demanded |

**PROPOSED VERDICT FORM**[1]

In answering these questions, you are to follow all of the instructions I have given you in the Court's Final Instructions to the Jury. Your answers to each question must be unanimous.

As used herein, "Core Wireless" means Core Wireless Licensing S.a.r.l. and "LG" means "LG Electronics, Inc." and "LG Electronics U.S.A., Inc." As used herein, "'536 Patent" means U.S. Patent No. 6,633,536, and "'850 Patent" means U.S. Patent No. 7,804,850.

---

[1] Disputed language is in brackets.  Core Wireless's proposal are highlighted in yellow.

**QUESTION 1[.a].:**

What sum of money do you find by a preponderance of the evidence would reasonably compensate Core Wireless for LG's infringement of the '850 Patent?

$_____

**[QUESTION 1.b.:**

What royalty rate did you use to determine the above number? _____ ][2]

---

[2] LG objects to the inclusion of a separate question on a royalty rate because it implies to the jury that the only legally-acceptable form of royalty is one determined by applying a royalty rate to a royalty base. Consistent with the instructions in the first -912 trial, Core has already agreed to the following instruction on the form of royalty: "There are two ways to calculate a royalty. One way to calculate a royalty is to determine a one-time lump sum payment that the infringer would have paid at the time of the hypothetical negotiation for a license covering all sales of the licensed product both past and future. Another way to calculate a royalty is to determine an ongoing or "running" royalty where a royalty rate is applied against sales as they occur. When a running royalty is paid, the patent owner collects on-going payments over a period of time. It is up to you, based on the evidence, to decide what type of royalty (if any) is appropriate in this case." Inclusion of questions 1.b and 2.b will confuse the jury and improperly suggest that the jury cannot award a lump sum royalty. Although Core's damages expert opines as to a per-unit royalty rate, he also cites to numerous lump sum LG license agreements in his report. Moreover, the question is not relevant to any issue in this case. Core has no claim asking the Court or the jury to set a particular royalty rate—Core only has a claim for damages. Core has not identified any basis in law or in its pleadings for a special verdict form including a royalty rate question. It is irrelevant that Core has requested an ongoing royalty. First, LG incorporates its arguments in opposition to Core's post-trial motion that Core is not entitled to an ongoing royalty. (*See* Dkt. Nos. 626, 640.) Second, that request seeks equitable relief from the Court, and should not be put to the jury. Any claimed benefit of a purely advisory ruling from the jury would be far outweighed by the prejudice to LG in directly contradicting the jury instructions, and effectively directing the jury that they must only award a running royalty.

**Core Wireless responds** that Core Wireless's expert opinion on damages arrives at a running royalty rate, not a lump sum. LG's rebuttal damages expert has no lump sum damages opinion. He confirmed this during deposition. *See* 12/21/18 Vander Veen Depo Tr. pp. 15-16 ("I've not presented a specific lump sum amount for the '536 patent individually or the '850 patent individually…I've not presented a specific lump sum royalty amount for the '536 and the '859 patents combined.") Should the Court agree with any LG argument that the jury could somehow come up with its own lump sum amount in absence of expert testimony, there are manners to deal

**QUESTION 2[.a.]:**

What sum of money do you find by a preponderance of the evidence would reasonably compensate Core Wireless for LG's infringement of the '536 Patent?

$_____

**[QUESTION 2.b.:**

What royalty rate did you use to determine the above number? _____][3]

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The jury foreperson should then sign and date the verdict form in the spaces below and notify the marshal that you have reached a verdict. The jury foreperson should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Signed this \_\_\_\_\_ day of February, 2019.

_____
**Jury Foreperson**

---

with that on the verdict form, such as adding conditional language to the question at issue "If you determined the above number above using a royalty rate, what rate did you use." The '850 patent will not expire for many years. Core Wireless has requested and will request an ongoing royalty for infringement of the '850 patent past the date of trial as well as infringement of both patents-in-suit by LG products not subject to this lawsuit. The jury determining a royalty rate to apply to its damages amount will aid the Court in awarding this ongoing royalty. The disputed questions thus promote certainty and judicial economy, with no attendant prejudice to LG.
[3] LG incorporates its objection to Question 1.b.

- 3 -