# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | |
| **Plaintiff,** | **Case No. 2:14-cv-912-JRG** |
| v. | **Jury Trial Demanded** |
| **LG ELECTRONICS, INC., and LG ELECTRONICS U.S.A., INC.** | |
| **Defendants.** | |

## CORE WIRELESS'S MOTION FOR ENTRY OF ITS [CONTESTED] BILL OF COSTS

**Table of Contents**

I.    INTRODUCTION ........................................................................................................... 1

II.   APPLICABLE LAW ..................................................................................................... 1

III.  TAXABLE COSTS NOT IN DISPUTE......................................................................... 3

IV.   CONTESTED ITEMS .................................................................................................... 3

      A.   *Fees for printed or electronically recorded transcripts necessarily obtained for use in the case* ................................................................................ 3

      B.   *Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case* .............................. 7

      C.   *Witness Fees*........................................................................................................ 8

V.    CONCLUSION............................................................................................................... 8

# Table of Authorities

**Cases**

*Cassidian Communications, Inc. v. Microdata Gis Inc. et al*,
   12-cv-162, Dkt. No. 202 (E.D. Texas, August 11, 2014) .......................................................... 7

*Copper Liquor, Inc. v. Adolph Coors Co.*,
   684 F.2d 1087 (5th Cir. 1982) ................................................................................................... 2

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
   482 U.S. 437 (1987) ................................................................................................................... 1

*Fogleman v. ARAMCO*,
   920 F.2d 278 (5th Cir. 1991) ..................................................................................................... 2

*Holmes v. Cessna Aircraft Co.*,
   11 F.3d 63 (5th Cir. 1994) ......................................................................................................... 2

*Int'l Woodworkers of Am. v. Champion Int'l Corp.*,
   790 F.2d 1174 (5th Cir. 1986) ................................................................................................... 2

*S&D Trading Academy, LLC v. AAFIS, Inc.*,
   336 Fed. App'x. 443 (5th Cir. 2009) ......................................................................................... 2

*Smartflash LLC et al v. Apple Inc.*,
   Case No. 6:13-cv-447-JRG (December 20, 2018) ..................................................................... 3

*Stearns Airport Equip. Co., v. FMC Corp.*,
   170 F.3d 518 (5th Cir. 1999) ..................................................................................................... 2

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   2011 WL 4591893 (E.D. Tex. September 30, 2011) ................................................................. 2

**Statutes**

28 U.S.C. §1920 ......................................................................................................................... 1, 2, 7

## I. INTRODUCTION

After trials in September 2016 and February 2019, on March 7, 2019, the Court entered judgment in favor of Core Wireless Licensing S.A.R.L. ("Core Wireless") in the above-captioned case. (Dkt. No. 130.) The Court declared Core Wireless the "prevailing party" and ordered that it "shall recover costs, jointly and severally, from LG." *Id*. Pursuant to Local Rule 54 and the Court's Standing Order Regarding Bill of Costs ("Standing Order"), Core Wireless submitted a proposed Bill of Costs to LG Electronics Inc. and LG Electronics U.S.A. (together, "Defendants" or "LG") on March 18, 2019. (Declaration of Jacob Buczko, ¶ 2.) On March 20, 2019, the parties met and conferred but did not reach agreement on any items. The disputed items, along with applicable law regarding disputed items, are broken down and described below. Core Wireless respectfully seeks entry of its Contested Bill of Costs (Buczko Decl[1]. Ex. A), filed herewith, including all disputed items, which Core Wireless has concluded are allowable costs pursuant to the applicable law and this Court's Standing Order Regarding Bill of Costs.

## II. APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as a matter of course, unless the Court directs otherwise. However, the provisions of 28 U.S.C. §1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441-42 (1987). Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law. (*See* Standing Order.)

28 U.S.C. §1920 permits the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

---

[1] All Exhibits to this Motion are attached to the Declaration of Jacob R. Buczko filed herewith.

