# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Core Wireless Licensing S.a.r.l., | |
| Plaintiff, | Civil Action No. 2:14-cv-00912-JRG-RSP |
| v. | |
| LG Electronics, Inc. and LG Electronics U.S.A., Inc., | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ENTRY OF ITS CONTESTED BILL OF COSTS**

**TABLE OF CONTENTS**

I. The Court Should Defer Consideration of Core's Bill of Costs. ........................................... 1

II. Contested Items .................................................................................................................... 3

    A. LG Should Not Be Taxed with the Costs of the 2019 Retrial. ...................................... 3

    B. Deposition Costs ............................................................................................................ 3

        1. Core's Costs for Witnesses that Overlap the -911 and -912 Actions Should Be Halved. .......................................................................................... 3

        2. Core Should Not Recover Costs Associated with the Eleven Patents Dropped from the Case. ........................................................................................ 4

    C. Core's Costs for Exemplification and Copies Are Unreasonable................................. 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. City of Jackson Miss.*,
　456 F. App'x 397 (5th Cir. 2011) ...................................................................................3

*Core Wireless Licensing S.a.r.l. v. Apple Inc.*,
　899 F.3d 1356 (Fed. Cir. 2018) ......................................................................................2

*Duhn Oil Tool, Inc. v. Cameron Int'l Corp.*,
　No. 1:05-CV-01411-MLH-GSA, 2012 WL 4210104 (E.D. Cal. Sept. 19, 2012) ..........6

*Eolas Techs. Inc. v. Adobe Sys., Inc.*,
　891 F. Supp. 2d 803 (E.D. Tex. 2012) ............................................................................6

*Ethicon, Inc. v. Quigg*,
　849 F.2d 1422 (Fed. Cir. 1988) ......................................................................................1

*Lasic v. Moreno*,
　No. 05-161, 2007 WL 4180655 (E.D. Cal. Nov. 21, 2007) ...........................................1

*LG Elecs. Inc. v. Conversant Wireless Licensing S.a.r.l.*,
　Nos. 17-2028, -2029, 18-1185, -1186, 2019 WL 343152 (Fed. Cir. Jan. 25, 2019) ......4

*McAirlaids, Inc. v. Kimberly-Clark Corp.*,
　No. 7:12-cv-00578 (W.D. Va. Feb. 6, 2014) ..................................................................1

*O'Rourke v. City of Providence*,
　235 F.3d 713 (1st Cir. 2001) ..........................................................................................3

**Statutes**

28 U.S.C. § 1920(4) ..........................................................................................................5, 7

**Other Authorities**

Fed. R. Civ. P. 54(d) ............................................................................................................1

## INTRODUCTION

The Bill of Costs sought by Core Wireless Licensing S.a.r.l. ("Core") is not ripe because Core is seeking taxation of costs associated with issues that are not yet final and in a case in which at least one of its infringement theories was recently rejected by the Federal Circuit. Due to the outstanding issues in this case and the potential for a significant impact on the judgment on appeal, Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. ("LG") respectfully request that the Court defer consideration of Core's Bill of Costs. However, if the Court determines that a deferral is not warranted, Core should not be permitted to recover several categories of costs it seeks. LG should not be required to pay costs of the February 2019 trial, which were incurred as a result of Core's failure to carry its burden of proof on damages in the September 2016 trial. Nor should LG be required to pay costs related to issues from the -911 action on which Core will not be the prevailing party, costs related to patents that were dropped from this case, and unreasonable and undifferentiated exemplification costs.

## ARGUMENT

### I. The Court Should Defer Consideration of Core's Bill of Costs.

The Court has the inherent power to control its own docket, including the power to stay proceedings. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). The Court also has discretion under Federal Rule of Civil Procedure 54(d) to defer ruling on a motion for fees or costs while an appeal on the merits is pending. Fed. R. Civ. P. 54(d) Committee Notes on 1993 Amendments. *See McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:12-cv-00578, at *8 (W.D. Va. Feb. 6, 2014); *Lasic v. Moreno*, No. 05-161, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007). The present circumstances warrant deferring or staying consideration of Core's Bill of Costs because there are significant issues to be resolved in post-trial motions and on appeal which may impact Core's status as a prevailing party potentially entitled to recover costs.

