# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | |
| Plaintiff, | Case No. 2:14-cv-912- JRG |
| v. | Jury Trial Demanded |
| **LG ELECTRONICS, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.** | |
| Defendants. | |

**CORE WIRELESS LICENSING S.A.R.L.'S REPLY IN SUPPORT OF ITS MOTION FOR COSTS**

**I.     INTRODUCTION**

In its Response, LG seeks, without any reasonable basis, to defer determination of Core's Motion for Costs. LG has asked the Federal Circuit to hold its pending appeal of this case in abeyance until after post-trial motions. LG's request to defer this Motion destroys the judicial efficiency of the Federal Circuit hearing all matters related to this case at the same time. Core's Motion should not be deferred.

LG contests various items as well. With a few exceptions, noted below, LG's arguments are baseless. Core's costs were reasonable and necessary and well-documented. Through the course of this case, Core limited issues by electing certain patents to present at trial. There also was a limited damages retrial on the complex issue of FRAND damages at issue in this case. Neither circumstance constitutes some sort of requisite misconduct by plaintiff or plaintiff's counsel. Thus, neither circumstance warrants limiting the taxable costs Core is presumptively entitled to by statute.

**II.    DELAYED DETERMINATION OF CORE'S MOTION FOR COSTS CREATES INEFFICIENCIES AND IS CONTRARY TO THE COURT'S EARLIER ORDERS.**

The Court should not defer consideration of Core's Motion for Costs. At LG's request, the Federal Circuit is holding appeal of this case, which has not yet been briefed, in abeyance until after the Court's orders on post-trial motions. Ex. 1 This request permits the efficiency of having all issues for this case briefed and presented to the Federal Circuit at the same time. Delaying addressing Core's costs destroys this efficiency. Indeed courts have recognized this, holding that costs should be adjudicated before appeal proceeds. *See, e.g., McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:12-cv-00578, 2014 WL 495748, at *8 (W.D. Va. Feb. 6, 2014)("I find that it is in the interest of judicial economy to resolve the motions regarding taxation of costs immediately, so that any appeal as to the award of costs may be consolidated with the appeal on the merits.")

LG argues that the Court should defer determining costs here because it did so in the -911 case. However there are stark differences between the cases defeating LG's argument. First, the

-911 case was already stayed pending a damages retrial and appeal when the Court denied Core's motion for costs. -911 Dkt. 656. Indeed, the Court explicitly gave permission to seek costs *after the damages retrial* ordered in that case. *Id*. Here, unlike in the -911 case, there is no stay and the damages retrial is completed. Indeed the Court has entered Final Judgment, ordering that Core is the prevailing party entitled to its costs. Dkt. 130.

Second, in the -911 case, all claims of both patents-in-suit were invalidated by the PTAB in a parallel IPR proceeding. The Court determined that such circumstance could "moot Plaintiff's motion entirely." -911 Dkt. 656. Here, LG raises circumstances that it believes increases its chances of prevailing on appeal, but only in regard to one of the two asserted patents. In any event, LG fails to establish or even argue that Core prevailing on one patent as opposed to two would somehow render it not the prevailing party. Indeed, Core would still be the prevailing party even if did not ultimately prevail on all of its claims. "A party does not need to prevail on all claims to qualify as the prevailing party." *SSL Servs., LLC v. Citrix Sys., Inc*., 769 F.3d 1073, 1086 (Fed. Cir. 2014).

LG's request to defer Core's motion is contrary to the law, judicial efficiency, and the orders of this Court.

### III. THE COURT SHOULD NOT DENY COSTS RELATED TO THE DAMAGES RETRIAL BECAUSE THERE WAS NO ALLEGED MISCONDUCT.

LG seeks denial of costs related to the damages retrial. The Court, however, after the damages retrial, ordered that Core Wireless was entitled to its costs, without reservation and with no exclusion of the retrial. Dkt. 130. Indeed, "[n]ormally the prevailing party at a second trial is awarded costs of both trials." *Meder v. Everest & Jennings, Inc*., 553 F. Supp. 149, 150 (D. Mo. 1982) (citing *Farmer v. Arabian American Oil Co*., 379 U.S. 227, 231-32 (1964)); *accord*. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2667 (3d ed. 1998). The Fifth Circuit has held that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial or reduction, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). *Pacheco* lists circumstances that other Circuits have considered

when deciding to decline costs to a prevailing party. The only possible basis to limit presumptively taxable costs relevant to LG's argument is "misconduct by the prevailing party." *Pacheco*, 448 F.3d at 794.

