# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CORE WIRELESS LICENSING S.A.R.L., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:14-CV-00912-JRG |
| | § | |
| LG ELECTRONICS, INC., LG | § | |
| ELECTRONICS U.S.A., INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Attorneys' Fees and Expert Witness Fees ("the Motion") filed by Plaintiff Core Wireless Licensing S.a.r.l. ("Core Wireless"). (Dkt. No. 139). Having considered the Motion, the Court finds it should be and hereby is **DENIED**.

## I. BACKGROUND

### A. Procedural History

On September 26, 2014, Core Wireless filed suit against Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"), alleging infringement of several patents including U.S. Patent No. 6,633,536 ("the '536 Patent") and U.S. Patent No. 7,804,850 ("the '850 Patent") (collectively, the "Asserted Patents"). A jury trial commenced in this case on September 12, 2016. After five days in trial, the jury returned a unanimous verdict finding that the Asserted Patents were not invalid and that LG had infringed the same. (Case No. 2:14-cv-00911-JRG, Dkt. No. 593). The jury further found that LG's infringement of the Asserted Patents was willful. (*Id.*).

Following the 2016 jury trial, LG filed a Renewed Motion for Judgment as a Matter of Law, and for a New Trial with respect to damages. (Case No. 2:14-cv-00911-JRG, Dkt. No. 612). On September 27, 2018, the Court granted LG's motion and ordered a new trial on damages only.

(Case No. 2:14-cv-00911-JRG, Dkt. No. 677). Accordingly, a second jury trial commenced in this case on February 25, 2019, addressed solely to the topic of damages for the previously-found infringement of the Asserted Patents. On February 27, 2019, the jury returned a unanimous verdict finding that Core Wireless is owed $1,326,225.40 for the previously-found infringement of the '850 Patent and $2,169,486.40 for the previously-found infringement of the '536 Patent. (Dkt. No. 120).

Subsequently, the Court entered a Final Judgment in this case awarding Core Wireless its costs as the prevailing party and awarding damages which the Court enhanced by a factor of 20% based on the jury's finding of willfulness. (Dkt. No. 130). Core Wireless now requests an award of attorneys' fees under 35 U.S.C. § 285 and expert witness fees. (Dkt. No. 139).

## II. LEGAL STANDARD

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Federal Circuit has emphasized deference to "the judgment of trial judges who typically have intimate knowledge of the case," particularly with respect to matters that are difficult to glean from a cold record. *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 953 (Fed. Cir. 2010).

"[F]or example, . . . district courts [may] consider a nonexclusive list of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components

of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citation omitted). Additional "factors relevant to the inquiry include the closeness of the question, pre-filing investigation and discussions with the defendant, and litigation behavior." *Comput. Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1379 (Fed. Cir. 2008). "[E]vidence of the frivolity of the [party's] claims must be reasonably clear without requiring a 'mini-trial' on the merits for attorneys' fees purposes." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (citation omitted).

### III. DISCUSSION

#### A. The Parties' Contentions

Core Wireless argues that this case is exceptional and warrants an award of attorneys' fees based on LG's willful infringement, LG's conduct relating to the first trial, and LG's damages arguments presented in connection with both the first and second jury trials. Core Wireless contends that as part of the initial 2016 jury trial, LG improperly sought to disparage Core Wireless in front of the jury; sought to deflect attention during trial to unaccused products; and sought to confuse the jury with improper legal arguments relating to what Core Wireless characterizes as LG's "non-adoption," "no one has taken a license," and "practicing the prior art" defenses. (Dkt. No. 139 at 7–10). Core Wireless also points out that LG tried to present prior art outside of the references listed in its pretrial disclosures. (*Id.* at 10). Additionally, Core Wireless complains LG engaged in "vexatious and improper litigation strategies" by making numerous frivolous objections to Core Wireless's demonstrative slides. (*Id.*). Lastly, Core Wireless argues that LG's request for "zero damages" was "exceptionally meritless," and LG's failure to put forth an affirmative opinion on damages evidenced bad faith. (*Id.* at 11).

LG, on the other hand, argues that this is a "run-of-the-mill case." (Dkt. No. 149 at 1). LG contends it did nothing more than defend itself at trial. LG claims it did not advance a practicing the prior art defense or any other improper defense. LG also asserts that its trial invalidity theories were appropriately disclosed in its pretrial disclosures. (*Id.* at 9–12). Additionally, LG argues that its objections sought to prevent the introduction of unsupported and erroneous demonstrative slides and thus were not frivolous. (*Id.* at 11–12).

