IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORE WIRELESS LICENSING S.A.R.L., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:14-CV-00912-JRG |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., | § § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Core Wireless Licensing, S.a.r.l.'s ("Core Wireless") Motion for Entry of Its [Contested] Bill of Costs ("the Motion"). (Dkt. No. 132). Having considered the Motion, the Court finds it should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.    BACKGROUND

On September 26, 2014, Core Wireless filed suit against Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"), alleging infringement of several patents. It proceeded to trial asserting U.S. Patent No. 6,633,536 ("the '536 Patent") and U.S. Patent No. 7,804,850 ("the '850 Patent") (collectively, the "Asserted Patents"). A jury trial commenced in this case on September 12, 2016. After five days in trial, the jury returned a unanimous verdict finding that the Asserted Patents were not invalid and that LG had infringed the same. (Case No. 2:14-cv-00911-JRG, Dkt. No. 593). The jury further found that LG's infringement of the Asserted Patents was willful. (*Id.*).

Following the 2016 jury trial, LG filed a Renewed Motion for Judgment as a Matter of Law, and for a New Trial with respect to damages. (Case No. 2:14-cv-00911-JRG, Dkt. No. 612). On September 27, 2018, the Court granted LG's motion and ordered a new trial on damages only.

(Case No. 2:14-cv-00911-JRG, Dkt. No. 677). Accordingly, a second jury trial commenced in this case on February 25, 2019, addressed solely to the topic of damages stemming from the previously-established infringement of the '850 Patent and the '536 Patent ("the Damages Retrial"). On February 27, 2019, the jury returned a unanimous verdict finding that Core Wireless was owed $1,326,225.40 for the infringement of the '850 Patent and $2,169,486.40 for the infringement of the '536 Patent. (Dkt. No. 120).

Subsequently, the Court entered a Final Judgment in this case awarding Core Wireless its costs as the prevailing party and awarding enhanced damages of 20%. (Dkt. No. 130). Core Wireless then filed the current Motion requesting entry of its contested bill of costs. (Dkt. No. 132).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) affords courts discretion in awarding costs to prevailing parties. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). In turn, 28 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d) to include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1325

(Fed. Cir. 2013). A district court is permitted to decline to award costs listed in the statute but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).

Upon determining the "prevailing party" within the meaning of Rule 54(d)(1), courts must then determine how much, if any, costs should be awarded to the prevailing party. *Marx v. General Revenue Corp.*, 568 U.S. 371, 375 (2013). The issue of costs raises a procedural issue not unique to patent law, and therefore is governed by regional circuit law. *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1364 (Fed. Cir. 2011). The Fifth Circuit has noted that a district court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006). Indeed, there is a "strong presumption" that the prevailing party will be awarded costs, and a denial is "in the nature of a penalty." *Id.* (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

### III. DISCUSSION

The Parties do not dispute that Core Wireless is the prevailing party. Accordingly, the Court's analysis focuses solely on whether the Court should award Core Wireless its full costs. *See Marx*, 568 U.S. at 375. First, LG argues that the Court should defer consideration of Core Wireless's costs. (Dkt. No. 136 at 1–2). Second, LG argues it should not bear the costs associated with the Damages Retrial. (*Id.* at 3). Third, LG argues that if considered, the Court should reduce Core Wireless's request for costs because (1) Core Wireless should not recover costs associated with the 11 patents dropped from the case before the September 2016 trial; and (2) Core Wireless's demonstrative and exemplification costs are unreasonable and should not be recovered. (*Id.* at 4–7).

**A. The Court will not Defer Consideration of Core Wireless's Bill of Costs.**

LG argues that this Court should defer consideration of Core Wireless's costs because an appeal on the merits is pending which could impact Core Wireless's status as the prevailing party. This case has been ongoing since 2014. It is long overdue for closure. This Court will not defer ruling on an issue ripe for determination based on speculation that an appellate court may—at some point in the future—make a decision which could affect the present outcome. Furthermore, adjudicating costs at this juncture promotes judicial efficiency and allows for fulsome appellate review at such time as it may be appropriate. The Court also finds that the costs determination should not be deferred in light of companion Case No. 2:14-cv-911-JRG-RSP ("the -911 case"). In that case, the Court deferred a determination on costs pending a damages retrial and an appeal where all claims of the patents-in-suit were invalidated in a parallel IPR proceeding. Such is not the case here.