1

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Specifically, with regard to the contested deposition transcript costs, "the costs of a deposition are allowed if the taking of the deposition is shown to have been reasonably necessary *in light of the facts known to counsel at the time it was taken*." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982) (emphasis added), modified en banc, 701 F.2d 542 (5th Cir. 1983), overruled on other grounds by *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986); *see also Stearns Airport Equip. Co., v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). The Court's standing order is particularly instructive: "costs may be allowed for video tapes of depositions." Chief Judge Rodney Gilstrap's Standing Order Regarding Bills of Costs at 3 (citing *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 Fed. App'x. 443, 450–52 (5th Cir. 2009) (unpublished); *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 4591893, at *9–10 (E.D. Tex. September 30, 2011)) [hereinafter "Standing Order"]. Recoverable costs related to depositions typically include, but are not limited to: reporter's appearance fees, transcript costs, and videographer fees." (Standing Order.)

With regard to the contested exemplification costs, "costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity" 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The party seeking costs need not "identify every Xerox copy made for use in the course of legal proceedings." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). However, it must demonstrate some connection between the costs incurred and the litigation. *Id.* The Court first determines whether the charges sought are reasonable in light of the litigation. Reasonable charges shall be allowed …" (Standing Order.)

In addition, "graphics costs in preparation for and during any motion hearings, pre-trial hearings, and trial are properly taxable under § 1920(4)" because "[t]his Court requires parties to present their evidence at trial in a streamlined, orderly, and efficient manner." *Smartflash LLC et al v. Apple Inc.*, Case No. 6:13-cv-447-JRG (December 20, 2018); Order re: Costs, p. 9; E.D. Texas) (Ex. I.)

### III. TAXABLE COSTS NOT IN DISPUTE

After meeting and conferring, Core Wireless does not understand the following taxable items to be disputed by LG:

1. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case:
    a. Daily trial transcripts (Ex. B): **$13,000.00** for September 2016 trial[2].
    b. Pretrial Conference transcripts (Ex. C): **$2,205.43** for September 2016 trial
2. Fees for Witnesses (Ex. E): **$1161.00** for September 2016 trial
3. Docket Fees (*See* Dkt No. 1, Ex. F): **$400.00**

Total Agreed Items: **$16,766.43**

### IV. CONTESTED ITEMS

LG has indicated it contests taxation of the following costs:

*A.    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case*

Contrary to the Standing Order and the applicable law, LG contests taxation of *all* transcript, reporter costs, videographer costs and video transcripts from all depositions. LG contests paper transcripts to the extent it can discern they relate to asserted patents at issue *at the time the deposition was taken*, but not later at issue at trial. As detailed in this chart, the following depositions videos were necessary for the case (Buczko Decl. ¶ 7):

---

[2] Core Wireless understands LG contests taxation of any and all costs relating to the 2019 damages retrial. Core Wireless has requested legal authority from LG to substantiate its position but has seen none. Core Wireless observes that the Court explicitly granted its costs *after* the damages retrial without limitation. Dkt. 130.

| Deponent | Reasons Why Transcripts Necessarily Obtained for Use in this Case |
|---|---|
| 150731 Pehkonen, Kari | Inventor of patent in suit (nonparty). LG noticed deposition. Third party |
| 150804 Oskala, Jarkko | Inventor of patent in suit (nonparty). LG noticed deposition. Third party |
| 150807 Korpela, Mikko | Inventor of patent in suit (nonparty). LG noticed deposition. Third party |
| 150825 Ryu, Jeon Hyong | LG 30(b)(6) witness; Core Wireless designated transcript for trial, LG counter designated; located in Korea |
| 150827 Kim, Sung Soo | LG 30(b)(6) witness; located in Korea |
| 150828 Ryu, Ho Yeon | LG 30(b)(6) witness; located in Korea; Core Wireless designated testimony for trial, LG counterdesignated |
| 150910 Schneider, Matthias | Third party; Core Wireless designated deposition for trial, LG counter designated; LG designated for retrial. |
| 150916 Lindgren, John | Core Wireless trial witness; corporate representative for first trial; former employee during second trial; Core Wireless and LG designated testimony for second trial |
| 150917 Shaer, Phil | LG noticed and took deposition; LG designated testimony for trial; Core counterdesignated |
| 150918 Ahmadvand, Nima | Core Wireless 30(B)(6) witness; LG designated deposition for trial and retrial; Core Wireless counterdesignated |
| 150918 Juhn, Jungsheek | LG Rule 30(b)(6) witness located in Korea; Core Wireless and LG designated transcript for trial; Core Wireless designated for retrial, LG counter-designated; |