1

In August 2018, the Federal Circuit reversed a Northern District of California jury's finding that Apple's GSM-compliant iPhones infringed Core's '536 patent. *Core Wireless Licensing S.a.r.l. v. Apple Inc.*, 899 F.3d 1356, 1369-73 (Fed. Cir. 2018). Specifically, the Federal Circuit held on two separate grounds that the RATSCCH protocol in the GSM standard does not infringe claim 19 of the '536 patent, rejecting the infringement theory that Core offered through the same expert (Dr. Wesel) in both *Apple* and in this case. *Compare id.* at 1369 ("To prove infringement of the '536 patent, Core Wireless accused Apple's implementation of the Robust Adaptive Multi-Rate Traffic Synchronized Control Channel ('RATSCCH') protocol, which is part of the Global System for Mobile Communications ('GSM') standard.") *with* 2/25/19 P.M. Tr. (Wesel) at 147:14-15 ("The specific part of the . . . GSM standard that infringes the '536 patent is the RATSCCH signaling protocol."). The Federal Circuit's holding that Dr. Wesel's RATSCCH-based "theory of infringement is inadequate to support a judgment of infringement" of claim 19 of the '536 patent is likely to have a significant impact on the appeal of the same issue in this case. That Court will also review the jury's verdict as to the '850 patent, including issues of infringement, validity, and collateral estoppel (flowing from Core's unsuccessful standard-based assertion of the same patent against Apple's HSPA-capable iPhones in an earlier case). Additionally, the Federal Circuit will also review LG's argument that Core's failure of proof of damages in the 2016 trial entitled LG to judgment as a matter of law. The significant possibility that the appeal will impact the judgment on one or more of these issues warrants deferring consideration of Core's Bill of Costs.

In deferring consideration of Core's Motion for Entry of its Contested Bill of Costs in the -911 action, the Court noted that it had "already stayed this case pending appeal of the issues of infringement and invalidity" and that "[t]he result of such appeal . . . could moot Plaintiff's

Motion entirely."  (-911 Dkt. No. 656 at 1).  The same reasoning applies here.  The outcome of the appeal in the -912 case will determine the proper prevailing party and clarify which costs are recoverable.

## II.  Contested Items

In the event that the Court were to consider Core's Bill of Costs now, LG objects to Core's motion (Dkt. No. 132, "Mot.") on the following grounds.

### A.  LG Should Not Be Taxed with the Costs of the 2019 Retrial.

Following the September 2016 trial, the Court ordered a retrial on the issue of damages because Core had failed to carry its burden of proof on damages.  (-911 Dkt. No. 677 at 4-9.)  Now, Core seeks taxation of costs for items associated only with the February 2019 damages retrial.  These include the costs associated with depositions taken in 2018, copying and duplication costs, and witness fees from the February 2019 trial.  LG should not be required to pay costs incurred solely because of Core's own failure to meet its burden of proof in the September 2016 trial.  *Cf. Alexander v. City of Jackson Miss.*, 456 F. App'x 397, 401 (5th Cir. 2011) ("[W]here counsel's conduct causes, in whole or in part, the need for the district court to conduct a second trial, the fees and costs associated with that second trial cannot be recouped."); *O'Rourke v. City of Providence*, 235 F.3d 713, 737 (1st Cir. 2001) ("The question is who should pay for the mistake, in the sense of bearing the costs of attorneys' fees for two trials.  *Because the mistake was not caused by plaintiff*, there is no reason to deny fees.") (emphasis added).