LG fails to allege any misconduct by Core. LG argues only that Core "failed to meet" its burden of proof in the first trial. LG does not and cannot demonstrate any "misconduct" or, as LG's cited cases require, "mistake" or wrongful "counsel's conduct." LG Resp. at 3. Therefore, Core's taxable costs should not be limited to exclude costs related to the damages retrial.

### IV.  CORE'S DEPOSITION COSTS RELATED TO PATENTS NOT PART OF ITS FINAL ELECTION FOR TRIAL WERE "REASONABLY NECESSARY" WHEN THE DEPOSITIONS WERE TAKEN

LG argues that Core's taxable costs should be limited to depositions related only to patents actually presented at trial. LG fails to cite any precedent to support its position. Indeed, the test for determining whether deposition costs are taxable requires ascertaining whether the depositions were "reasonably necessary in light of the facts ***known to counsel at the time it was taken***." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982) (emphasis added); *see also Stearns Airport Equip. Co., v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). Each deposition contested by LG on this ground was taken while the relevant patent was still at issue in the case. LG does not contend otherwise. LG's only contention is that, because Core's complaint included 13 patents, it could not have expected to address all patents at trial. LG does not identify any particular patent it believes Core was purportedly planning to never bring to trial. LG never filed a Rule 11 motion challenging the assertion of any of these 13 patents. LG's position seems to be that Core should have limited its complaint, ignoring LG's infringement of other patents, to limit costs during the litigation. LG offers no law or reasoning to support this position. Thus, LG has failed to rebut the strong presumption these taxable charges should be awarded to Core.

### V.  CORE AGREES TO HALVE CERTAIN COSTS RELATED TO DEPOSITIONS ALSO USED IN THE –911 CASE.

As requested by LG, Core agrees to halve its deposition costs for the following deponents: Jeon Hyong Ryu, Matthias Schneider, John Lindgren, Phil Shaer, Nima Ahmadvand,

Jungsheek Juhn, Brad Johnson, Alan Kessler, Yasser Nafei, Richard Misiag, Thomas Vander Veen, Stephen Magee, and Eric Ley. This reduces Core's taxable deposition costs from $85,295.60 to $68,209.18.

## VI. CORE'S DEMONSTRATIVE COSTS ARE REASONABLE AND WERE NECESSARY

Core's demonstrative costs are indeed "reasonable and necessary" because "[t]his Court requires parties to present their evidence at trial in a streamlined, orderly, and efficient manner." *Smartflash LLC et al v. Apple Inc.*, Case No. 6:13-cv-447-JRG (December 20, 2018); Order re: Costs, p. 9; E.D. Texas) (Dkt. 132, Ex. I.) LG complains that the hours worked during trial were unreasonably high, resulting in high amounts. But Core's $123,654.00 in costs over the two trials pales in comparison to the $471,000 in similar costs awarded in the comparable *Smartflash* case. Though that comparison in amounts is not dispositive of the issue, LG has fails to identify any valid reason why it believes Core's costs for demonstrative exhibit preparation are unreasonable or unnecessary.