### B. This case is not exceptional, and Core Wireless is not entitled to attorneys' fees

This trial was not perfect. No trial is. However, the trials in this case, and the case itself are not exceptional. In this contentious case, the jury found LG liable for willful infringement and enhanced damages were awarded. (Dkt. No 47, 130). However, as this Court has stated before, an award of enhanced damages and a finding of willfulness does not necessarily make a case exceptional. *Whirlpool Corp. v. TST Water, LLC*, No. 2:15-CV-01528-JRG, 2018 WL 1536874, at *11 (E.D. Tex. Mar. 29, 2018), appeal dismissed, No. 2018-1789, 2018 WL 5276285 (Fed. Cir. Oct. 22, 2018). While willful infringement and exceptional case status sometimes involve common facts, it is wrong to equate the two. Each requires a separate and distinct determination, exercised by the jury in one instance and by the Court in the remaining instance.

Exceptionality is a high bar. *Nantkwest, Inc. v. Iancu*, 898 F.3d 1177, 1182 (Fed. Cir. 2018), cert. granted, 139 S. Ct. 1292, 203 L. Ed. 2d 413 (2019), and aff'd sub nom. *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 205 L. Ed. 2d 304 (2019) (stating the American rule is a high bar to displace). As demonstrated by the Federal Circuit's review of conduct in exceptional cases in *SFA Sys., LLC. V. Newegg Inc.*, exceptional conduct can include: destroying relevant documents and lodging incomplete and misleading extrinsic evidence; bringing a pattern of lawsuits in bad faith to extract nuisance value settlements; misrepresenting the law of claim construction and the Court's

construction to the jury; and giving patently false testimony to extend valueless cases as long as possible. 793 F.3d 1344, 1350–52 (Fed. Cir. 2015). Exceptionality is not cabined by these case illustrations, but these illustrations do shed light on the exceptionality standard, and leave the Court with the firm conviction that LG's conduct is not enough to make this case exceptional. Nonetheless, the Federal Circuit has held that it is incumbent upon a district court to "explain why" a case "is not [] exceptional" in light of a jury's "express finding of willful infringement." *S.C. Johnson v. Carter Wallace, Inc.* 781 F.2d 198, 201 (Fed. Cir. 1986). The Court does so in the discussion below.

### 1. A finding of willfulness does not make this case exceptional.

This case is not exceptional because, despite the jury's finding of willfulness, LG's litigating position was not so meritless as to stand out from the norm. *Id*. at 1348. Like many litigants before this Court, LG and Core Wireless participated in negotiations prior to the filing of this lawsuit. (Dkt. No. 139 at 1). Core Wireless presented LG with claim charts and both parties considered the option of a license. (*Id.*; Dkt. No. 149 at 3). Ultimately, LG believed that either it did not infringe the Asserted Patents or that the Asserted Patents were invalid. (Dkt. No. 149 at 3). Accordingly, LG determined there was no need to license the Asserted Patents. LG further learned none of their contemporaries had determined that a license was necessary.[1] (*Id.* at 3–4). It is not uncommon for claim charts to be reviewed by an accused infringer before the filing of a lawsuit. This is done almost as a matter of course. LG's refusal to license the technology after reviewing the claim charts, although enough for the jury's willfulness finding,

---

[1] The Court notes with disapproval that prior to suit, and after seven meetings where LG and Core Wireless negotiated over the possibility of granting a license to the Asserted Patents, LG invited Core Wireless to fly to South Korea for a final round of talks. (Dkt. No. 47 at 2–3). With Core Wireless representatives in South Korea for such meeting, LG summarily rejected Core Wireless in a terse, single-page written presentation. (*Id.*). Why this was not handled so as to avoid such long and costly travel has never been explained. Although LG's negotiation tactics are not on trial, LG could have and should have been more considerate of Core Wireless and its counsel without making Core Wireless needlessly fly to South Korea.

does not *ipso facto* make this case exceptional under § 285. If a party receives claim charts that purport to show infringement, it is free to disagree in good faith—even if its manner of conveying that disagreement is done poorly.

**2. Core Wireless's additional arguments are insufficient to support an award of attorneys' fees.**

As a basis for an award of attorneys' fees under § 285, Core Wireless also identifies: (1) LG's request for "zero damages;" (2) LG's various defenses at trial; and (3) LG's objections during trial. (Dkt. No. 139 at 6–11). The Court rejects these arguments and finds that they do not support a determination of exceptionality.