**B. LG Should not Bear the Costs of the Damages Retrial.**

LG argues that it should not bear the costs associated with the Damages Retrial because the costs were incurred due to Core Wireless's failure to properly establish its damages at the first trial. (*Id.* at 3). Core Wireless argues that, as the prevailing party, it is entitled to costs for the Damages Retrial, absent proof it engaged in "misconduct." (Dkt. No. 143 at 3).

"[W]here counsel's conduct causes, in whole or in part, the need for the district court to conduct a second trial, the fees and costs associated with that second trial cannot be recouped." *Alexander v. City of Jackson Miss.*, 456 F. App'x 397, 401 (5th Cir. 2011). Additionally, the Supreme Court has noted, costs are denied to the prevailing party "when there would be an element of injustice in a cost award." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355 n. 14 (1981). The Court finds this case as such an instance.

In this case, the costs associated with the second trial should not be recouped by Core Wireless because the Damages Retrial was necessitated by Core Wireless's own failure to properly establish its damages in the first trial. *See City of Jackson Miss.*, 456 F. App'x at 401. Moreover, to require LG to pay for the costs of the Damages Retrial would be an injustice in essence penalizing LG for holding Core Wireless to the requirements of the law. *See Delta Air Lines*, 450 U.S. at 355 n. 14.

To the extent this denial of costs could be interpreted as a penalty to Core Wireless, it is. *See Pacheco*, 448 F.3d at 793–94. Renewed Judgments as a Matter of Law are rarely granted, and Core Wireless's failure to properly establish its damages in the first instance required the Court and LG to expend significant amounts of time and resources. Core Wireless, even as the prevailing party, should not be rewarded for such effects. Additionally, it is proper to bar recovery of these costs to ensure future parties do not capitulate even in the wake of flawed or insufficient evidence for fear of increasing their potential costs. *See id.* These costs must be borne by one of the parties and the ends of justice dictate that, in this case, they be borne by Core Wireless. Accordingly, the Court finds that Core Wireless is not entitled to recover costs associated with the Damages Retrial.

**C. The Disputed Deposition Costs Are Taxable.**

LG argues that Core Wireless's taxable costs should be limited to depositions related only to the patents actually presented at trial. Core Wireless asserted 13 patents in its complaint, but eventually dropped 11 of the patents before trial. Core Wireless contends that it is entitled to all costs associated with the depositions in this case because the depositions were "reasonably necessary in light of the facts known to counsel at the time [they were] taken." (Dkt. No. 143 at 3 (citing *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982)).

The Court is persuaded that Core Wireless should be awarded costs associated with

5

depositions in this case, including those associated with the 11 patents not asserted at trial. Costs related to the taking of depositions are allowed under 28 U.S.C. § 1920(2) and (4) "if the materials were necessarily obtained for use in the case." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010) (quoting *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir.1999)). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Id.* (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir.1991)). A deposition is necessarily obtained for use in the case "[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial preparation." *Id.*

The Court finds that at the time the depositions relating to the 11 unasserted patents were taken, they were reasonably expected to be used for trial preparation. *See id.* Each deposition pertaining to the 11 unasserted patents was taken while the relevant patents were still at issue in this case. (Dkt. No. 143 at 3). The Court is not persuaded that Core Wireless should have dropped the 11 unasserted patents earlier nor that it should have abstained from bringing patent infringement allegations regarding these patents altogether. (*See* Dkt. No. 136 at 4–5). It was not unreasonable for Core Wireless to bring allegations of infringement of the patents it believed were infringed, even if through the discovery process it later determined they should be dropped. Plaintiffs—like Core Wireless—should not be forced to refrain from bringing rightful claims of patent infringement for fear of being labelled "overburdensome" and "unreasonable." Invariably, the number of patents asserted at the beginning of a case is larger than the number that remain asserted at trial. This is a natural result of a productive period of discovery which—if used correctly—should clarify which patents should be asserted at trial. Original allegations of patent infringement are often based on undeveloped information. As more details come to light

6

throughout discovery, the parties aptly and often are able to discover which specific patents may be infringed and which patents should be left unasserted.