| | |
|---|---|
| 150924 Shin, Doo Seon | Conversant Employee (Core Wireless parent); LG noticed and took deposition |
| 150925 Johnson, Brad | Core Wireless employee; LG noticed and took deposition |
| 150928 Kessler, Alan (GTT) | Third party; LG noticed and took deposition. |
| 150930 Nafei, Yasser | LG 30(b)(6) witness; deposition designated by Core and counterdesignated by LG for trial and retrial |
| 151006 Misiag, Richard | Conversant employee (parent of Core Wireless); deposition noticed and taken by LG; LG designated and Core counterdesignated for trial and retrial |
| 151020 Hurtta, Tuija | Inventor of patent in suit (nonparty). Deposition noticed by LG |
| 151021 Parantainen, Janne | Inventor of patent in suit (nonparty). Deposition noticed by LG |
| 151022 Ranta-Aho, Karri | Inventor of patent in suit (nonparty). Deposition noticed by LG; LG designated testimony for trial |
| 151022 Suvanen, Jyri | Inventor of patent in suit (nonparty). Deposition noticed by LG; testified at trial and retrial |
| 151113 Sebire, Benoist | Inventor of patent in suit (nonparty). Deposition noticed by LG; testified at trial and retrial |
| 151208 Jackson, Charles | Core Wireless's infringement/validity/technical expert at trial |
| 151210 Wesel, Richard | Core Wireless's infringement/validity/technical expert at trial |
| 151211 Striegel, Aaron | Core Wireless's technical, infringement, validity expert |
| 151214 Toskala Antti | Core's standardizattion expert; LG noticed and took deposition and designated for trial |
| 151215 Vander Veen, Thomas | LG's damages expert; testified at trial and retrial |

5

| | |
|---|---|
| 151216 Rodermund Freidhelm | LG's ETSI expert; issued report |
| 151217 Fuja, Thomas | LGs noninfringement/invalidity/technical expert at trial |
| 151218 Davies, Michael | LG's noninfringement/invalidity/technical expert; issued expert report |
| 151218 Magee, Stephen | Core Wireless's damages expert witness; testified at trial |
| 151229 Lanning Mark | LG's noninfringement/invalidity/technical expert at trial |
| 151230 Lanning Mark | LGs noninfringement/invalidity/technical expert at trial |
| 151230 Ley, Eric | LG employee; LG designated transcript for trial; Core Wireless counterdesignated |
| 160113 Jackson, Charles | Core Wireless's infringement/validity/technical expert at trial |
| 160127 Wesel, Richard | Core Wireless's infringement/validity/technical expert at trial |
| 160810 Yi, Seung June | LG's corporate representative at trial; Rule 30(b)(6) witness; testimony designated by Core Wireless at retrial and counterdesignated by LG |
| 181116 Suh, Hojun | LG's Rule 30(b)(6) designee. Deposition designated by Core Wireless and counterdesignated by LG |
| 181213 Dell, Stephen | Core Wireless's damages expert for retrial; testified at retrial |
| 181218 Jackson, Charles | Core Wireless's technical expert for retrial; testified at retrial |
| 181219 Wesel, Richard | Core Wireless's technical expert for retrial; testified at retrial |
| 181221 Vander Veen, Thomas | LG's damages expert for the retrial; testified at retrial |

Core Wireless has highlighted items to be taxed from these depositions. (Ex. D). Core Wireless does not seek taxation of items disallowed by the Standing Order, including incidental

6

costs associated with depositions. (Buczko Decl. ¶ 7.) Core Wireless seeks taxation only of the videographer fee, paper transcript costs and reporter attendance fee for transcripts necessarily obtained for use in this case. *Id. See Cassidian Communications, Inc. v. Microdata Gis Inc. et al*, 12-cv-162, Dkt. No. 202 (E.D. Texas, August 11, 2014) (Judge Gilstrap) ("the appearance fees for reporters and videographers are not 'incidental' costs associated with depositions. To the contrary, they are costs necessarily incurred for 'transcribing' and 'reproducing' the depositions, and therefore recoverable under § 1920(2).") The Court's standing order is particularly instructive: "costs may be allowed for video tapes of depositions." Chief Judge Rodney Gilstrap's Standing Order Regarding Bills of Costs at 3. Contested costs for each deposition are included in Exhibit D (claimed items highlighted). The total amount of contested costs for depositions are **$85,295.60**.

LG also contests taxation of daily trial transcripts (Ex. B) and pretrial transcripts (Ex. C) from the February 2019 damages retrial. These costs amount to **$7,000** and **$470.25**, respectively. The Court ordered that Core Wireless was the prevailing party, entitled to its costs, after the damages retrial with no reservations. (*See* Dkt. 130.) Therefore these taxable costs should not be denied.

### B.    *Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case*

LG contests Core Wireless's invoices necessarily incurred for copying of exhibits for trial. Core Wireless is seeking taxation of only copying costs for preparing one set of trial exhibits for the Court. (Buczko Decl. ¶ 10, Ex. G). Core Wireless is not seeking taxation of costs disallowed by law and/or the Standing Order, such as e-discovery hosting costs and unreasonable document copying for trial. These taxable items total **$10,783.16**.

LG also contests Core Wireless's taxation of demonstrative, graphics and trial slide preparation costs even though this Court specifically allows taxation of such costs. Core Wireless has carefully selected and highlighted invoice charges by its trial graphics personnel that relate to the creation and preparation of graphics, demonstratives and slides for use in the two trials. Core

Wireless has omitted expenses and travel and technical or strategic consulting. *See* Ex. H. Total contested demonstrative, graphics and slide costs equals **$123,654.00**

      C.      *Witness Fees*

LG contests taxable witness fees from the February 2019 damages retrial amounting to **$804.00**. Explained above the Court ordered Core Wireless entitled to its costs after that retrial.

**V.    CONCLUSION**

Core Wireless respectfully requests that the Court enter in its entirety its Contested Bill of Costs, which totals **$244,773.44 ($228,007.01 contested and $16,766.43 agreed)**.

Dated: March 21, 2019

Respectfully submitted,

By: */s/ Reza Mirzaie*
Marc A. Fenster (CA SBN 181067)
Reza Mirzaie (CA SBN 246953)
Adam S. Hoffman (CA SBN 218740)
Neil A. Rubin (CA SBN 250761)
Jacob R. Buczko (CA SBN 269408)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
Email: mfenster@raklaw.com
Email: rmirzaie@raklaw.com
Email: ahoffman@raklaw.com
Email: nrubin@raklaw.com
Email: jbuczko@raklaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Mailing Address:
P.O. Box 3999
Longview, Texas 75606-3999

>Tel. 903/236-9800
>Fax 903/236-8787
>Email: ccapshaw@capshawlaw.com
>Email: ederieux@capshawlaw.com
>
>**Attorneys for Plaintiff Core Wireless Licensing S.A.R.L.**

## CERTIFICATE OF CONFERENCE

I certify counsel for Plaintiff and Defendants met and conferred regarding a proposed Bill of Costs prior to the filing of this Motion in Accordance with Local Rule 54 and this Court's Standing Order Regarding Bill of Costs.

>*/s/ Jacob R. Buczko*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document is being served via the Court's CM/ECF system per Local Rule CV-5(a)(3) on counsel of record for defendants on the above listed date.

>*/s/ Reza Mirzaie*

9