### B.  Deposition Costs

#### 1.  Core's Costs for Witnesses that Overlap the -911 and -912 Actions Should Be Halved.

In a declaration attached to Core's earlier Motion for Entry of Its Contested Bill of Costs in the -911 action, Core acknowledged that it had "agreed to split costs of certain deposition

3

transcripts between [the -911] case and the related -912 case," and that it was seeking half of its allowable costs in the -911 case for each such item. (-911 Dkt. No. 649-1 ¶ 6.) Core now seeks taxation of the full costs of transcripts and reporter and videographer costs for depositions of many witnesses for whom they stated the costs would be split between the -911 and -912 cases. *See* Mot. at 4-6 & Ex. D.

Core will not be the prevailing party in the -911 action once the PTAB cancels the asserted claims in that action, which have already been found to be unpatentable in decisions affirmed by the Federal Circuit. *See LG Elecs. Inc. v. Conversant Wireless Licensing S.a.r.l.*, Nos. 17-2028, -2029, 18-1185, -1186, 2019 WL 343152, at *1, *7 (Fed. Cir. Jan. 25, 2019). Even if LG were required to pay costs for the -912 case, it should not be required to pay the full cost for transcripts that Core itself acknowledges were also used in the -911 case. Accordingly, any costs awarded in the -912 case associated with the following witness depositions (each of which were identified by Core as used in both cases) should be reduced by 50 percent: Jeon Hyong Ryu, Matthias Schneider, John Lindgren, Phil Shaer, Nima Ahmadvand, Jungsheek Juhn, Brad Johnson, Alan Kessler, Yasser Nafei, Richard Misiag, Thomas Vander Veen, Stephen Magee, and Eric Ley.

### 2. Core Should Not Recover Costs Associated with the Eleven Patents Dropped from the Case.

Core's September 2014 Complaint alleged infringement of 13 patents. (Dkt. No. 1.) Core eventually dropped all but the '536 and '850 patents from the case. At no point could Core have reasonably expected to go to trial on all 13 patents. Core's proposed Bill of Costs includes costs for depositions of witnesses associated only with patents that it dropped before the -912 trial. *See* Mot. at 4-6 & Ex. D. The Court should not require LG to bear the entire cost of Core's decision to file a lawsuit with an unmanageable number of asserted patents and claims, far in

4

excess of what Core reasonably could have asserted at trial. Accordingly, LG requests that the Court deny Core's costs associated with the following witnesses, none of whom provided evidence related to the patents asserted at trial: Kari Pehkonen, Jarkko Oskala, Mikko Korpela, Tuija Hurtta, Janne Parantainen, Aaron Striegel, and Michael Davies.

### C. Core's Costs for Exemplification and Copies Are Unreasonable.

For the reasons described in Section II.A, *supra*, Core should not be permitted to recover any of its exemplification or copying costs from the February 2019 trial. The Court should also reduce Core's requested exemplification costs associated with the September 2016 trial because the identified costs are either unreasonable or are not actually taxable.

In *Smartflash LLC et al v. Apple Inc.* (cited by Core, *see* Mot. 3), the Court held that certain demonstrative, graphics, and trial slide preparation costs were recoverable under 28 U.S.C. § 1920(4) where the expenses "were both necessary and reasonable." Civil Action No. 6:13-CV-00447-JRG, Dkt. No. 668 at 8. The graphics expenses that Core seeks to recover here are neither necessary nor reasonable. Core seeks $123,654.00 in total contested demonstrative, graphics, and slide costs, and claims to have "carefully selected and highlighted invoice charges by its trial graphics and personnel" to arrive at that total. Mot. at 7. Of this total, $46,603.50 are costs associated with the February 2019 trial and should not be borne by LG for the reasons explained above. As for the $77,050.50 in costs associated with the September 2016 trial, Core has not carried its burden to demonstrate that those costs were both necessary and reasonable. To the contrary, Core's own exhibits illustrate excessive or otherwise unrecoverable costs. Core's request to recover these costs should be denied or, at a minimum, substantially reduced.

For example, for the trial week of September 9-16, 2016, Core seeks to recover costs of $55,222.50 for 242.4 hours of time billed by two graphics consultants. *See* Mot. Ex. H at 6-7. The proposition that two consultants each worked an average of over 15 hours a day, for more

5

than a week, *exclusively* on the preparation of demonstrative slides, is unreasonable.  The requested fees are significantly higher than those that this Court has found reasonable and necessary in other patent cases involving trials of similar length.  *See, e.g.*, *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012) (finding that $95,000 for "graphics professional support" was excessive for a four-day patent trial and holding that "$32,000.00 in costs for a multimedia professional were reasonable and necessary for trial.").

The time entries also indicate that Core seeks to recover expenses beyond trial slide preparation.  Multiple entries refer generally to "war room" preparation.  *See* Mot. Ex. H.  While some entries specifically indicate that this "war room" work included graphics or slide preparation, at least three entries, totaling $10,586.00, simply refer to "on-site [trial] prep in war room" without reference to graphics, demonstratives, or slides.  *See id.* at 6 (09/10/2016 Erin Doyle; 09/10/2016 and 09/11/2016 Jason Wietholter).  Other entries that mention graphics or slide preparation also include other unidentified "on-site trial prep" work for which Core cannot recover, but Core seeks to recover the cost billed for the entire day.  *E.g.*, *id.* at 6 (09/09/2016 Erin Doyle).  With regard to at least the entries referring generally to "war room" or "trial" preparation, Core has not met its burden of providing an itemized list with sufficient specificity showing which charges in its invoices are clearly related to the actual preparation of graphics and exhibits.  *Cf. Duhn Oil Tool, Inc. v. Cameron Int'l Corp.*, No. 1:05-CV-01411-MLH-GSA, 2012 WL 4210104, at *6 (E.D. Cal. Sept. 19, 2012) (finding that prevailing party was not entitled to costs contained in invoice entries for "war room support" or "trial preparation").

Core's requested exemplification costs are also unreasonably excessive because they reflect the costs of preparing objectionable demonstratives that Core did not and could not use at trial.  For example, during the 2016 trial, Core served 110 proposed demonstratives for its expert

6

witness on the '850 patent, Dr. Charles Jackson.  (*See* -911 Dkt. No. 627, Ex. 2 ¶ 3.)  LG raised objections to 39 of these demonstratives, resulting in Core's revision of many of these slides.  (*See id.* ¶¶ 4-7.)  Core also prepared an unreasonably-large number of slides throughout the trial, many of which it never used—for example, it served LG with 144 proposed slides for a thirty-minute closing argument.  Even if some portion of Core's graphics costs were recoverable, LG should not be required to pay for the excessive costs Core seeks.  Objectionable slides, or slides that Core had no reasonable expectation of ever using, cannot have been "necessarily obtained for use in the case" as required under Section 1920(4).

Dated: April 4, 2019

Respectfully Submitted,

By: /s/ *Richard A. Cederoth*
Richard A. Cederoth
Nathaniel C. Love
**SIDLEY AUSTIN LLP**
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: rcederoth@sidley.com
Email: nlove@sidley.com

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, L.L.P.**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

J. Mark Mann (TX Bar # 12926150)
G. Blake Thompson (TX Bar # 24042033)
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540

7

Facsimile: (903) 657-6003
Email: Mark@TheMannFirm.com
Email: Blake@TheMannFirm.com

Sue Wang
**SIDLEY AUSTIN LLP**
555 California Street, Ste. 2000
San Francisco, CA 94101
Telephone: (415) 772-7418
Facsimile: 415/772-7400
Email: dlanderson@sidley.com
Email: sue.wang@sidley.com

Theodore W. Chandler
**SIDLEY AUSTIN LLP**
555 West Fifth Street, 40th Floor
Los Angeles, CA 90013
Telephone: (213) 896-5830
Facsimile: (213) 896-6600
Email: tchandler@sidley.com

Ryan C. Morris
Scott M. Border
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
202-736-8000
Fax: 202-736-8711
Email:  rmorris@sidley.com
Email: sborder@sidley.com

**ATTORNEYS FOR DEFENDANTS
LG ELECTRONICS AND
LG ELECTRONICS U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 4, 2019.

/s/ *Nathaniel C. Love*