LG also mischaracterizes task descriptions in Core's supporting billing entries as being unrelated to demonstrative preparation. LG specifically calls out purported "war room preparation," but that phrase that does not occur in any taxable charge. Mot. Ex. H. Core is seeking taxation of ***only highlighted charges*** in Exhibit H to its Motion. Core specifically excluded charges for setting up the war room, travel or other prep work performed by graphics personnel. In doing so, Core's costs are likely conservative, having excluded numerous charges that included demonstrative preparation time along with other tasks. *See, e.g.*, Mot. Ex. H at 6, excluding "09/08/2016 - Design Consulting / Erin Doyle: Travel to Marshall for trial prep / work on graphic modules for trial." Other charges do reference the "war room" because that is where the graphics personnel were working to prepare demonstrative graphics for trial. *See* Mot. Ex. H at 6: "09/13/2016 "Trial - Graphics Consulting (on site) / Eric Hanson: Prepare demonstratives; on-site graphics support and consulting ***in war room***." (emphasis added). Core's billing descriptions establish the taxable charges were in fact related to demonstrative preparation for trial.

- 4 -

To address the three individual cost entries LG calls out in its response, which do not specifically mention graphics preparation, in the interest of compromise Core will not seek taxation of the 9/10/16 and 9/11/16 entries for Mr. Wietholter because he had duties at times that did not involve preparation of trial demonstrative slides. Mot. Ex. H at 6. This reduces Core's taxable demonstrative costs from $123,654.00 to $116,107.50. Regarding Ms. Doyle's 9-10-16 entry, Ms. Doyle's responsibilities (unlike Mr. Wietholter) included *only* preparation of trial graphics. So Ms. Doyle's "on site trial prep" work on 9-10-16 was preparation of demonstratives.

Last, LG challenges Core's demonstratives as being excessive because they were "objectionable" and Core somehow "could not use [them] at trial." Resp. at 6. LG offers no particular example. It mentions generally the slide deck for Core infringement and validity expert Dr. Jackson, where LG contends it objected to 39 out of 110 slides, as well as Core's closing deck, which included 144 slides. *Id*. LG fails to establish that any of its objections had any merit. Indeed, the Court denied almost all of LG's excessive objections to Dr. Jackson's slides. *See* Dkt. 139 at 10-11. The closing deck also included numerous slides previously prepared and disclosed throughout trial, inflating LG's number. As no doubt the Court is aware, closing arguments are prepared on a short timeframe and refined until just before presentation to the jury. In this case that required disclosure of more slides than were actually used. Core's demonstrative preparation was reasonable and not "excessive," particularly for a patent trial dealing with two patents, invalidity arguments and complicated FRAND damages issues.

### III.  CONCLUSION

In the interest of compromise, Core will no longer seek taxation of certain costs, as described above. This reduces taxable deposition costs from $85,295.60 to $68,209.18 and reduces taxable exemplification charges related to demonstrative preparation from $123,654.00 to $116,107.50. The Court should otherwise GRANT Core's Motion for Costs in its entirety.

| | |
|---|---|
| Dated: April 11, 2019 | Respectfully submitted,<br><br>By: */s/ Reza Mirzaie*<br>Marc A. Fenster (CA SBN 181067)<br>Reza Mirzaie (CA SBN 246953)<br>Adam S. Hoffman (CA SBN 218740)<br>Neil A. Rubin (CA SBN 250761)<br>Jacob R. Buczko (CA SBN 269408)<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California 90025<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-6991<br>Email: mfenster@raklaw.com<br>Email: rmirzaie@raklaw.com<br>Email: ahoffman@raklaw.com<br>Email: nrubin@raklaw.com<br>Email: jbuczko@raklaw.com<br><br>S. Calvin Capshaw<br>State Bar No. 03783900<br>Elizabeth DeRieux<br>State Bar No. 05770585<br>CAPSHAW DERIEUX LLP<br>114 E. Commerce Ave.<br>Gladewater, Texas 75647<br>Mailing Address:<br>P.O. Box 3999<br>Longview, Texas 75606-3999<br>Tel. 903/236-9800<br>Fax 903/236-8787<br>Email: ccapshaw@capshawlaw.com<br>Email: ederieux@capshawlaw.com<br><br>**Attorneys for Plaintiff**<br>**Core Wireless Licensing S.A.R.L.** |

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically. I further certify that all counsel of record were served a complete and accurate copy of the document via email on this day.

Dated: April 11, 2019

                                              /s/ *Reza Mirzaie*