First, Core Wireless complains LG's failure to argue a specific amount of damages to the jury renders this case exceptional. (*Id.* at 11–13). Core Wireless maintains that it was indisputably entitled to a reasonable royalty, and that LG's failure to identify any damages number indicates bad faith and intent to confuse the jury. (*Id.*). The Court disagrees with Core Wireless's characterization of LG's trial defense. LG asserted that Core Wireless had failed to meet its burden on damages such that "zero damages" was the only result supported by the evidence. (Dkt. No. 149 at 12–13). In the context of this case, such an argument was nothing more than requiring Core Wireless to meet its burden of proof. The burden of proving an amount of damages fell squarely on Core Wireless—and indeed, the Court found that Core Wireless failed to meet that burden during the first trial. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009); (Case No. 2:14-cv-911-JRG, Dkt. No. 677). LG was not required to identify a specific damages amount and was entitled to assert that Core Wireless had to prove its own damages. Accordingly, LG's assertion that Core Wireless failed to meet its burden on damages and its election not to put on an affirmative damages case is no basis for awarding attorneys' fees under § 285.

Second, Core Wireless objects to various arguments made by LG at trial, including what Core Wireless characterizes as LG's "non-adoption defense" and LG's "no one has taken a license defense." (Dkt. No. 139 at 8–9). Again, the Court disagrees with Core Wireless's characterization of LG's positions at trial. Whether the Asserted Patents practiced the standards at issue in this case was relevant to infringement. After the Court cautioned LG not to characterize a patent's failure to be adopted by a standard as a failure to prove infringement, LG immediately complied with the Court's guidance. (Dkt. No. 139-3 at 536:8–539:12). Similarly, LG's arguments regarding prior art and licenses were not wholly improper, and LG heeded the Court's instruction, when given, against such arguments. Although LG's defenses may have been misplaced, LG did not intentionally trespass Court orders, present false testimony, or destroy documents like the cases reviewed and deemed to be exceptional by the Federal Circuit. *SFA Sys.*, 793 F.3d at 1350–52.

Lastly, Core Wireless asserts that LG's numerous objections to Core Wireless's demonstrative slides were "vexatious and improper" because many of the objections were denied or withdrawn. (Dkt. No. 139 at 10). The Court once again disagrees with Core Wireless's characterization of LG's conduct. LG withdrew many of its objections after Core Wireless agreed to correct the numerous citations in the demonstrative slides that could not be found in the expert report. (Case No. 2:14-cv-911-JRG, Dkt. No. 627-2). These objections were entirely appropriate. The Court even granted several of LG's other objections. (*Id.*) Although LG's objections were numerous, this should not be held against LG if the objectionable material was numerous as well. Neither LG, nor any litigant, is required to prevail on every objection to avoid being characterized as a proponent of "vexatious and improper" litigation conduct. Though there were irregularities in this case, as there are in every case, LG's actions were not intentional, targeted, or malicious.

\* \* \*

As confirmed by the Supreme Court in *Octane Fitness*, the standard for an exceptional case should not be so high as to make § 285 superfluous, but neither should it be so low as to eviscerate the longstanding "American rule" against fee-shifting. 572 U.S. at 557. What constitutes an exceptional case should not become part and parcel of losing a hard-fought and contentious trial. *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017). Attorneys' fees should not be awarded because a party made unsuccessful arguments, or because the case was contentious. *Whirlpool*, 2018 WL 1536874, at *11. In one sense, the Court exists to resolve disputes, not agreements. However, that reality is not what makes a case exceptional. In this case, while LG was not without sin, the Court sees no justification for Core Wireless to throw the first stone of exceptionality. Ultimately, in light of the totality of the circumstances, which this Court observed first-hand from within the arena of the two jury trials described, the Court concludes that this case is not exceptional, and attorneys' fees are not warranted under § 285.

### C. Expert Witness Fees

A district court has discretion to "impose sanctions in the form of reasonable expert fees in excess of what is provided for by statute." *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008). The Court does not find that LG's conduct in this case, as discussed above, rises to a level that would merit imposing a sanction by way of awarding expert witness fees. Accordingly, the Court declines to award expert witness fees in this case.

## IV. CONCLUSION

The Court finds that this case is not exceptional, and that an award attorneys' fees under 35 U.S.C. § 285 is not warranted. Likewise, the Court does not find that LG's conduct warrants the sanction of awarding expert witness fees. Therefore, Core Wireless's Motion for Attorneys' Fees and Expert Witness Fees is hereby **DENIED**.

**So ORDERED and SIGNED this 26th day of March, 2020.**

                                                  RODNEY GILSTRAP
                                                  UNITED STATES DISTRICT JUDGE