This is what happened in this case. After a period of discovery, Core Wireless focused on the Asserted Patents. The fact that discovery was required to take place before this election could be made is not a reason to prevent Core Wireless from recovering statutorily authorized costs associated with the unasserted patents. Accordingly, the Court awards Core Wireless its costs associated with all depositions in this case. Certain deposition costs have been mutually agreed by the parties to be split equally between this case and Case No. 2:14-cv-911-JRG. Based on such agreement, the costs associated with the depositions of Jeon Hyong Ryu, Matthias Schneider, John Lindgren, Phil Shaer, Nima Ahmadvand, Jungsheek Juhn, Brad Johnson, Alan Kessler, Yasser Nafei, Richard Misiag, Thomas Vander Veen, Stephen Magee, and Eric Ley should be and are reduced by 50%.

**D. The Disputed Graphics and Exemplification Costs are Taxable.**

Core Wireless and LG dispute whether Core Wireless's graphics and exemplification expenses are "reasonable and necessary" and thus taxable. (Dkt. No. 143 at 3). LG argues that Core Wireless's graphics consultants worked an unreasonably high number of hours, resulting in inflated costs that are not necessary or reasonable. (Dkt. No. 136 at 5–6). LG also objects to the costs associated with Core Wireless's "excessive" number of closing argument slides and Core Wireless's demonstrative slides it claims were "objectionable." (Dkt. No. 136 at 6–7). LG argues that the "objectionable" slides, or slides that Core Wireless "had no reasonable expectation of ever using" cannot have been "necessarily obtained for use in the case." (Dkt. No. 136 at 7). Core Wireless argues that its demonstrative costs are reasonable and necessary because "[t]his Court requires parties to present their evidence at trial in a streamlined, orderly, and efficient manner,"

which takes time. (Dkt. No. 143 at 4); *Smartflash LLC et al, Apple, Inc.*, Case No. 6:13-cv-477-JRG, Dkt. No. 668 at 9 (December 20, 2018). Core Wireless also responds that the closing argument slides included numerous slides that had been prepared and disclosed throughout trial, and that it is not unreasonable to prepare more slides than were actually used during closing arguments, particularly for a complex patent trial. (Dkt. No. 143 at 5).

The Court is persuaded that Core Wireless's graphics and exemplification costs were necessary and reasonable. Core Wireless's graphics and exemplification costs for the trial week of September 9–16, 2016 of $55,222.50 are not unreasonable in light of the complex issues presented in this case that concerned multiple patents.[1] Furthermore, although LG may have objected to some of Core Wireless's demonstrative slides, those slides are not objectionable to the extent that Core Wireless should not recover the costs it is entitled to as the prevailing party. Lastly, the fact that Core Wireless prepared more slides than it used for closing arguments in no way affects whether those costs are taxable. No party is required to be clairvoyant for its costs to be necessary and reasonable. *Smartflash*, Case No. 6:13-cv-477-JRG, Dkt. No. 668 at 8–9. Accordingly, and in light of the Court's ruling on costs associated with the Damages Retrial, the Court finds that Core Wireless is entitled its exemplification and graphics support costs for the September 2016 trial.

**E. Core Wireless should be awarded the Agreed Taxable Costs.**

After meeting and conferring, the parties agree certain taxable costs for the September 2016 trial are not in dispute. (Dkt. No. 132 at 3). Accordingly, the Court awards Core Wireless the

---

[1] Although there is no absolute numerical scale of what is or is not reasonable when determining costs, LG's argument that Core Wireless is asking for significantly more than what this Court previously found to be reasonable is misplaced. (Dkt. No. 136 at 6). If this Court has previously found that $32,000.00 in graphics professional support costs were reasonable and necessary for a four-day trial, based on linear extrapolation, approximately $64,000.00 in graphics professional support should be within the realm of reasonableness for eight days of trial work. *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012). Here, according to LG's calculations, Core Wireless only asks for $55,222.00 for graphics professional support for eight days (September 9-16, 2016) which is significantly less than what, by comparison, this Court has previously found to be a reasonable and necessary amount of costs for graphics professional support.

following uncontested costs associated with the September 2016 trial: (1) daily trial transcript costs; (2) pretrial conference transcript costs; (3) fees for witnesses and (4) filing fees.

## IV. CONCLUSION

Accordingly, the Court finds Core Wireless's Motion for Entry of [Contested] Bill of Costs should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART** as specifically set forth herein. (Dkt. No. 132). Core Wireless previously submitted a Bill of Costs including costs from both the September 2016 trial and the Damages Retrial. Core Wireless is **ORDERED** to submit an updated bill of costs consistent with this Memorandum Opinion and Order including the taxable costs associated with the September 2016 trial, but not the Damages Retrial, and in accordance with the directives set forth herein.

**So ORDERED and SIGNED this 1st day of April, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE